UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60022-LEIBOWITZ/AUGUSTIN-BIRCH

WARREN MOSLER,

    Plaintiff,

v.

JAMES TODD WAGNER,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTIONS FOR SANCTIONS AND FOR LEAVE TO FILE A SUR-REPLY

This matter comes before the Court on Plaintiff Warren B. Mosler's Motion for Protective Order, which is briefed at docket entries 25, 31, and 33. The matter also comes before the Court on Defendant James Todd Wagner's Expedited Motion for Sanctions and Expedited Motion for Leave to File a Sur-Reply. DE 39; DE 40.

The Court held an in-person hearing on Plaintiff's Motion for Protective Order on May 22, 2025, and also addressed Defendant's Expedited Motions during the hearing. Per the discussions the Court had with the parties during the hearing and the rulings the Court made on the record, Plaintiff's Motion for Protective Order [DE 25] is **GRANTED IN PART AND DENIED IN PART** as follows.

Plaintiff's deposition must be taken on **June 10, 2025**, and must take place within Broward County, Florida. By **May 30, 2025**, Defendant must serve on Plaintiff's counsel a renewed notice of deposition that provides the time and location of the deposition. Absent an alternative, mutual agreement between the parties, Defendant is responsible for arranging the deposition to be recorded and is responsible for the costs of recording.

Plaintiff must serve responses to Defendant's requests for production of documents [DE 25-1 at 2–6] by **June 9, 2025**.  During the hearing, the Court discussed with Defendant that Plaintiff's responses may contain objections such that Defendant may not have received any documents by Plaintiff's June 10 deposition.  The Court also discussed with Defendant that the pleadings have not closed given the pendency of a motion to dismiss, that the claims and defenses in this case may change, that Plaintiff's deposition could be scheduled nearer to the close of discovery, and that Defendant may depose Plaintiff only once.  Defendant stated that he understood and that he nevertheless wishes to go forward with Plaintiff's deposition on June 10.

The parties must confer concerning the contents of a confidentiality order by **May 27, 2025**.  If the parties reach a complete agreement on the contents of a confidentiality order, by **May 30, 2025**, they must file a joint notice stating a such and must attach the agreed-upon proposed confidentiality order to the joint notice.  If the parties do not reach a complete agreement on the contents of a confidentiality order, by **May 30, 2025**, each party must file a supplemental brief of no more than three pages providing the party's position on any remaining disputes about the contents and must attach the party's proposed confidentiality order to the supplemental brief.

Plaintiff's request for a protective order is denied.  During the hearing, Plaintiff explained that his request for a protective order is largely moot given the discussions and rulings on other matters.  To the extent Plaintiff seeks to have the Court available during the June 10 deposition to issue immediate rulings on any objections or disputes that arise during the deposition, that request is denied.  Objections during the deposition should be preserved by following Federal Rule of Civil Procedure 30(c)(2).  Discovery disputes must be brought before the Court by following the Order Setting Discovery Procedures.  DE 21.  To the extent Plaintiff seeks to have any discovery stayed pending a ruling on the motion to dismiss, that request is denied.

During the hearing, the Court reviewed with the parties several requirements of the Federal Rules of Civil Procedure, the Southern District of Florida Local Rules, and the Order Setting Discovery Procedures. In particular, the Court reviewed the requirement in Local Rule 7.1(a)(2) and the Order Setting Discovery Procedures of conferral prior to filing most motions. For this case, all conferral between the parties must be by telephone or video conference and may not be by email. Failure to comply with any Rule or Order may result in sanctions.

Defendant's Expedited Motion for Sanctions [DE 39] is **DENIED**. This Motion does not include a conferral certification as required under Local Rule 7.1(a)(2) and the Order Setting Discovery Procedures. Further, the deposition that is the subject of the Motion is being rescheduled per this Order. No sanctions are warranted for the deposition not going forward on May 16, 2025.

Defendant's Expedited Motion for Leave to File a Sur-Reply [DE 40] is **DENIED**. This Motion also does not include a conferral certification as required under Local Rule 7.1(a)(2) and the Order Setting Discovery Procedures. In addition, the Court will not permit the filing of sur-replies for discovery motions in this case. Any request to file a sur-reply for a discovery motion will be summarily denied, and any sur-reply that is filed for a discovery motion will be stricken. If a party has additional argument following the filing of a discovery motion, a response, and any reply, the party may bring that argument to the Court's attention during the hearing on the motion.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 27th day of May, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE