UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH

WARREN MOSLER,

    *Plaintiff*,

v.

JAMES TODD WAGNER,

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Warren Mosler's ("Plaintiff") Motion to Dismiss Defendant's Counterclaim for Civil Theft (the "Motion") [ECF No. 15], filed on April 14, 2025. *Pro se* Defendant James Todd Wagner ("Defendant") responded in opposition (the "Response") [ECF No. 22], and Plaintiff replied in support of the Motion (the "Reply") [ECF No. 23]. For the reasons stated below, the Motion [ECF No. 15] is **GRANTED**.

### I.    BACKGROUND

On March 24, 2025, Defendant filed a counterclaim for civil theft (the "Counterclaim") in this action against Plaintiff. [ECF No. 13 at 15]. Defendant's civil theft allegations arise from a state court lawsuit in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida between the parties in this action (the "State Court Lawsuit"). [*See generally id.*]. During the State Court Lawsuit, a jury awarded Defendant $850,000 in damages. [*Id.* at 19]. Judge Luis Delgado—the trial judge in the State Court Lawsuit—reversed this award, entered final judgment against Defendant, and directed that Defendant was to receive $0 of the $850,000 jury award. [*Id.* at 21]. Defendant claims that Plaintiff bribed Judge Delgado to strip away Defendant's verdict. [*Id.* at 19]. Defendant alleges that Judge

1

Delgado's finding that there was "no evidence nor possible inference in a light most favorable" to Defendant to support the jury's award of damages was a "fake justification" to illegally strip away the verdict. [*Id.* at 19–20 (emphases removed)]. Defendant identifies this lost jury verdict of $850,000 as the vehicle for his Counterclaim. [*Id.* at 20–21].

## II. LEGAL STANDARD

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014) (cleaned up). A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This means that in order to survive a motion to dismiss, parties must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

When reviewing a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as a general rule, a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual

2

allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

The Court notes that *pro se* plaintiffs are generally held to a more liberal standard of pleading under the Federal Rules. The Court has a duty to "liberally construe a pro se litigant's assertions[.]" *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (cleaned up). "Nevertheless, even *pro se* litigants must meet certain minimal standards of pleading." *St. John v. United States*, 54 F. Supp. 2d 1322, 1323 (S.D. Fla. 1999). "The Court is not required to abrogate the basic pleading essentials or conjure up unpled allegations simply because a plaintiff is proceeding *pro se*." *Button v. McCawley*, No. 24-cv-60911, 2025 WL 50431, at *4 (S.D. Fla. Jan. 8, 2025) (cleaned up).

Through this lens, the Court considers the Motion.

### III. DISCUSSION

Plaintiff argues that Defendant's Counterclaim must be dismissed for failure to state a claim because a jury verdict cannot form the basis for a civil theft claim. [*See* ECF No. 15]. The Court agrees with Plaintiff that the Counterclaim must be dismissed on that basis, and alternatively under the *Rooker-Feldman* doctrine.

#### A. Failure to State a Claim

Under Florida Law, a plaintiff alleging civil theft must prove a violation of Florida's criminal theft statute. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). Civil theft requires proof that a defendant

> (1) knowingly (2) obtained or used, or endeavored to obtain or use, [Plaintiff's] property with (3) 'felonious intent' (4) either temporarily or permanently to (a) deprive [Plaintiff] of its right to or a benefit from the property or (b) appropriate the property to [Defendant's] own use or to the use of any person not entitled to the property.

3

*Id.* (citing Fla. Stat. §§ 772.11 (providing civil remedy for theft or exploitation), 812.014(1) (criminal theft statute)). To succeed, "the claimant must prove the statutory elements of theft, as well as criminal intent." *Gersh v. Cofman*, 769 So. 2d 407, 409 (Fla. 4th DCA 2000). To prove criminal or felonious intent, a "defendant must have the specific intent to commit the theft at the time of, or prior to, the commission of the act of taking." *Leggett v. State*, 237 So. 3d 1144, 1146 (Fla. 3d DCA 2018). Furthermore, a party's "failure to allege[] criminal intent is fatal to their cause of action for civil theft," regardless of whether criminal intent is claimed explicitly or implicitly from provided facts. *Moynet v. Courtois*, 8 So. 3d 377, 380 (Fla. 3d DCA 2009), *overruled on other grounds*, *Bank of N.Y. Mellon v. Condo. Ass'n of La Mer Estates, Inc.*, 175 So. 3d 282 (Fla. 2015); *Infante v. Vantage Plus Corp.*, 27 So. 3d 678, 680–81 (Fla. 3d DCA 2009).

Plaintiff's civil theft claim fails because Defendant did not have a property right to the jury verdict of $850,000 in damages he was awarded before final judgment was entered against him in the State Court Lawsuit. Under Florida law, it is essential that the victim have "a legally recognized property interest in the items stolen." *Balcor Prop. Mgmt., Inc. v. Ahronovitz*, 634 So. 2d 277, 279 (Fla. 4th DCA 1994). The Court has not identified any case law to support the proposition that one possesses a property right to a jury verdict prior to the entry of a final judgment.[1] Instead, as the Florida Supreme Court has stated, it is "[f]inal judgments or orders [that] 'determine the rights and liabilities of all parties with reference to the matters in controversy and leave nothing of a judicial character to be done.'" *McGurn v. Scott*, 596 So. 2d 1042, 1043 (Fla. 1992) (quoting *Gore v. Hansen*, 59 So. 2d 538, 539 (Fla. 1952)). Therefore, because final judgments or orders create property rights and

---

[1] *Cf. Brunswick Corp. v. McNabola*, No. 16 CV 11414, 2018 WL 1726418, at *4 (N.D. Ill. Apr. 10, 2018) ("[Plaintiff] reasons that a jury verdict is a judgment, and a judgment is a protected property interest. This is incorrect. A final judgment—one that is no longer subject to review or modification—is a property interest protectable by due process. But a jury verdict is not. A jury's verdict is the basis upon which a judgment may be entered. It is not a judgment, and it is certainly not a judgment that is no longer subject to review or modification.") (internal citations and footnote omitted)).

not jury verdicts, Defendant did not have a property interest in the $850,000 jury verdict that, consequently, could not have been stolen by Plaintiff.

In the Response, Defendant attempts to clarify that the property that was stolen from him was not the jury verdict in the State Court Lawsuit, but rather the constitutional right to a fair trial as well as the "Work-In-Progress"—his investment in the State Court Lawsuit. [ECF No. 22 at 4–5, 16]. But without addressing the merits of his argument, it is not permissible to alter the basis of one's argument in a response. *PNC Bank, Nat'l Ass'n v. Fresh Diet, Inc.*, No. 17-cv-21027, 2018 WL 3412871, at *4 (S.D. Fla. Mar. 22, 2018) ("[A party] cannot, however, amend their pleading by raising a new argument for the first time in their Response.") (first citing *Watkins v. Six Unknown Broward Sheriff Jail Deputies*, No. 14-cv-62095, 2015 WL 13203924, at *2 (S.D. Fla. Dec. 2, 2015; then citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)).

However, even if the Court were to accept the argument that a party in an action has a property interest in a pre-judgment jury verdict, Defendant's claim still fails because he has failed to provide any factual allegations supporting criminal intent—a factor necessary to maintain a claim for civil theft. *Moynet*, 8 So.3d at 380 ("[F]ailure to allege[] criminal intent is fatal to [a] cause of action for civil theft."); *Infante*, 27 So. 3d at 680–81 (similar). As stated, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and in order "[t]o survive a motion to dismiss[,] a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff argues that Defendant's allegations showing criminal intent are purely speculative. [ECF No. 15 at 10–11; ECF No. 23 at 6]. The Court agrees. Here, Defendant offers only conclusory allegations that Plaintiff had the requisite intent to facilitate theft. Namely, Defendant claims that this element is met because "statistical analysis" showed that Judge Delgado's findings were improbable.

5

[ECF No. 13 at 25; ECF No. 22 at 16]. This so-called "Statistical Process Control" is a methodology purportedly used to evaluate the legitimacy of judicial outcomes and to "hold judges accountable for accepting bribes." [ECF No. 13-1 at 2].[2] This is found on the website JudgeX.org, a page created by Defendant in response to the outcome of the State Court Lawsuit. [ECF No. 8 ¶ 13; ECF No. 13 at 4]. According to this methodology, it would take "nearly 37 billion years" for Judge Delgado to have "honest[ly]" come to his findings in the State Court Lawsuit. [ECF No. 13-1 at 28–29]. Defendant claims that Plaintiff's intent is "evidenced by the statistically improbable rulings" in the State Court Lawsuit. [ECF No. 13 at 25]. These facts are insufficient to claim that Plaintiff had the requisite intent for civil theft; they do not rise "above the speculative level." *Twombly*, 550 U.S. at 555.

Defendant also argues that, because of Plaintiff's "net worth" as a man with a "standard operating procedure" and "propensity" to commit bribery and civil theft, these allegations carry the day. [ECF No. 13 at 2, 19; ECF No. 22 at 4, 16]. They do not. Defendant has not pled any factual allegations that would support nudging his claim "across the line from conceivable to plausible," and instead relies on unsupported legal conclusions, "couched as factual allegation[s]," which courts "are not bound to accept." *Twombly*, 550 U.S. at 555, 570; *see also S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996) ("As a general rule, conclusory allegations and *unwarranted deductions of fact* are not admitted as true in a motion to dismiss." (emphasis added)).

### B. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts have no jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

---

[2] Since Defendant attached this exhibit to his Answer, the Court may consider it. *Kinsey v. MLH Fin. Servs., Inc.*, 509 F. App'x 852, 853 (11th Cir. 2013) ("In resolving a motion to dismiss under Rule 12(b)(6), the court generally limits itself to a consideration of the pleadings and exhibits attached thereto.").

judgments." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (noting that the doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). "In other words, the doctrine 'means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began.'" *Id.* (quoting *Behr*, 8 F.4th at 1212). "[T]he *Rooker-Feldman* doctrine operates as a bar to federal court jurisdiction where the issue before the federal court was 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues." *Alvarez*, 679 F.3d at 1262–63 (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

Here, Defendant's Counterclaim for $850,000 in damages denied to Defendant in the State Court Lawsuit and other damages associated with his loss of the State Court Lawsuit is "inextricably intertwined" with the State Court Lawsuit because "the success of the [Defendant's] federal claim would 'effectively nullify' the state court judgment" and Defendant's "federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Id.* Because the Court lacks subject-matter jurisdiction to act as an appellate court for the purpose of reviewing state court judgments, dismissal of Defendant's Counterclaim is warranted on these jurisdictional grounds as well.

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 15**] is **GRANTED**. Defendant's Counterclaim for Civil Theft is **DISMISSED WITHOUT LEAVE TO AMEND**. Defendant's Request for In-Person Hearing on Warren B. Mosler's Motion to Dismiss [**ECF No. 34**] is **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on June 24, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

    James Todd Wagner, *pro se*
    P.O. Box 30159
    Palm Beach Gardens, FL 33420
    Email: j.todd.wagner@gmail.com