UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60022-LEIBOWITZ/AUGUSTIN-BIRCH

WARREN MOSLER,

      Plaintiff,

v.

JAMES TODD WAGNER,

      Defendant.

_____/

## OMNIBUS ORDER ON PENDING DISCOVERY MOTIONS

This matter comes before the Court on Plaintiff Warren B. Mosler's Motion to Compel and on Defendant James Todd Wagner's five Discovery Motions.  DE 68; DE 74; DE 75; DE 88; DE 92; DE 93.  The Court held a hearing on the four Motions at docket entries 68, 74, 75, and 88 on August 5, 2025.  The Court held a hearing on the two Motions at docket entries 92 and 93 on August 7, 2025.  The Court addresses and rules upon each Motion in turn below.

### I.      Plaintiff's Motion to Compel

Plaintiff's Motion to Compel is briefed at docket entries 68, 77, and 81.  He moves for Defendant's objections to the Third Requests for Production of Documents and First Set of Interrogatories to be overruled and for Defendant to be compelled to produce full responses and answers.  As an initial matter, the Court understands that Defendant served his responses to the requests one business day late and served his answers to the interrogatories two business days late.  The Court grants Defendant extensions *nunc pro tunc* and deems his responses and answers timely served.  The Court will not deem the objections Defendant made in his responses and answers waived due to untimeliness.

Turning to the substance of the objections, the requests and interrogatories seek information concerning Defendant's finances and assets for a period of January 1, 2023, to the present.  DE 68-1 and -2.  Defendant objected to all of the requests and interrogatories based on relevance and objected to several of them as duplicative and on the basis that they will not lead to admissible evidence.  DE 68-3 and -4.  He made a burdensomeness objection to a request asking for the documents he used to calculate his current net worth, and he made an overbreadth objection to an interrogatory asking for the names and addresses of persons or entities who had gifted, paid, or transferred money to him.  DE 68-3 at 3–4 (Request # 10 and response); DE 68-4 at 2–3 (Interrogatory # 6 and answer).

Punitive damages are an available remedy for certain cases of defamation under Florida law.  *E.g., Sirer v. Aksoy*, No. 21-cv-22280, 2023 WL 3166453, at *10 (S.D. Fla. May 1, 2023) (stating that Florida law permits the imposition of punitive damages on a defendant who made defamatory statements with malice); *Carrol v. TheStreet.com, Inc.*, No. 11-CV-81173, 2012 WL 13134547, at *4 (S.D. Fla. May 25, 2012) ("It is well-established that . . . punitive damages in a defamation action are recoverable only if liability is based on proof of actual malice, i.e. knowledge of falsity or reckless disregard for the truth.").  In this case, Plaintiff alleges that Defendant acted with actual malice and seeks punitive damages as one form of relief.  DE 8 at 19, 21.  Because Plaintiff seeks punitive damages, information reflecting on Defendant's net worth is relevant. *See White Cap, L.P. v. Heyden Enters., LLC*, No. 23-14248-CIV, 2024 WL 4542047, at *2 (S.D. Fla. Oct. 22, 2024) ("[D]iscovery of the Heyden Defendants' financial net worth is relevant to Plaintiff's punitive damages claim.  Where there is a claim for punitive damages, a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award." (citations and quotation

marks omitted)); *Gottwald v. Producers Grp. I, LLC*, No. 12-81297-CIV, 2013 WL 1776154, at *3 (S.D. Fla. Apr. 25, 2013) ("[I]t is clear that financial worth is relevant to a claim of punitive damages.").  Defendant's relevancy objections are overruled.

Defendant's remaining objections are also overruled.  The requests and interrogatories are not duplicative, but rather seek different pieces of financial information.  Objections that requests or interrogatories will not lead to admissible evidence violate the Order Setting Discovery Procedures.  DE 21 at 4–5 ("Any objection that a discovery request is not reasonably calculated to lead to admissible evidence is an objection that is based on an outdated discovery standard.  Such an objection is meaningless and will be found meritless by the Court.").  Defendant's burdensomeness and overbreadth objections are boilerplate and violate the Order Setting Discovery Procedures.  *Id.* at 5 ("Objections stating that a discovery request is vague, overly broad, or unduly burdensome are, standing alone, meaningless and will be found meritless by this Court.  A party objecting on these grounds shall specifically explain the particular way in which the request is vague, overly broad, or unduly burdensome.").

Defendant's response to the Motion to Compel is that Plaintiff has not demonstrated a prima facie case of defamation or entitlement to punitive damages.  But Plaintiff is not required to demonstrate a prima facie case at this stage.  He may obtain relevant and proportional discovery on his claims in the Amended Complaint.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506642, at *2 (S.D. Fla. Oct. 25, 2010) ("Federal Rule of Civil Procedure 26(b)(1) allows discovery on any party's claims or defenses; there is no requirement that a party obtain a threshold determination of the merits of those claims before proceeding with discovery.").

Plaintiff's Motion to Compel [DE 68] is **GRANTED**.  **Within 7 days of the date of this Order**, Defendant must amend his responses to the Third Requests for Production of Documents, amend his answers to the First Set of Interrogatories, and serve those amended responses and answers on Plaintiff together with the responsive material within his possession, custody, or control.  *See* Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of "items in the responding party's possession, custody, or control"); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents.  Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.").  If Defendant has no responsive material within his possession, custody, or control, he must state such in his responses.  Defendant has an obligation to supplement or correct his discovery responses if he later learns that they are incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1)(A).  Withholding responsive material may result in sanctions. Fed. R. Civ. P. 37(b)(2), (c)(1).

## II.    Defendant's Motion to Compel

Defendant's Motion to Compel is briefed at docket entries 74 and 82.  While he states that he is moving to compel responses to all of his requests for production, he has briefed only two requests, Request for Production #'s 6 and 17.  DE 74 at 2–3.  The Court therefore limits its analysis and ruling to those two requests.

Request # 6 asks for an "[u]mbrella insurance policy," which Defendant contends is relevant to his counterclaim of civil theft.  *Id.* at 3; DE 74-1 at 19.  The Honorable David S. Leibowitz, United States District Judge, dismissed that counterclaim.  DE 48 (Order dismissing counterclaim without leave to amend).  Defendant cannot obtain discovery on a dismissed claim. *Amorium v. Wal-Mart Stores E., L.P.*, No. 24-cv-81535, 2025 WL 1639221, at *5 (S.D. Fla. May

4

20, 2025) (explaining that Federal Rule of Civil Procedure 26(b)(1) permits discovery that is relevant and proportional to a pending claim or defense and that "[n]o discovery is appropriate as to dismissed claims"), *report & recommendation adopted*, 2025 WL 1634739 (S.D. Fla. June 9, 2025). The Court is aware that Defendant has appealed the dismissal of his counterclaim. DE 49 (Notice of Appeal). If the dismissal Order is reversed on appeal and the counterclaim is reinstituted, Defendant may seek discovery on the counterclaim at that time. Discovery on the dismissed counterclaim is denied at this juncture.

Request for Production # 17 asks for "[a]ll documents and ESI related to MOSLER's weekly phone calls with AVM, L.P. and III Capital Management." DE 74-1 at 37. According to the Amended Complaint, "Mosler co-founded AVM, L.P., a broker/dealer providing advanced financial services to large institutional accounts . . . in 1982." DE 8 ¶ 7. Production of all documents related to all weekly telephone calls for a company Plaintiff co-founded, with no limitation as to subject matter and stretching decades into the past, is not proportional to the needs of this case and therefore is not discoverable. *See* Fed. R. Civ. P. 26(b)(1). Defendant's Motion to Compel responses to Request for Production #'s 6 and 17 [DE 74] is **DENIED**.

### III.    Defendant's Motion for Protective Order with Incorporated Motion to Bifurcate

Defendant's Motion for Protective Order with Incorporated Motion to Bifurcate is briefed at docket entries 75 and 84. He moves for an order protecting him from being required to produce financial information until Plaintiff demonstrates a prima facie case of defamation and entitlement to punitive damages. That request is denied because, as concluded above, the requested financial information is relevant, Defendant has not raised a meritorious objection to producing the financial information, and Plaintiff is not required to demonstrate a prima facie case before proceeding with discovery. To alleviate concerns about producing sensitive information, a Confidentiality Order

is in effect in this case that governs the treatment of personal information, financial information. *See* DE 47-1 (Confidentiality Order).

Defendant alternatively moves to bifurcate.  To the extent that he moves to bifurcate discovery, his request is denied.  Defendant did not move to bifurcate discovery until well into the discovery period and approximately a month and a half before the close of discovery.  His motion to bifurcate discovery is not timely.  Furthermore, Judge Leibowitz has not bifurcated this case for trial, and therefore all discovery on all pending claims and defenses must be completed now.  To the extent that Defendant moves to bifurcate the trial, his request is denied without prejudice because it must be directed to Judge Leibowitz as the trial Judge.  Defendant's Motion for Protective Order with Incorporated Motion to Bifurcate [DE 75] is **DENIED**.

### IV.   Defendant's Amended Motion for Second Deposition of Plaintiff

Defendant's Amended Motion for Second Deposition of Plaintiff is briefed at docket entries 88 and 90.[1]  Defendant moves to conduct a second deposition of Plaintiff because Plaintiff did not produce any discovery before his June 10 deposition, but instead objected to all of Defendant's discovery requests.  During a discovery hearing on May 22, the Court addressed with Defendant his requests for Plaintiff to serve discovery responses by June 9 and to sit for a deposition on June 10.  The Court advised Defendant that Plaintiff's discovery responses could contain objections such that Defendant would not have any responsive documents by a June 10 deposition.  The Court further advised Defendant that he could depose Plaintiff only once and that he had the option to depose Plaintiff toward the end of the discovery period.  Knowing this, Defendant affirmed his requests for a June 9 deadline for Plaintiff's discovery responses and for a

---

[1] Defendant's initial Motion for Second Deposition of Plaintiff [DE 76] is **DENIED AS MOOT**.  Defendant's Motion to Seal that initial Motion [DE 87] is **DENIED AS MOOT**, given that the initial Motion is already under seal. *See* DE 85 (Order directing the Clerk of Court to seal docket entry 76).

June 10 deposition.  The Court memorialized this discussion in its Order following the May 22 hearing:

> During the hearing, the Court discussed with Defendant that Plaintiff's responses may contain objections such that Defendant may not have received any documents by Plaintiff's June 10 deposition.  The Court also discussed with Defendant that the pleadings have not closed given the pendency of a motion to dismiss, that the claims and defenses in this case may change, that Plaintiff's deposition could be scheduled nearer to the close of discovery, and that Defendant may depose Plaintiff only once. Defendant stated that he understood and that he nevertheless wishes to go forward with Plaintiff's deposition on June 10.

DE 44 at 2.  Having chosen to go forward with the June 10 deposition with the knowledge that he might not have any responsive documents, Defendant is not entitled to depose Plaintiff a second time.

Defendant also contends that Plaintiff's counsel made excessive objections during the June 10 deposition, frustrating Defendant's ability to question Plaintiff.  An objection during a deposition "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."  Fed. R. Civ. P. 30(c)(2).  "An objection must be stated concisely in a nonargumentative and nonsuggestive manner."  *Id.*  Rule 30(c)(2) required Plaintiff's counsel to make his objections during the deposition in order to preserve them, and Defendant has not pointed the Court to any particular objection that violates the rule.  The Court has reviewed the limited portions of the transcript from Plaintiff's deposition that are filed in the record and does not believe that any of counsel's objections violate Rule 30(c)(2).  *See* DE 76 at 6–26 (sealed portions of deposition transcript).  Defendant's Amended Motion for Second Deposition of Plaintiff [DE 88] is **DENIED**.

## V.      Defendant's Motion for Leave to Subpoena Indispensable Witness

Defendant's Motion for Leave to Subpoena Indispensable Witness is briefed at docket entries 92 and 95.  Defendant seeks leave to subpoena a non-party to respond to interrogatories.

Interrogatories are between the parties to a lawsuit and are not appropriately directed toward non-parties. *See* Fed. R. Civ. P. 33(a)(1) (stating that "a party may serve on any other party no more than 25 written interrogatories"); *United States v. Korman*, No. 07-80998-Civ, 2009 WL 10668978, at *2 (S.D. Fla. Jan. 8, 2009) ("Moreover, both sets of interrogatories are improperly directed at non-parties. Interrogatories are a discovery procedure for parties only."); *Rance v. Jenne*, No. 06-61002-CIV, 2006 WL 8433172, at *3 (S.D. Fla. Nov. 9, 2006) ("In essence, Plaintiff is attempting to require non-parties to answer interrogatories. This he cannot do; Rule 33 interrogatories may only be served on parties. Accordingly, the Court will not compel the non-parties to provide written answers to Plaintiff's questions."). A subpoena to a non-party may only command the non-party to (1) "attend and testify"; (2) "produce designated documents, electronically stored information, or tangible things in that person's possession"; or (3) "permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii).

Defendant's Motion for Leave to Subpoena Indispensable Witness [DE 92] is **DENIED**. If Defendant seeks a subpoena to command a non-party to perform one of the actions provided for under Rule 45(a)(1)(A)(iii), he should contact the Clerk of Court and need not seek leave from this Court. *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service.").

## VI.    Defendant's Motion to Vacate Blanket Confidentiality Designation

Defendant's Motion to Vacate Blanket Confidentiality Designation is briefed at docket entries 93 and 96. Plaintiff designated the entirety of the transcript of his June 10 deposition as confidential, and Defendant moves for that confidentiality designation to be removed. The Confidentiality Order in effect in this case defines "confidential information" as

> information that contain personal information, information relating to any party's or third party's finances, medical, personal, or other private information, trade

secrets, proprietary business information, competitively sensitive information, or other information, the disclosure of which would, in the good faith judgment of the party designating the material as Confidential Information, be detrimental to the party, or the party's business interests, associates, or customers.

DE 47-1 at 2.   A party designating deposition testimony as confidential information must "designate such portions, by page and line numbers."  *Id.* at 3.  If a confidentiality designation is challenged, the designating party "shall bear the burden to establish before the Court that the challenged document(s) is in fact entitled to 'Confidential' . . . designation and treatment." *Id.* at 6.

Plaintiff has not satisfied his burden to establish that the *entire* transcript contains confidential information.[2]  He makes three arguments against de-designating the transcript as confidential.  First, he argues that there is no public right of access to all discovery material, which is a true proposition.  *See Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]"); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("We have explained that the need for public access to discovery is low because discovery is essentially a private process . . . the sole purpose of which is to assist trial preparation." (alteration and quotation marks omitted)).  While that proposition may support filing some discovery material on the docket under seal, it does not support the indiscriminate designation of discovery material as confidential.

Second, Plaintiff argues that Defendant might use information in the transcript as evidence against him, potentially in litigation outside of this case.  But Plaintiff has not demonstrated that the entire transcript contains information that could be used against him.  Speculation that

---

[2] The entire transcript is not filed in the record.  Portions of the transcript are filed under seal at docket entry 76 at 6-26.

discovery material might be used against a party does not support the indiscriminate designation of the material as confidential.

Third, Plaintiff argues that there is no harm to having the entire transcript designated as confidential because Defendant is still able to view it and use it in this case.  But the Confidentiality Order limits the ways that confidential information may be used and disclosed, and it is unknown whether any of those limitations will be an issue with respect to the transcript as this case continues to be litigated.  *See* DE 47-1 at 3–7.

Defendant's Motion to Vacate Blanket Confidentiality Designation [DE 93] is **GRANTED** insofar as the Court orders Plaintiff to re-review the transcript of his June 10 deposition, re-designate as confidential only those portions that meet the definition of confidential information under the Confidentiality Order, and serve Defendant with notice of those re-designations. Plaintiff must serve Defendant with notice of those re-designations **within 7 days of the date of this Order**.  Until Plaintiff serves those re-designations, the parties must continue to treat the entire transcript as confidential.

Finally, any requests for an award of fees, costs, and/or expenses in any of the Motions ruled upon in this Order are **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 12th day of August, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE