UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60022-LEIBOWITZ/AUGUSTIN-BIRCH

WARREN MOSLER,

    Plaintiff,

v.

JAMES TODD WAGNER,

    Defendant.
_____/

## SECOND OMNIBUS ORDER ON PENDING DISCOVERY MOTIONS

This matter comes before the Court on six discovery motions. DE 117; DE 124; DE 125; DE 132; DE 134; DE 135. The Court held a hearing on the discovery motion at docket entry 117 on September 4, 2025, and held a hearing on the remaining five discovery motions on September 9, 2025. The Court addresses and rules upon each motion in turn below.

    **I.**    **Defendant's Motion to Compel Deposition of Steven Weber**

Defendant James Wagner's Motion to Compel Deposition of Steven Weber is briefed at docket entries 117 and 126. Defendant moves to compel Plaintiff Warren Mosler's current counsel, Attorney Steven Weber, to sit for a deposition. Attorney Weber was also Plaintiff's counsel during state litigation between the parties that preceded this case and laid the groundwork for Defendant to make the statement that Plaintiff bribed the state court judge, a statement Plaintiff now alleges is defamatory. Defendant contends that Attorney Weber is an indispensable witness because Attorney Weber assisted Plaintiff in the state litigation, including potentially assisting in bribing the state court judge. Thus, according to Defendant, Attorney Weber's testimony is relevant to a defense that the statement that Plaintiff bribed the state court judge is true and not defamatory.

Defendant did not subpoena Attorney Weber for a deposition. The Court cannot compel a non-party such as Attorney Weber to appear for a deposition absent a subpoena. *See Textron Fin. Corp. v. RV Sales of Broward, Inc.*, No. 08-61449-CIV, 2012 WL 12947711, at *3 (S.D. Fla. May 2, 2012) ("While a Rule 30 Deposition Notice may be used to depose a non-party, it cannot compel the appearance of a non-party at a deposition; rather, a non-party's appearance at a deposition must be compelled through a subpoena issued pursuant to Federal Rule of Civil Procedure 45."); *Johnson Law Grp. v. Elimadebt USA, LLC*, No. 09-81331-CIV, 2010 WL 11558230, at *1 (S.D. Fla. Oct. 28, 2010) ("Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the well established law in this District, non-parties must be served with subpoenas before a court has jurisdiction to compel their attendance at a deposition.").

Further, the discovery deadline in this case passed on September 3, 2025. At this juncture, it is too late for Defendant to serve a deposition subpoena because the deposition cannot occur by the discovery deadline. *See* S.D. Fla. Local Rule 26.1(d) ("Party and non-party depositions must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order."). Defendant's Motion to Compel must be denied for that reason.

In addition, even if he had subpoenaed Attorney Weber to appear for a deposition, Defendant has not met the standard to depose an attorney. Depositions of attorneys "are generally disfavored." *Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Couns. 79 v. Scott*, 277 F.R.D. 474, 478–79 (S.D. Fla. 2011). "[D]epositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 528 (S.D. Fla. 2015) (quotation marks omitted). "Both the

attorney-client privilege and the work-product doctrine are implicated when an attorney deposes his or her adversary." *AFSCME*, 277 F.R.D. at 479. Clients fearing that their counsel could be deposed may result in a chilling effect on clients' candor with counsel, and counsel fearing that they may be deposed about their knowledge of a case may lead attorneys to shield themselves from relevant facts, resulting in less effective representation. *Id.*

Thus, "opposing counsel may be deposed only upon a showing of substantial need and only after alternative discovery avenues have been exhausted or proven impracticable." *Id.*; *see also Sun Cap. Partners*, 310 F.R.D. at 528 (explaining that "a party seeking an attorney's deposition must demonstrate that the deposition is the only practical means available of obtaining the information" (quotation marks omitted)). The party seeking the deposition "must show that (1) no means, other than deposing counsel, exist to obtain the information; (2) the information sought is relevant; and (3) the information is crucial to preparation of the case." *AFSCME*, 277 F.R.D. at 479. "Discovery or depositions from an opponent's counsel is improper where these three criteria are not met." *Id.*

Defendant has not met the standard to depose Attorney Weber because Defendant has not shown that he could not obtain the information he seeks through any other means. He could have obtained information about assistance Attorney Weber provided Plaintiff from Plaintiff himself. Defendant has not identified any relevant information that Attorney Weber alone would possess. For all of these reasons, Defendant's Motion to Compel Deposition of Steven Weber [DE 117] is **DENIED**.

## II.    Plaintiff's Motion to Compel Regarding Discovery Responses

Plaintiff's Motion to Compel Regarding Discovery Responses is briefed at docket entries 124 and 151. As background for this Motion to Compel, on August 12, 2025, the Court overruled all of Defendant's objections to Plaintiff's Third Requests for Production of Documents and First

Set of Interrogatories. Those requests and interrogatories sought information concerning Defendant's finances and assets that is relevant to Plaintiff's request for punitive damages. DE 101 at 1–3. The Court ordered Defendant to, within seven days, serve amended responses and answers together with the responsive material within his possession, custody, or control. *Id.* at 4. The Court warned Defendant that withholding responsive material may result in sanctions. *Id.*

In the instant Motion to Compel, Plaintiff maintains that Defendant's amended responses and answers are incomplete and that Defendant has not produced all responsive material within his possession, custody, or control. Plaintiff points to deposition testimony where Defendant indicated that he only produced documents he had in his physical possession in the location where he was deposed. *See, e.g.*, DE 122 at 36:23–38:2.

Plaintiff's Motion to Compel Regarding Discovery Responses [DE 124] is **GRANTED** insofar as the Court **ORDERS** Defendant to review both his amended responses to the Third Requests for Production of Documents and his amended answers to the First Set of Interrogatories **within two business days of the date of this Order** to ensure that he has fully provided all information and documents within his possession, custody, or control. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."); *Ecometry Corp. v. Profit Ctr. Software, Inc.*, No. 06-80083-Civ, 2007 WL 9706934, at *6 (S.D. Fla. Mar. 15, 2007) ("Parties responding to interrogatories cannot limit their answers to information within their own knowledge and ignore information that is immediately available to him or under his control."). Defendant must provide information and documents that he has the ability to request or obtain from any source, not simply the information and documents that he can immediately remember or has in his immediate possession. If, upon reviewing the amended responses and answers, Defendant finds that they are

incomplete, he must supplement them and serve the supplements on Plaintiff **within two business days of the date of this Order**.  The Court again reminds Defendant that withholding responsive material may result in sanctions.  Fed. R. Civ. P. 37(b)(2), (c)(1).

### III.     Plaintiff's Motion to Compel Second Deposition

Plaintiff's Motion to Compel Second Deposition is briefed at docket entries 125 and 144.  He seeks to compel a second deposition of Defendant due to Defendant's refusal to answer various questions during his first deposition.

"An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."  Fed. R. Civ. P. 30(c)(2).  "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  *Id.*; *see* Fed. R. Civ. P. 30(d)(3) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.  The motion may be filed in the court where the action is pending or the deposition is being taken.").

The Court has reviewed the transcript of Defendant's deposition.  At points during the deposition, Defendant objected to questions on bases other than a privilege and then refused to answer.  *See, e.g.*, DE 122 at 7:15–18, 8:22–9:1.  This practice violated Rule 30(c)(2).

However, the Court has also reviewed the transcript of Plaintiff's deposition.  At points during the deposition, Plaintiff refused to answer questions, or his counsel instructed him not to answer and thus he did not answer.  *See, e.g.*, DE 145-1 at 113:22–25, 188:5–12, 189:2–3, 205:23–206:2.  Plaintiff's bases for refusing to answer were not a privilege.  In instances where Plaintiff's counsel instructed him not to answer, counsel stated "Move for Protective Order."  *See, e.g., id.* at 188:11, 189:1, 205:22.  But despite Plaintiff's deposition having taken place more than three

5

months ago, Plaintiff has never filed a motion for an order to protect him from answering the questions to which he objected and refused to answer.

"It is the duty of the attorney instructing the witness not to answer to immediately seek a protective order." *A.A. ex rel. Adar v. Sch. Bd. of Broward Cnty., Fla.*, No. 20-62225-CIV, 2021 WL 5121973, at *2 (S.D. Fla. Oct. 8, 2021) (alteration and quotation marks omitted); *see also Romero v. Fla. Light & Power Co.*, No. 6:09-cv-1401, 2010 WL 11507529, at *4 (M.D. Fla. June 8, 2010) ("When instructing a witness not to answer, counsel is obligated to immediately move for a protective order to invoke the protection of Rule 30(d)."). "An attorney who instructs a witness not to answer a deposition question, waives any objection to those questions if counsel does not immediately file a motion for a protective order over the objected to information." *A.A. ex rel. Adar*, 2021 WL 5121973, at *2 (finding that a party waived objections to deposition questions when the party did not seek a protective order for more than a month after the deposition). Plaintiff's practice of refusing to answer questions and then failing to immediately move for a protective order violated Rule 30(c)(2) and (d)(3).

The Court is thus left with a situation where both parties violated Rule 30 during their depositions, impeding the opposing party's ability to conduct a fair deposition. At the same time, the discovery deadline in this case passed on September 3, 2025. It is well past the time for discovery to come to a close. "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The Court concludes that an appropriate consequence of the parties' reciprocal violations of Rule 30 is that neither party may depose the other for a second time. Plaintiff's Motion to Compel Second Deposition [DE 125] is **DENIED**.

## IV.     Defendant's Motion to Vacate Confidentiality Designations

Defendant's Motion to Vacate Confidentiality Designations is briefed at docket entries 132 and 143.  As background for the Motion to Vacate, on August 12, 2025, the Court ruled that Plaintiff had not demonstrated that his entire deposition transcript should be treated as confidential.  DE 101 at 9–10.  The Court ordered him to, within seven days, re-designate as confidential only the portions of the transcript that meet the definition of confidential information under the Confidentiality Order.  *Id.* at 10; *see* DE 47-1 (Confidentiality Order).  Plaintiff thereafter served his re-designations, and Defendant now moves to vacate those re-designations.

Defendant first contends that Plaintiff's re-designations were untimely.  Defendant's contention is untrue.  The re-designations were timely served per the Court's Order.

Defendant then maintains that none of the re-designated portions contain information meeting the definition of confidential information under the Confidentiality Order.  The Court has reviewed the re-designated portions of the transcript and concludes that they meet the following definition of confidential information under the Confidentiality Order:

> information that contain personal information, information relating to any party's or third party's finances, medical, personal, or other private information, trade secrets, proprietary business information, competitively sensitive information, or other information, the disclosure of which would, in the good faith judgment of the party designating the material as Confidential Information, be detrimental to the party, or the party's business interests, associates, or customers.

DE 47-1 at 2; *see* DE 145-1 (transcript of Plaintiff's deposition).  Thus, Defendant's Motion to Vacate Confidentiality Designations [DE 132] is **DENIED**.

## V.     Defendant's Motion to Compel Both Answers (Without Objections) and Responsive Documents to Second Request for Production

Defendant's Motion to Compel Both Answers (Without Objections) and Responsive Documents to Second Request for Production is briefed at docket entries 134 and 141.  Defendant

moves for Plaintiff's objections to Defendant's Second Requests for Production to be overruled and for Plaintiff to be compelled to produce full responses and responsive documents.

Defendant first argues that Plaintiff's objections to the Second Requests for Production are boilerplate or otherwise violate the Order Setting Discovery Procedures. The Court has reviewed the objections and concludes that they are not boilerplate or in violation of the Order Setting Discovery Procedures. *See* DE 134 at 9–29 (Plaintiff's responses to Second Requests for Production); DE 21 (Order Setting Discovery Procedures).

Although the Second Requests for Production contain 19 requests, Defendant briefed only Request #'s 1–9 in his Motion to Compel and then stated in a summary fashion that the remaining requests are necessary to support his affirmative defenses. The Court previously has declined to address requests that Defendant did not brief but for which he sought amended responses. *See* DE 101 at 4 ("Defendant's Motion to Compel is briefed at docket entries 74 and 82. While he states that he is moving to compel responses to all of his requests for production, he has briefed only two requests, Request for Production #'s 6 and 17. The Court therefore limits its analysis and ruling to those two requests." (citation omitted)). The Court has made Defendant well-aware both that he must brief all of the requests for which he seeks amended responses and that he may request page limitation extensions if he believes he needs additional pages to provide adequate briefing. The Court limits its analysis and ruling to the requests Defendant briefed, Request #'s 1–9.

Plaintiff objected to Request #'s 1 and 4–9 based on relevancy, overbreadth, and disproportionality. DE 134 at 9–16. Defendant contends that these requests are relevant to his defense that his statements about Plaintiff are true and not defamatory. In the Amended Complaint, the statements that Plaintiff alleges are defamatory are Defendant's statements that Plaintiff bribed a state court judge. DE 8 ¶¶ 15–36, 41. For avoidance of doubt, Plaintiff's counsel represents in the briefing that the allegedly defamatory statements are only those regarding bribery. DE 141

8

at 3 ("Defendant is not being sued about statements about alleged illegal insider trading or tax evasion and Defendant cites no allegations from the complaint or defenses showing the relevance of these statements.  Plaintiff sued Defendant for defamatory statements regarding bribery and Defendant's unauthorized publication of Plaintiff's name or likeness."); DE 142 at 2 ("Plaintiff is not suing Defendant about statements regarding alleged insider trading or tax evasion.  Plaintiff sued Defendant for defamatory statements regarding bribery and Defendant's unauthorized publication of Plaintiff's name or likeness."); *see also* Fed. R. Civ. P. 11(b) (stating that, by presenting a paper to a court, an attorney certifies that its contents are correct to the best of his knowledge, information, and belief).  The bribery statements are the statements at issue in this lawsuit.

However, Request #'s 1 and 4–9 do not ask for information about bribery.  Instead, the requests ask for information related to other statements Defendant has made about Plaintiff, such as statements that Plaintiff engaged in insider trading and tax evasion.  As those statements are not the basis for Plaintiff's defamation claim, information that could show that those statements are true is irrelevant.  With respect to Request #'s 1 and 4–9, Plaintiff's relevancy objections are sustained, and Defendant's Motion to Compel is **DENIED**.

Request #'s 2 and 3 ask for "[a]ll documents that You plan to use at the jury trial, which You assert overcomes Defendant's affirmative defenses" and "[a]ll documents that You plan to use at the jury trial, which relate to Your damages associated [with] the statements within the Websites." DE 134 at 9–10.  Plaintiff objected that the requests are "speculative and premature," that discovery is ongoing, and that "it is not clear what will be used at trial."  At this juncture, Defendant's Motion to Compel as to Request #'s 2 and 3 is **DENIED**.  However, at such time as Plaintiff determines which documents he "plan[s] to use at the jury trial," he must amend his responses to Request #'s 2 and 3 and ensure that Defendant has those documents.  *See* Fed. R. Civ.

9

P. 26(e)(1)(A) (requiring a party to supplement or correct incomplete or incorrect discovery responses). Defendant's Motion to Compel different responses to Request #'s 1–9 of his Second Requests for Production [DE 134] is **DENIED**.

### VI.     Defendant's Motion to Compel Sworn Answers to First Interrogatories

Defendant's Motion to Compel Sworn Answers to First Interrogatories is briefed at docket entries 135 and 142. Defendant moves for Plaintiff's objections to Defendant's First Interrogatories to be overruled and for Plaintiff to be compelled to provide full answers.

Defendant first argues that Plaintiff's objections to the First Interrogatories are boilerplate or otherwise violate the Order Setting Discovery Procedures. The Court has reviewed the objections and concludes that they are not boilerplate or in violation of the Order Setting Discovery Procedures. *See* DE 135 at 9–41 (Plaintiff's answers to First Interrogatories); DE 21 (Order Setting Discovery Procedures).

Although the First Interrogatories contain 25 interrogatories, Defendant briefed only Interrogatory #'s 1–17 in his Motion to Compel and then stated in a summary fashion that all of the interrogatories are necessary to support his affirmative defenses. The Court limits its analysis and ruling to Interrogatory #'s 1–17.

As with some of the requests for production discussed above, Interrogatory #'s 1–5 ask for information related to alleged insider trading. Plaintiff objected based on relevancy, overbreadth, and disproportionality. DE 135 at 10–15. As statements about insider trading are not the basis for Plaintiff's defamation claim, information that could show that those statements are true is irrelevant. With respect to Interrogatory #'s 1–5, Plaintiff's relevancy objections are sustained, and Defendant's Motion to Compel is **DENIED**.

Interrogatory #'s 6–8 and 10–14 ask for information relating to a deposit Defendant purportedly made to Plaintiff that was at issue in the state case. Plaintiff objected based on

10

relevancy, overbreadth, and disproportionality. *Id.* at 16–19, 21–26. This case is not a re-litigation of the matters that were at issue and ruled upon in the state case. Even if the state court judge made incorrect rulings, incorrect rulings do not show that the judge was bribed. With respect to Interrogatory #'s 6–8 and 10–14, Plaintiff's relevancy objections are sustained, and Defendant's Motion to Compel is **DENIED**.

Interrogatory #'s 9 and 15 ask Plaintiff to "[d]escribe the process whereby You convinced Judge Luis Delgado to rule" in a certain way and ask whether Plaintiff "provide[d] any incentive to Judge Luis Delgado to eliminate Count III from the purview of the jury." Plaintiff objected based on relevancy, overbreadth, and disproportionality. *Id.* at 20–21, 27–28. He also objected that the incentive question calls for a legal conclusion. *Id.* at 27.

Interrogatory #'s 9 and 15 relate to whether Plaintiff bribed the state court judge and are relevant to Defendant's defense that his statements about bribery are true and not defamatory. The interrogatories are also proportional to the needs of this case. The interrogatories relate to Defendant's primary defense, and the Court does not believe that answering them will be onerous. Finally, the incentive question asks for a fact and does not call for a legal conclusion. With respect to Interrogatory #'s 9 and 15, Plaintiff's objections are overruled, and Defendant's Motion to Compel is **GRANTED**. Plaintiff must serve complete answers to Interrogatory #'s 9 and 15 on Defendant **within two business days of the date of this Order**. Withholding responsive material may result in sanctions. Fed. R. Civ. P. 37(b)(2), (c)(1).

Interrogatory #'s 16 and 17 ask Plaintiff to describe why he believes that certain rulings by two state court judges were correct. He objected that these interrogatories are irrelevant, are overly broad, are disproportionate, and call for legal conclusions. DE 135 at 28–31. This case is not a re-litigation of rulings in the state case. Even if the state court judges made incorrect rulings, incorrect rulings do not show that the judges were bribed. With respect to Interrogatory #'s 16

11

and 17, Plaintiff's relevancy objections are sustained, and Defendant's Motion to Compel is **DENIED**.

In summation, Defendant's Motion to Compel different answers to Interrogatory #'s 1–17 of his First Interrogatories [DE 135] is **GRANTED IN PART AND DENIED IN PART**. The Motion to Compel is **GRANTED** with respect to Interrogatory #'s 9 and 15 and **DENIED** with respect to Interrogatory #'s 1–8, 10–14, and 16–17.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 16th day of September, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE