UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH

WARREN MOSLER,

     *Plaintiff,*

*v.*

JAMES TODD WAGNER,

     *Defendant.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant James Todd Wagner's ("Defendant")
Motion for Reconsideration of Order Dismissing Counterclaim Without the Opportunity to Amend,
and in the Alternative Allow *Pro Se* Counter Plaintiff Leave to Amend (the "Motion") [ECF No. 164],
filed on October 1, 2025.  In the Motion, Defendant asks this Court to reconsider its June 24, 2025,
Order [ECF No. 48], which dismissed Defendant's Counterclaim for Civil Theft without leave to
amend.  After careful review, the Motion [ECF No. 164] is **DENIED**.

### I.    LEGAL STANDARD

Courts have generally recognized three grounds for reconsidering a court order: "(1) an
intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct
clear error or manifest injustice."  *Su v. Local 568, Transport Workers Union of Am., AFL-CIO*, 699 F.
Supp. 3d 1333, 1337 (S.D. Fla. 2023) ("The only grounds for granting a motion for reconsideration
are newly-discovered evidence or manifest errors of law or fact.") (quoting *United States v. Dean*, 838
F. App'x 470, 471–72 (11th Cir. 2020) (internal quotation marks omitted)); *Lamar Advertising of Mobile,
Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citations omitted); *Church of Our
Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1265 (M.D. Fla. 2015).  These grounds show

that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (applying Rule 59(e) for setting aside a judgment). Simply moving for reconsideration in the hope the court will change its mind, however, is not appropriate. *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.") (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). Reconsideration "serves that limited purpose of correcting manifest errors of law or fact, or in certain circumstances, calling newly discovered evidence to the Court's attention. Thus, the court is most willing to reconsider a prior ruling on an issue in the face of new Eleventh Circuit or Supreme Court authority." *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga. 1993), *on reconsideration* (Dec. 14, 1993).

## II.    DISCUSSION

The Court will deny this frivolous motion. The Motion is completely devoid of any argument as to why the Court should reconsider its previous Order [ECF No. 48]. Thus, Defendant has not "set forth facts and law of a strongly convincing nature to induce the [C]ourt to reverse its prior decision[]." *Instituto de Prevision Militar*, 485 F. Supp. 2d at 1343. Instead, Defendant attempts to persuade this Court to reconsider its prior ruling by attaching a litany of evidence obtained in

discovery. [*See generally* ECF No. 164-1]. This is not "newly-discovered evidence" warranting reconsideration; this is evidence uncovered by Defendant during discovery, after dismissal of the Counterclaim in his Answer. Defendant may not use the benefit of discovery to relitigate a court order on pleading deficiencies in a *pre-discovery* motion. *See J.I. v. Barrow Cnty. Sch. Sys.*, No. 20-cv-00087, 2022 WL 3702989, at *25 (N.D. Ga. July 20, 2022) ("The Court finds that it would be inappropriate to consider evidence produced during discovery in determining whether to reconsider a decision made regarding the sufficiency of pleadings." (citing *Ass'n for Disabled Ams., Inc. v. Reinfeld Anderson Fam. Ltd. Prt.*, No. 12-CV-23798, 2015 WL 1810536, at *4 (S.D. Fla. Apr. 21, 2015))). Defendant cannot simply relitigate to obtain relief from an unfavorable ruling. *See Jacobs*, 626 F.3d at 1344.

## III.    CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 164**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on October 1, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record
   James Todd Wagner, *pro se*
   825 Hood Rd. #315
   Mineral Wells, TX 76067
   Email: j.todd.wagner@gmail.com

3