UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60022-LEIBOWITZ/AUGUSTIN-BIRCH

**WARREN MOSLER,**

    Plaintiff,

v.

**JAMES TODD WAGNER,**

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO RECUSE

This matter comes before the Court on Defendant James Todd Wagner's Motion asking the undersigned United States Magistrate Judge to recuse from this case. DE 178. To support recusal, Defendant points to discovery rulings that he believes were incorrect, unfavorable and unfair to him, and favorable to Plaintiff Warren Mosler.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for determining whether to recuse under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation marks omitted).

It is well established that an allegation of bias sufficient to require recusal "must demonstrate that the alleged bias is personal as opposed to judicial in nature." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985). "The alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from

his participation in the case." *Id.* (quotation marks omitted). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.*

Defendant has not alleged the existence of a bias that is personal in nature or stems from any extrajudicial source. His recusal request is solely predicated on judicial rulings that he believes were incorrect. Having pointed only to judicial rulings to support recusal, he has not provided a valid basis for recusal. Accordingly, Defendant's Motion to Recuse [DE 178] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 14th day of October, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE