UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60022-LEIBOWITZ/AUGUSTIN-BIRCH

**WARREN MOSLER,**

    Plaintiff,

v.

**JAMES TODD WAGNER,**

    Defendant.

_____/

### THIRD OMNIBUS ORDER ON PENDING MOTIONS

This matter comes before the Court on seven motions. DE 79; DE 137; DE 154; DE 155; DE 163; DE 169; DE 173. The Court held a hearing on the motion at docket entry 137 on October 7, 2025. The Court scheduled an October 21 hearing on the motion at docket entry 169. DE 168. However, for the reasons given in this Order, the October 21 hearing is **CANCELED**. The Court did not schedule or hold a hearing on the motions at docket entries 79, 154, 155, 163, and 173 and concludes that a hearing on those motions is unnecessary. The Court addresses and rules upon all seven motions below.

**I.   Defendant's Amended Motion for Sanctions**

Defendant James Wagner's Amended Motion for Sanctions for Intentional, Premeditated Deception of the Court is briefed at docket entries 79, 98, and 102. Defendant contends that Plaintiff Warren Mosler's counsel, Attorney Steven Weber, deceived and defrauded this Court during a May 22 hearing by making the following two statements: (1) "There was a confidentiality order in place in the underlying state court case. The concern was so severe that even Mr. Wagner's attorney in the state court case apparently does not even let Mr. Wagner have the

actual information[,]" and (2) "I would say Mr. Wagner is a prolific e-mailer. Full threats and vexatious accusations by e-mail." DE 79 at 16:11–14, 25:4–5 (May 22 hearing transcript). Defendant asks that Attorney Weber be ordered to pay him $5,000 and the $122.20 cost to obtain a copy of the May 22 hearing transcript.

Fraud on the court embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (quotation marks omitted). "Fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision, preventing the opposing party from fully and fairly presenting his case." *Davenport Recycling Assocs. v. Comm'r of Internal Revenue*, 220 F.3d 1255, 1262 (11th Cir. 2000) (quotation marks omitted). Fraud on the court "must be established by clear and convincing evidence." *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987).

In response to the Amended Motion for Sanctions, Plaintiff filed a copy of a transcript from a March 30, 2023 hearing that was held in state litigation between the parties. DE 98-1. During the state hearing, Defendant's counsel talked about "safeguards" he had in place to ensure that Defendant did not have access to confidential information. *Id.* at 129:9–21. Counsel stated:

> The only time he's had access to Mr. Mosler's tax returns are in my office, under my supervision, on my computer system. He doesn't even get a copy of it. He doesn't have any hard copies; he doesn't have any electronic copies or anything. It's password protected. I wouldn't even let him drive the thumb drive with the information to our expert's office, . . . I'll swear to that right now, or we can put Mr. Wagner on the stand about that.

*Id.* at 129:12:21.  Given Defendant's counsel's explanation during the state hearing, Attorney Weber's statement to this Court that Defendant's counsel did not let Defendant have confidential information was not a deceptive or fraudulent statement.

In further response to the Amended Motion for Sanctions, Plaintiff filed a sampling of emails Defendant sent to Attorney Weber.  DE 98-2 and -3.  Attorney Weber reasonably could construe the emails as containing threats and accusations.  *See* DE 98-2 at 1 ("I am again reminding you of my intent to sue you for knowingly blocking my access to justice on this Bribery and RICO lawsuit that has over $1.9 Billion in damages described.  If your actions result in my not being able to pursue these damages, you will be sued for damages you knowingly created."); DE 98-3 at 1 ("If you refuse[] to provide this Memorandum of Law, this is clear evidence that YOU KNOW YOU ARE ACTING UNETHICALLY FOR THE PROFIT MOTIVE OF THE ENRICHMENT OF YOURSELVES[.]"); DE 98-3 at 2 ("This email will become part of a Federal RICO lawsuit against you and others who have colluded to deny justice and preserve access to Insider Trading information that damages the United States Government and all taxpayers."). Given these emails, Attorney Weber's statement to this Court that Defendant sent emails full of threats and vexatious accusations was not a deceptive or fraudulent statement.  As Attorney Weber did not make a deceptive or fraudulent statement to the Court, Defendant's Amended Motion for Sanctions for Intentional, Premeditated Deception of the Court [DE 79] is **DENIED**.

## II.     Non-Party Judge Delgado's Motion to Quash

Non-party Florida Circuit Judge Luis Delgado's Motion to Quash Defendant's Subpoena and Issue Protective Order is briefed at docket entries 137 and 146.  Defendant issued a deposition subpoena to Judge Delgado, a sitting judge who, according to Defendant, Plaintiff bribed.

DE 137-1. Judge Delgado moves for the subpoena to be quashed and for an order protecting him from further discovery in this case.

"It is firmly settled that judges are absolutely immune from civil liability for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) (quotation marks omitted). Whether the judge is a party or a non-party, the judge's absolute immunity extends to immunity from discovery. *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987) (explaining that "the protection afforded government officials by the doctrines of absolute and qualified immunity would be greatly depreciated if it did not include protection from discovery"); *Ray v. Jud. Corr. Servs., Inc.*, No. 2:12-CV-02819, 2014 WL 5090723, at *6 (N.D. Ala. Oct. 9, 2014) (stating that an absence of immunity from discovery "would subject every former state judge in the country to the threat of discovery in any proceeding where the judge's inside knowledge (gained . . . from actions taken in her judicial capacity) could have plausibly led to relevant information in a collateral matter" and that "[t]he actions of judicial officers taken in their judicial capacity must be as stringently protected when those officers are attacked indirectly as nonparties, just as they are when they are attacked directly as defendants"); *In re Lickman*, 304 B.R. 897, 903 (Bankr. M.D. Fla. 2004) ("The policy behind immunity does not merely extend to suits, it also extends to protection against discovery.").

Defendant cites *Bracy v. Gramley* in his opposition to the Motion to Quash. In *Bracy*, a convicted defendant petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that he was denied a fair trial by a state judge who later was convicted of taking bribes in criminal cases. 520 U.S. 899, 900–02 (1997). The defendant moved for discovery in the habeas case, and the district court denied the motion, as a habeas petitioner is not entitled to discovery as a matter

4

of ordinary course. *Id.* at 902–04. The Supreme Court reversed, concluding that the defendant had good cause for discovery where the state judge "was shown to be thoroughly steeped in corruption through his public trial and conviction" and where the defendant had additional evidence supporting his claim that the state judge was biased in the defendant's own case. *Id.* at 909. The Supreme Court remanded for discovery and stated that "the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id.*

*Bracy* does not support Defendant's position that he should be permitted to depose Judge Delgado. The Supreme Court's ruling in *Bracy* was that the defendant had good cause for discovery in a proceeding where discovery was not guaranteed. But the Supreme Court did not determine what discovery the defendant could obtain and did not speak to whether the defendant could depose the state judge. *Bracy* does not refute the caselaw cited above that stands for the proposition that a judge is immune from discovery into judicial acts.

Defendant contends that being bribed is not a judicial act, such that judicial immunity does not apply to bar the deposition he seeks. But Defendant intends to inquire into Judge Delgado's reasoning and motivation behind rulings in the state litigation. Judge Delgado has immunity from such inquiry.

Judge Delgado's Motion to Quash Defendant's Subpoena and Issue Protective Order [DE 137] is **GRANTED**. The deposition subpoena at docket entry 137-1 is quashed. Judge Delgado is protected from participation in discovery in this case.

During the October 7 hearing on the Motion to Quash, the Court also required Judge Delgado's counsel, Attorney Coleman Batson, to show cause why he should not be sanctioned for failing to appear for a September 9 hearing during which the Court expected to entertain the Motion to Quash. *See* DE 160 (Show Cause Order). Attorney Batson explained that his

5

non-appearance was a misunderstanding because he did not believe that the Motion to Quash was set for the September 9 hearing, given there was no order indicating as such. He believed that the Motion to Quash would be either set for a different hearing or ruled upon based on the written submissions. The Court accepts Attorney Batson's explanation that his non-appearance for the September 9 hearing was based on a misunderstanding and does not order any sanction for his non-appearance.[1]

### III.   Defendant's Motions for Reconsideration

Defendant filed Motions for Reconsideration at docket entries 154 and 155. He seeks reconsideration of (1) an Order at docket entry 112 denying him leave to appear for discovery hearings by telephone or videoconference, and (2) an Order at docket entry 128 denying his motion to compel the depositions of several non-parties due to his non-appearance at an August 27 hearing.

"Reconsideration is an extraordinary remedy to be employed sparingly." *Su v. Local 568, Transp. Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1336 (S.D. Fla. 2023) (quotation marks omitted). "[A] party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Produce Pay, Inc. v. Agrosale, Inc.*, 533 F. Supp. 3d 1140, 1147 (S.D. Fla. 2021) (quotation marks omitted). "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

---

[1] Attorney Batson's non-appearance is distinguishable from a prior instance where Defendant failed to appear for a discovery hearing. In that prior instance, Defendant's non-appearance was not based on a misunderstanding. Defendant was aware that the Court would entertain his motion during the discovery hearing and that he was expected to appear. Defendant contacted the Court in advance of the discovery hearing and stated that he would not appear. *See* DE 128.

reasoning but of apprehension." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (quotation marks omitted).

Defendant has not met the reconsideration standard. First, he has not identified a change in controlling law or new evidence that is relevant to either of his Motions for Reconsideration. Second, whether to hold a hearing in person, telephonically, or via videoconference is a decision within a court's discretion. This Court consistently has held in-person hearings in this case and has required both parties to appear for them in person. The decision at docket entry 112 to hold in-person hearings is not clear error or manifest injustice. Third, at docket entry 128, the Court denied Defendant's motion to compel due to his non-appearance for a hearing when he knew that he was expected to appear, told the Court he would not appear, did not appear to answer questions that the Court had with respect to his motion to compel, and did not move to continue the hearing to a different date. The Court's Order at docket entry 128 is not clear error or manifest injustice. Having failed to meet the reconsideration standard, Defendant's Motions for Reconsideration [DE 154; DE 155] are **DENIED**.

### IV.   Defendant's Motion to Stay Discovery

At docket entry 163, Defendant filed a Motion to Hold Punitive Damages Discovery Until Motion for Reconsideration is Ruled on by District Court Judge. He seeks to have certain discovery stayed pending a resolution of the two Motions for Reconsideration addressed in Section III above and/or a resolution of an appeal of three Orders. To the extent that he requests a stay pending a resolution of the Motions for Reconsideration, his request is denied as moot given the above rulings on the Motions for Reconsideration.

7

At docket entry 161, Defendant appeals the Court's Orders appearing at docket entries 86 (entered on July 23), 101 (entered on August 12), and 128 (entered on August 29).[2] Defendant's appeal was filed on September 16. DE 161; *see DeLeon v. Futran Tech. Inc.*, No. 24-12627, 2025 WL 2406116, at *1 (11th Cir. Aug. 20, 2025) ("The timeliness of a non-prisoner filing is based on when a document is received by the court, not the date of mailing."); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984) (explaining that "simply depositing the notice in the mail is not the same as filing it"). Defendant did not file his appeal within 14 days of entry of any of the Orders he is appealing. Therefore, his appeal is untimely under this District's Magistrate Judge Rules. *See* S.D. Fla. Mag. J. R. 4(a)(1) ("Any party may appeal from a Magistrate Judge's order determining a [non-dispositive pretrial] motion or matter . . . within fourteen (14) days after being served with the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or District Judge."). The Court declines to stay any discovery pending the resolution of an untimely appeal. Defendant's Motion to Hold Punitive Damages Discovery Until Motion for Reconsideration is Ruled on by District Court Judge [DE 163] is **DENIED**.

V.     **Plaintiff's Motion to Compel and Defendant's Motion to Continue Hearing**

At docket entry 169, Plaintiff filed a Motion to Compel Compliance with Court Orders as to Defendant's Discovery Responses. Plaintiff contends that Defendant has not complied with the Orders at docket entries 101, 128, and 159, and Plaintiff seeks an additional Order requiring him to comply. Both parties are required to comply with Court Orders. It is wholly unnecessary and a waste of judicial resources for the Court to enter additional Orders that simply require compliance with prior Orders. Plaintiff's request for an additional Order requiring compliance with prior Orders is denied.

---

[2] Defendant titled his appeal as "Objections," but they are more appropriately categorized as an appeal of non-dispositive pretrial Orders.

Plaintiff also seeks sanctions for Defendant's failure to comply with those prior Orders. The Court declines to order any sanction at this juncture, given that two of the Orders Defendant purportedly has not complied with are the subject of an appeal. *See* DE 161. Plaintiff's Motion to Compel Compliance with Court Orders as to Defendant's Discovery Responses [DE 169] is **DENIED**.

Given that the Court has resolved Plaintiff's Motion to Compel, the October 21 hearing that the Court set on the Motion to Compel is **CANCELED**. *See* DE 168. Defendant's Motion to Continue the October 21 hearing [DE 173] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 14th day of October, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE