UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH

**WARREN MOSLER**,

    *Plaintiff*,

v.

**JAMES TODD WAGNER**,

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Defendant's Amended Motion to Recuse Magistrate Judge Panayotta Augustin-Birch pursuant to 28 U.S.C. §§ 144 and 455 (the "Motion") [ECF No. 188], filed on November 12, 2025. In the Motion, Plaintiff asks this Court to have United States Magistrate Judge Augustin-Birch recused from all further proceedings in this matter because of purported personal bias or prejudice. [*Id.* at 1]. Defendant asserts that Magistrate Judge Augustin-Birch was bribed based on "wildly-biased rulings." [*Id.* at 2]. Defendant believes that this pattern of rulings against him shows bias mandating recusal. [*Id.* at 4].

After review, the Court will deny the Motion.

### I.  LEGAL STANDARD

Section 144 of the judicial code provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall

be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  The party's affidavit must be "legally sufficient," meaning that "the facts asserted are such that a reasonable man would infer personal bias in the trial judge either against the affiant or for his adversary." *Stanzione v. WHM, LCC*, No. 09-81014-CIV, 2009 WL 10666949, at *2 (S.D. Fla. Oct. 28, 2009) (quoting *Roussel v. Tidelands Cap. Corp.*, 438 F. Supp. 684, 690 (N.D. Ala. 1977)); *see also Berger v. United States*, 255 U.S. 22, 33–34 (1921) ("Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment."). All facts in a Section 144 affidavit "must be considered as true." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). These facts must be stated with particularity, showing "time, place, person, and circumstances" and "more than mere conclusions . . . ." *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975)[1]; *United States v. Townsend*, 478 F.2d 1072, 1074 (3d Cir. 1973).

The affidavit's legal sufficiency requirement is significant: "[i]t is a precaution against abuse, removes the averments and belief from the irresponsibility of unsupported opinion . . . ." *Berger*, 255 U.S. at 33. "There is a presumption in favor of a judge's integrity and the clearness of his perception." *Rousell*, 438 F. Supp. at 690.

Similarly, 28 U.S.C. § 455(a) reads: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard here is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Nowell v. United States*, No. 08-23067-CIV, 2009 WL 10669863, at *1 (S.D. Fla. Nov. 4, 2009) (quoting *Christo*, 223 F.3d at 1333).

---

[1]     All decisions handed down by the Fifth Circuit prior to September 30, 1981, are binding authority for this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

"Under either statute, the bias must be personal and stem from an extra-judicial source . . . ." *Nowell*, 2009 WL 10669863, at *1 (cleaned up). But unlike Section 144, "Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (quoting *Phillips v. Joint Legis. Comm. on Performance & Expenditure Review of the State of Miss.*, 637 F.2d 1014, 1019 n.6 (5th Cir. 1981)). Thus, Section 455 "imposes a stricter standard[.]" *Phillips*, 637 F.2d at 1019 n.6. "[A]dverse rulings alone, either in the same or a related case, are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias." *Johnson v. Monaco*, 350 F. App'x 324, 327 (11th Cir. 2009). The United States Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rulings "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

## II.     LEGAL ANALYSIS

Applying these standards to the Motion, Defendant has fundamentally failed to show that recusal is warranted.

### A.  28 U.S.C. § 144

As an initial matter, Defendant has not met the standard under Section 144. The affidavit required under the statute must be "legally sufficient" under the law. *Stanzione*, 2009 WL 10666949, at *2. A reasonable person could not infer bias on what is provided in the affidavit. Plaintiff "merely demonstrates a Court reacting to and ruling on the legal and factual issues presented to it in the course of the Court's ordinary efforts in courtroom administration." *Nowell*, 2009 WL 10669863, at *3. Review of the affidavit reveals that Defendant takes issue with Magistrate Judge Augustin-Birch's

3

discovery rulings. [*See generally* ECF No. 188-1]. Not only were Magistrate Judge Augustin-Birch's rulings cogent and consistent with the law, adverse rulings are insufficient alone to infer partiality. *See Johnson*, 350 F. App'x at 327; *Liteky*, 510 U.S. at 555. Accepting the factual allegations in the affidavit as true, the purported bias does not seem personal at all, but solely judicial in nature. That is outside the scope of what the recusal statute covers. *See United States v. Alabama*, 828 F.3d 1532, 1540 (11th Cir. 1987).

### B.  28 U.S.C. § 455

Turning to Section 455, Defendant's arguments fare no better. An objective observer would not reasonably question the Magistrate Judge Augustin-Birch's impartiality. Unlike the more lenient standard governing Section 144, the Court need not accept Defendant's factual allegations as true, especially those that are "unsupported, irrational, or highly tenuous speculation." *Sherrod v. Sch. Bd. of Palm Beach Cnty.*, No. 12-CV-80263, 2012 WL 12895256, at *2 (S.D. Fla. July 11, 2012) (quoting *Greenough*, 782 F.2d at 1558). The Motion and its accompanying affidavit are replete with speculative and irrational assertions. For instance, Defendant attempts to infer partiality by use of some "statistical process control analysis" [ECF No. 188-1 ¶ 18], which the Court readily rejects. *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on unsupported, irrational or highly tenuous speculation." (cleaned up)).[2]

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 188**] is **DENIED**.

---

[2]  Defendant also includes in the affidavit more irrelevant and speculatory "facts" to infer partiality. [*See* ECF No. 188-1 ¶ 17 (discussing bribery as "a plague since biblical times")].

**DONE AND ORDERED** in the Southern District of Florida on November 14, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:counsel of record
James Todd Wagner, *pro se*
825 Hood Rd. #315
Mineral Wells, TX 76067
Email: j.todd.wagner@gmail.com