FILED BY _____ AP _____ D.C.

Dec 10, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

In the

# United States Court of Appeals

### For the Eleventh Circuit

———————————

No. 25-12180

———————————

WARREN MOSLER,

*Plaintiff-Counter Defendant*
*Appellee,*

*versus*

JAMES TODD WAGNER,

*Defendant-Counter Claimant*
*Appellant.*

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:25-cv-60022-DSL

———————————

Before JORDAN, LUCK, and KIDD, Circuit Judges.

BY THE COURT:

"Appellee's Motion to Transfer Consideration of Appellate
Attorney's Fees" is GRANTED. The matter of Appellee's entitle-
ment to appellate attorney's fees and the reasonable amount of ap-
pellate attorney's fees, if any, to be awarded to Appellee is

2                          Order of the Court                    25-12180

TRANSFERRED to the district court to be determined upon reso-
lution of the claims below.

**Appeal No. 25-12180-C**

---

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**Warren Mosler,**

*Plaintiff-Appellee.*


**v.**

**James Todd Wagner,**

*Defendant-Appellant,*


Appeal from United States District Court
Southern District of Florida

District Court Docket No. 25-cv-60022-Leibowitz/Augustin-Birch

---

## APPELLEE'S MOTION TO TRANSFER CONSIDERATION OF
## APPELLATE ATTORNEY'S FEES

---

Steven D. Weber
Florida Bar No. 47543
WEBER LAW, P.A.
777 Brickell Avenue
Suite 500
Miami, FL 33131
Tel: 305-897-0619

*Counsel for Appellee*

---

Docket Number: 25-12180-C; Case Style: *Warren Mosler v. James Wagner*

## **CERTIFICATE OF INTEREST**

Pursuant to Eleventh Circuit Rule 26.1-1, Appellee, Warren B. Mosler, submits the following list of all persons and entities known to the Appellee to have an interest in the outcome of this appeal:

## **List of Persons**

Mosler, Warren B., Appellee

Supercar Engineering, Inc., Corporation owned by Appellant

Wagner, James Todd, Appellant (pro se)

Weber Law, P.A., Attorneys for Appellee

Weber, Steven D., Attorney for Appellee

Zappolo Law, P.A., Attorney for Appellant (representing Appellant in state court)

Zappolo, Scott, Attorney for Appellant (representing Appellant in state court)

## **Corporate Disclosure Statement**

Pursuant to Eleventh Circuit Rule 26.1-3(b), I certify that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITES ........................................................................ ii

I.    INTRODUCTION ........................................................................1

II.   LEGAL ARGUMENT ...................................................................1

CONCLUSION ........................................................................................2

CERTIFICATE OF COMPLIANCE.........................................................3

CERTIFICATE OF SERVICE .................................................................4

## TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

*Endurance Assurance Corp. v. Zoghbi*,

     No. 19-14048-GG, 2020 WL 1847513 (11th Cir. Feb. 21, 2020) ...................2

*Kosterlitz v. S/V Knotta Klu*,

     848 Fed. Appx. 886 (11th Cir. 2021) ................................................................2

**Rule**                                                                     **Pages**

Court of Appeals, Eleventh Circuit Rule 39-2(d) ................................................ 1-2

## <u>APPELLEE'S MOTION TO TRANSFER CONSIDERATION OF APPELLATE ATTORNEY'S FEES</u>

Warren Mosler ("**Appellee**"), by and through undersigned counsel, hereby pursuant to Fed. R. App. 27(a) and Eleventh Circuit Rule 39-2(d), files this motion to transfer consideration of appellate attorney's fees, and states as follows:

### I.   INTRODUCTION

1.     James Todd Wagner ("**Appellant**") commenced this appeal after the United States District Court for the Southern District of Florida ("**District Court**") rendered an order granting Appellee's motion to dismiss Appellant's counterclaim for civil theft. ("**Order**") A.412. [1]

2.     On July 28, 2025, Appellee filed a Motion to Dismiss for Lack of Jurisdiction which argued that District Court had not entered a final decision in this appeal of his civil theft counterclaim.  ECF No. 7 ("**Motion**")

3.     On September 23, 2025, this Court entered an opinion granting Appellee's motion to dismiss for Lack of Jurisdiction (ECF No. 27-1 at pg. 3) and then entered that opinion as its Judgment (ECF No. 30-2).

### II.   LEGAL ARGUMENT

"Any party who is or may be eligible for attorney's fees on appeal may, within the time for filing an application provided by this rule, file a motion to transfer

---

[1] "A.\_" shall refer to the Appendix filed at ECF No. 8.

consideration of attorney's fees on appeal to the district court or administrative agency from which the appeal was taken." 11th Cir. Rule 39-2(d).

This Court has transferred consideration of attorney's fees to the district court motion after granting a motion to dismiss an appeal. *See Endurance Assurance Corp. v. Zoghbi*, No. 19-14048-GG, 2020 WL 1847513 (11th Cir. Feb. 21, 2020).

A federal district court can grant "appellate attorney's fees… under Florida's civil-theft statute, Fla. Stat. § 772.11, which authorizes 'reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support.'" *Kosterlitz v. S/V Knotta Klu*, 848 Fed. Appx. 886 (11th Cir. 2021).

In this case, Appellee may be eligible for a grant of appellate attorney's fees because this appeal raised Appellant's claim for civil theft. Appellee's position is that, based on Appellee's arguments and the District Court's Order, Appellant raised his civil theft claim without substantial factual or legal support and then Appellee incurred appellate attorney's fees in connection with Appellant's inappropriate appeal of the District Court's Order. Thus, Appellee may be entitled to attorney's fees based on Appellant raising this appeal of the dismissal of his civil theft claim.

## <u>CONCLUSION</u>

**WHEREFORE** this Court should transfer consideration of any appellate attorney's fees for this appeal to the District Court.

## STATEMENT OF CONSULTATION

Appellee's counsel has consulted over email with Appellant, *pro se*, who does not agree to this motion to transfer consideration of appellate attorney's fees to the District Court. He did not indicate whether he will or will not be filing an objection.

Dated:     October 28, 2025              Respectfully submitted,

                              By:   /s/Steven D. Weber
                                    Steven D. Weber
                                    Florida Bar No. 47543
                                    steve@weberlawpa.com
                                    service@weberlawpa.com
                                    **WEBER LAW, P.A.**
                                    777 Brickell Avenue
                                    Suite 500
                                    Miami, FL 33131
                                    Tel: 305-897-0619

                                    *Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 484 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in 14-point font and Times News Roman.

                              By:   /s/Steven D. Weber

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 28, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court for the U.S. Court of Appeals for the Eleventh Circuit through the Court's CM/ECF system. Service will be accomplished through the Court's CM/ECF system and by mail upon the parties listed on the below service list:

### <u>SERVICE LIST:</u>

James Todd Wagner
825 Hood Rd. #315
Mineral Wells, TX 76067
j.todd.wagner@gmail.com

*Appellant/Defendant pro se*

By:   /s/Steven D. Weber

4

Appeal No. 25-12180-C

---

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**Warren B. Mosler,**

**Plaintiff/Counterdefendant -Appellee,**

**v.**

**James Todd Wagner,**

**Defendant/Counterplaintiff -Appellant.**

Appeal from United States District Court for the Southern District of Florida

District Docket No. 0:25-cv-60022-Leibowitz/Augustin-Birch

## APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO
## TRANSFER CONSIDERATION OF APPELLATE ATTORNEY'S FEES

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
## DISCLOSURE STATEMENT

C-1 of 2 Pursuant to 11th Circuit Rule 26.1-1, I certify that the following persons

and entities may have an interest in the outcome of this appeal: AVM, L.P.

Barclays Capital Inc.

BNY Mellon

BNY Mellon Capital Markets, LLC

Citigroup Global Markets Inc.

Coyle, Lester Noel

Ernst & Young LLP

II Absolute Return MM LLC

III CRE Bridge Loan Fund L.P.

III CRE Bridge Loan GP 1 LLC

III Credit Opportunities Hub Fund Ltd.

III Protection Strategies Fund Ltd.

III Volga GP 1 LLC

III-KI Opportunities Fund LLC

Leibowitz, David S. (United States District Judge)

Lucalay LLC

Malde, Paras

McGrath, Laura

Minassian Pellegrino, Christian

Morgan, Jonathan

Mosler, Warren B. (Appellee)

National Financial Services LLC

Olofsson, Thomas Rolf

Prest, Jason

Printz, Robert Andrew

Saraogi Holdings, LLC

Saraogi, Siddhartha

SS&C Financial Services LLC

SS&C Fund Services (Cayman) Ltd.

State Street Global Markets, LLC

Tangent Capital Partners, LLC

The Bank of New York Mellon

Viner, Clifford George

Wagner, James Todd (Appellant, pro se)


C-2 of 2 None of the listed entities are publicly traded corporations requiring

disclosure of parent corporations or 10% ownership interests under FRAP 26.1,

except as noted in prior district court filings. This certificate amends and

supplements previous CIPs filed in this appeal and the district court.


___/s/James Todd Wagner_____

James Todd Wagner, pro se

**COMES NOW**, James Wagner, *pro se* Appellant-Defendant, with this Opposition to Appellee's Motion to Transfer Consideration of Appellate Attorney's Fees to District Court.

## I. INTRODUCTION

Appellant James Todd Wagner opposes Appellee Warren Mosler's Motion to Transfer Consideration of Appellate Attorney's Fees filed October 28, 2025.  The motion should be denied because the appeal had substantial legal support on jurisdiction, precluding fee entitlement under Fla. Stat. § 772.11.  Transfer is unnecessary, inefficient, and inappropriate given clear bias in favor of Mr. Mosler within the Magistrate Judge of the District court.  A filed motion to recuse the magistrate judge for bias in Appellee's favor (District Ct. DE-178, attached as Exhibit-A) illustrating this heavy bias in favor of the billionaire, bribe-capable, felonious Plaintiff / Appellee, Warren B. Mosler.

This Court, having resolved the appeal on procedural grounds, is best positioned to deny fees outright, avoiding any appearance of forum-shopping or impropriety.

## II. STATEMENT OF FACTS

On June 24, 2025, the district court dismissed Appellant's counterclaim for civil theft **without leave to amend** (District Ct. DE-48).   Appellant filed a notice of

appeal on June 25, 2025, believing the order was final and appealable. Appellee

moved to dismiss for lack of jurisdiction on July 28, 2025 (Doc. 7), arguing it was

interlocutory without Fed. R. Civ. P. 54(b) certification, as Appellee's claims

remained pending.  Appellant opposed on August 4, 2025 (Doc. 8), citing cases for

finality being equivalent to a Final Judgement.

This Court dismissed the appeal on jurisdictional grounds.  Appellee now seeks

fees under § 772.11, claiming the appeal was groundless, and requests transfer to

the district court. Meanwhile, on October 10, 2025, Appellant moved to recuse

Magistrate Judge Augustin-Birch for a pattern of biased rulings favoring Appellee

(DE-178, Exhibit-A).   Magistrate Judge denied the Motion to Recuse on the

grounds that the reason for her bias wasn't clearly stated (De-179).    An Amended

Motion to Recuse is being mailed to the District Court today to address this

claimed deficiency in the Motion to Recuse Magistrate Judge.

## III. LEGAL ARGUMENT

1. No Basis for Fees Under Fla. Stat. § 772.11: Fees are available only if the
   civil theft **claim** lacked "substantial fact or legal support." § 772.11(1).  This
   requires the claim to be baseless or frivolous, not merely unsuccessful—
   courts deny fees where there's a reasonable, good-faith argument.  The
   underlying counterclaim had factual support based on alleged bribery in the

state court verdict reversal (e.g., statistical improbability/impossibility via JudgeX.org analysis in DE-13). ***The appeal's jurisdictional dismissal does not equate to groundlessness***; it was a good-faith challenge based on cases holding dismissals without leave to amend as final and appealable (e.g., Schuurman v. Motor Vessel "Betty K V", 798 F.2d 442, 445 (11th Cir. 1986) (finality after amendment rights lapse); United Steelworkers v. American International Aluminum Corp., 334 F.2d 147, 150 n.4 (5th Cir. 1964) (dismissal without amendment implies finality, no need to disclaim amendment rights); Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, 724 F.2d 1552, 1554-55 (11th Cir. 1984) (dismissal without amendment implies with prejudice and finality for the claim)).

Even if incorrect due to pending claims requiring 54(b) certification (Fogade v. ENB Revocable Tr., 263 F.3d 1274, 1296 (11th Cir. 2001)), this procedural nuance does not render the appeal without substantial support, especially for a pro se litigant who requested a pause to seek certification if needed (Doc. 8). Appeals dismissed for jurisdiction often avoid fees if arguable.

2. <u>Deny Transfer Under Rule 39-2(d)</u>: This Court should retain jurisdiction and deny fees outright, avoiding delay. Transfers are discretionary, not mandatory, and here **inefficient given the appeal's straightforward procedural nature.** Unlike Endurance Assurance Corp. v. Zoghbi (11th Cir.

2020), where complex facts warranted trial court review, this involves a pure jurisdictional issue this Court already resolved. Moreover, transfer is inappropriate due to the pending recusal motion (Exhibit A), which alleges a pervasive pattern of bias favoring Appellee (e.g., asymmetric discovery rulings in DE-52, DE-74, etc., shielding bribery evidence). This creates an objective appearance of partiality under 28 U.S.C. § 455(a), requiring avoidance of any forum where impartiality might reasonably be questioned (Liteky v. United States, 510 U.S. 540, 548 (1994)). Appellee's request smacks of forum-shopping to a biased magistrate, warranting denial to preserve fairness.

3. <u>Appellant is certain that if he had not filed an Appeal based upon the Dismissal that effectively stopped the Counterclaim</u>; Warren B. Mosler would have his highly-paid agent file a motion indicating that I had waived appeal via not filing a Notice of Appeal and paying the $605 fee within the allotted 30 days. **Since I did protect myself, Plaintiff/Appellee Warren Mosler now attempts to financially ruin me (again) via attempting to transfer venue into a court where he clearly possesses an enormous bias advantage.**

**CONCLUSION**

For the foregoing reasons, the Motion should be denied.

Respectfully submitted November 7, 2025:

__/s/James Todd Wagner_____

James Todd Wagner   *pro se* Defendant / Counterplaintiff

620 County Road 413 #2  Spicewood, TX 78669

email: j.todd.wagner@gmail.com  phone: (203)668-3904

**APPENDIX**

<u>Exhibit-A</u>: Defendant/Counterclaimant's Motion to Recuse Magistrate

Judge Panayotta Augustin-Birch Pursuant to 28 U.S.C. § 455 (District Ct.

DE-178, filed October 10, 2025)

## <u>CERTIFICATE OF COMPLIANCE</u>

Complies with Federal Rules (~1050 wordS) and is presented in a proportionally

spaced typeface using Microsoft Word 2021 in 14-point Times New Roman

typeface.

_____/s/James Todd Wagner_____

James Todd Wagner, pro se Defendant/Counterplaintiff

November 7, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2025 I e-filed this Appellate Brief and

Exhibits with the Clerk of the Court for the U.S. Court of Appeals for the Eleventh

Circuit.  Steven Weber will receive this filing via the e-filing system.

By:  _____/s/James Todd Wagner_____

James Todd Wagner *pro se* Defendant/Counterplaintiff

# Exhibit-A follows:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

**Case No. 0:25-CV-60022-DSL**



Warren B. Mosler,

Plaintiff / Counterdefendant,

v.

James Todd Wagner,

Defendant / Counterplaintiff.

_____ /

Motion to Recuse Magistrate Judge Panayotta Augustin-Birch

# DEFENDANT/COUNTERCLAIMANT'S MOTION TO RECUSE MAGISTRATE JUDGE PANAYOTTA AUGUSTIN-BIRCH PURSUANT TO 28 U.S.C. § 455

Defendant/Counterclaimant James Todd Wagner, appearing *pro se*, respectfully moves this Court to recuse Magistrate Judge Panayotta Augustin-Birch from all further proceedings in this matter pursuant to 28 U.S.C. § 455(a) and (b)(1). In support thereof, Mr. Wagner states as follows:

## I. INTRODUCTION

This motion is necessitated by a lengthy pattern of rulings and conduct by Magistrate Judge Panayotta Augustin-Birch ('BIRCH') that create an objective appearance of bias and partiality against Mr. Wagner, in favor of Plaintiff Warren B. Mosler, a powerful member of the "Liberal Elite".

These actions include **asymmetric application of discovery rules**, repeated denials of Mr. Wagner's reasonable requests while granting similar or even broader requests from Mr. Mosler, and decisions that appear to shield obvious judicial misconduct from scrutiny. Mr. Wagner does not make this motion lightly but believes it is essential to preserve his right to a fair and impartial tribunal.

1. BIRCH has allowed 100% of Mosler's Req. for Production objections; <u>Mosler produced nothing.</u>
2. Plaintiff has been DISALLOWED ALL INDEPENDENT WITNESSES to the bribery of Judge Luis Delgado, which is the centerpoint of the lawsuit against Defendant, to wit:
   a. BIRCH <u>disallowed</u> deposition of III Capital Management and AVM, L.P., bribery funders.
   b. BIRCH <u>disallowed</u> deposition Steve Weber, bribery intermediary / Mosler's paid agent.
   c. BIRCH <u>disallowed</u> deposition Judge Luis Delgado as a witness as recipient of the bribe(s).
3. BIRCH <u>allowed Mosler to ignore</u> all-but-two Interrogatory responses, despite Wagner showing how each was relevant to his Affirmative Defenses.

Recusal is required where, as here, an objective observer would question the judge's impartiality. *There is negligible doubt that BIRCH has decided to railroad Defendant into losing, for the benefit of the billionaire who made one of BIRCH's fellow-judges rich.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard is objective, focusing on whether a reasonable person, knowing all the facts, would question the judge's impartiality. Liteky v. United States, 510 U.S. 540, 548 (1994). <u>Recusal is mandatory</u> even without proof of actual bias if the appearance of partiality exists.

Additionally, under 28 U.S.C. § 455(b)(1), a judge must recuse where he has "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Bias may be inferred from extrajudicial sources or a <u>pattern</u> of rulings that demonstrate favoritism.

In the Eleventh Circuit, recusal motions are evaluated based on whether the alleged bias stems from an extrajudicial source or a <u>pervasive pattern</u> that creates an appearance of impropriety. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004). Here, the Magistrate Judge's rulings exhibit such a pattern, compounded by the case's context involving allegations of systemic judicial corruption.

## III. FACTUAL BACKGROUND

1. **Asymmetric Discovery Rulings:** The Magistrate Judge has repeatedly denied Mr. Wagner's motions to compel discovery from Mr. Mosler, even when Mr. Wagner demonstrated relevance to his counterclaim defenses, such as evidence related to alleged bribery or corruption. For instance, in rulings on docket entries DE-52, DE-74, DE-86, DE-101, DE-106, DE-111, DE-113, DE-115, and DE-128 (See Appendix-1).

2. **Extensive Pattern of Orders Favoring Mr. Mosler:** In multiple orders, the Magistrate Judge has overruled Mr. Wagner's objections to Mr. Mosler's non-compliance with discovery obligations, while swiftly enforcing deadlines and sanctions against Mr. Wagner for minor procedural issues.

3. **Apparent Protection of Judicial Interests; Sacrificing Defendant-Wagner to Preserve the Illusion that the Judicial System is Devoid of Bribery:** The underlying counterclaim and defenses involve serious allegations of judicial bribery in related proceedings. The Magistrate Judge's decisions <u>decisively minimize scrutiny</u> of these issues.

4. **Cumulative Effect:** Taken together, these rulings are not mere disagreements with legal interpretations but form a pervasive pattern that erodes confidence in the BIRCH's neutrality.

| Issue | Ruling for Plaintiff - Mosler | Actions by Plaintiff | Ruling for Defendant - Wagner | Actions by Defendant |
|---|---|---|---|---|
| First Motions to Compel production of documents (32 requests to Pltf) (29 requests to Def) | Court allowed Mosler to have <u>unlimited objections</u> and ZERO requirement to produce. | **Zero [0]** documents produced | Court **disallowed** Wagner to have any objections (except atty-client), and must produce everything. | Production of over **17,000** pages of documents |

| | | | | |
|---|---|---|---|---|
| Motion to Compel Defendant's Personal Financial Discovery. | Despite no showing justifying punitive damages, gave Mr. Mosler the discovery he requested. | | Court **disallowed** Wagner to have any objections except for Attorney-Client privilege. | |
| After no-shows by Plaintiff's Hedge Fund to their subpoenas, Defendant filed Motion to Compel their testimony. | Court protected all key hedge fund witnesses from testifying | Key witnesses will not testify against Mosler | | |
| SUMMARY | Unlimited objections. No requirements for testimony (except Plaintiff's deposition). No requirement to prove prima-facia defamation.  No requirements to produce. | **Blocking all attempts to obtain evidence for Affirmative Defenses.** | No objections allowed. Forced to produce financial information despite no legitimate case for recovery of punitive damages.  Must produce immense quantiy of documents. | Rulings are 100% in Mr. Mosler's favor, and no justice-reason is given. |

## V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Mr. Wagner respectfully requests that this Court recuse Magistrate Judge Panayotta Augustin-Birch from all further proceedings in this matter;

Respectfully submitted this 8th day of October 2025:

James Todd Wagner, *pro se*  Defendant/Counterplaintiff

phone: (203)668-3904  email: j.todd.wagner@gmail.com

825 Hood Rd. #315  Mineral Wells, TX 76067

## CERTIFICATE OF CONFERRAL AND SERVICE

       I, James Todd Wagner, hereby certify I conferred with Steven Weber, counsel for Warren Mosler on the phone about this issue without resolution. I certify that on October 8, 2025, I hand-delivered this Response to the United States District Court for filing in Case No. 0:25-cv-60022-DSL.  Service upon Warren Mosler was not performed by me directly, as I am relying on the court's filing system to effectuate notice to the Plaintiff pursuant to Federal Rules of Civil Procedure Rule 5, given my pro se status and hand-delivery to the court clerk.

.Dated this 8th day of October  2025:

James Todd Wagner, *pro se*  Defendant/Counterplaintiff

phone: (203)668-3904  email: j.todd.wagner@gmail.com

825 Hood Rd. #315  Mineral Wells, TX 76067

# **Appendix-1 follows:**

**Appendix-1: Details of Flings and Orders in the 'Table of Asymmetric Rulings'**

**Key Section of DE-52, Defendant-Wagner's Motion to Compel the June 22, 2025 Court Ordered Discovery, with Incorporated Motion for Sanctions,:**

*pg 1 of DE-52:*

Motion for Sanctions. As Defendant predicted during the May 22, 2025 in-person hearing, *Plaintiff provided exactly __zero documents__*. Plaintiff compounded this action by refusing to answer the most damning questions,

*pg 2 of DE-52:*

## INTRODUCTION

Documents requested will illustrate criminal behavior by Plaintiff, that Defendant is accurately depicted on the JudgeX.org, ModernMonetaryTheory-Scam.com, and WarrenMosler.co websites ("THREE-SITES"). Mr. Mosler is intelligent, and doesn't want to produce documents that could be used in an SEC or FBI investigation. Nevertheless, Plaintiff is required to produce documents pursuant to what he sued Defendant for.

*pg 2 of DE-52:*

Defendant requests that the Court rule on the 60-pages of objections to the 32 requests for production.   The objections are attached as **Exhibit-A**.   For brevity requested by the Court, Defendant will await instructions on what the Court wishes to receive to debunk the objections.  Not one objection is legitimate:

*Exhibit-A of DE-52 (this is a 60-page long document of Objections instead of Responses – only selected elements included here.  Whole Exhibit-A of DE-52 will be included after this summary of key elements:*

**Request No. 1:**

1. All documents, communications, and ESI (including emails, text messages, and social media posts) related to the JudgeX.org, WarrenMosler.co, and ModernMonetaryTheory-Scam.com website, including but not limited to any statements, articles, or content Mosler alleges to be defamatory, from January 1, 2020, to the present that MOSLER asserts are false.

a. If no specific documents of the claimed false statements are produced at this Deposition, that is an admittance that no such false statements exist on the three websites sued upon.

2   Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

**Response:**

Plaintiff objects to this request because it calls for a legal conclusion and is argumentative, irrelevant, overly broad with respect to scope and time, unduly burdensome, excessive, cumulative, and disproportionate to the needs of the case, because it essentially seeks every scrap of paper or electronic data "related to" every statement on the websites at issue and asks Plaintiff to make a legal conclusion and factual conclusion as to whether Plaintiff thinks they are defamatory or false even if not part of the claims in this case, and then seeks to make an inference of admission about the response to those requests.

**Request No. 3:**

3. All documents and ESI evidencing any harm to MOSLER's reputation, business, or financial interests allegedly caused by statements on the JudgeX.org website, including but not limited to financial records, business contracts, or communications with third parties, from January 1, 2020, to the present.

a. If no evidence of the claimed harm is produced at this Deposition,

that is an admittance that no such evidence exists.

**Response:**

Plaintiff objects to this request because it is argumentative, irrelevant, overly broad with respect to scope and time, unduly burdensome, argumentative, excessive, cumulative, and disproportionate to the needs of the case, because it essentially seeks every scrap of paper or electronic data "evidencing" any harm caused by all statements on the websites at issue even if not part of the claims in this case, and then seeks to make an inference of admission about the response to those requests.

3    Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

## Request No. 10:

10. Proof that gift tax was paid to the United States government for the orange 2010 Mosler

Photon that MACC gifted to MOSLER.

## Response:

Plaintiff objects to this request because it is argumentative, seeks a legal conclusion, irrelevant, overly broad with respect to scope, and disproportionate to the needs of the case, because the request assumes a gift tax needed to be paid, assumes that there was a applicable gift, and pertains to a non-party, as a gift tax is paid by the donor, not the recipient. *See* 26 U.S.C. § 2502(c). Additionally, the request has nothing to do with the claims or defenses in this case and thus the documents requested would not help resolve any issues in this case. *See Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, No. 07-22326-CIV, 2008 WL 11333259, at *3 (S.D. Fla. Mar. 14, 2008) ("discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action.").

*NOTE FOR REVIEW: This Motion was commanded by the court to be smaller (3 pages maximum), and became DE-74 with the same Exhibit-A. DE-74 follows on this summary. This not is to address any confusion of apparent duplication.*

4   Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

*__The Answer and Counterclaim__ Includes 11 Affirmative Defenses, of which Truth Defense is the standard defense against a Defamation Complaint the 32 Requests go to proving the data in the websites sued upon is True.   __Snip of Affirmative Defense #3 follows (this Affirmative Defense was pointed out to the court in verbal arguments):__*

3. **Truth of Statements Illustrated by Extensive Felonious and/or Unfair Acts Perpetrated by MOSLER himself and/or with the help of actors financially associated with MOSLER:** The following is a list of illicit acts that constitute a pattern of illicit behavior that will be proven at trial; this pattern illustrates that Counter-Defendant has a propensity for illegal acts that can constitute bribery.

  a. Blackmail per Florida Statute § 836.05

  b. Extortion per Florida Statute § 836.05

  c. Fraudulent Inducement per Florida Statutes § 817.40 - 817.40 and § 817.061.

  d. Theft of $100,000 per Florida Statute § 812.014.

10  Answer to Mosler v Wagner Defamation Pro Se Lawsuit with Counterclaim for Civil Theft

  e. Theft of Intellectual Property per Florida Statute § 812.014.

  f. Theft via Tax Evasion per Florida Statute § 812.014.

  g. Perjury via verbal sworn testimony per Florida Statutes § 895.02(1)(s),     § 817.29, § 817.02, and § 817.012.

5   Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

h. Perjury via written declaration including affidavit per Florida Statutes § 895.02(1)(s) and § 817.021.

i. Inducing Perjury in paid employees per Florida Statutes § 895.02(1)(s) and § 837.05.

j. Obstruction of Justice via Spoliation of 18,500 pages of Evidence for over 5 years per Florida Statutes § 817.034, § 817.29, and § 918.13.

k. Trade-Libel to take Intellectual Property per Florida Statutes § 817.034.

l. Trade-Libel to take vehicle sale profits per Florida Statutes § 817.034.

m. Changing the Vehicle Identification Number on the 2012 Mosler RaptorGTR to a 2009 Mosler MT900S per Florida Statute § 817.235.

n. Constructing 'Supercar' vehicles illegally with excessively-polluting emissions-control equipment per Florida Statute § 403.727(3)(b).

o. Insurance Fraud per Florida Statutes § 817.233 and § 817.234.

p. Use of investment or racketeering income per Florida Statute § 895.03.

q. Intentionally-uncontrolled trading to facilitate money laundering per Florida Statute § 655.50.

Snip of the WarrenMosler.co website sued upon includes headers of the felonious acts

that are listed in Affirmative Defense #3 above; to wit:



# TIMELINES WITH DOCUMENTS ILLUSTRATING HOW A PREDATOR OPERATES

Brief Overview    Spoliaton (hiding evidence)    Illegal Vehicles    Cheating to Win    Most Important Docs

Contact

**\$57B Insider US-Bond Trading**
(leveraging the scam of MMT)

**How Mosler steals from every taxpayer**

**How Mosler pays only 3.5% Federal Tax**

**Details on Tax Evasion**
(when 3.5% is too much)

**Blackmail / Extortion / Perjury**

**\$220,000 Insurance Fraud**

**Violation of Clean Air Laws**

### How Warren Mosler Operates: Insights into Fraud and Deception

Visit: WarrenMosler.com to understand Mr. Mosler's vision of himself & how Warren Mosler operates within the framework of Modern Monetary Theory

**Bloomberg:** Godfather of Modern Monetary Theory

**This site was compiled by James Todd Wagner:** Va. Tech BSME / Yale MBA with distinction in Economics and Game Theory







**<u>Key Section of DE-74</u>, Defendant-Wagner Motion to Compel Responses and Documents [same as DE-52, but reduced down to 3 pages per Court directive],:**

*pg 2 of DE-74*

## INTRODUCTION

As Defendant predicted during the May 22, 2025 in-person hearing, ***Plaintiff provided exactly <u>zero documents</u>***.  During the in-person hearing May 22nd, the court ordered Plaintiff to respond by June 9th prior to Warren B. Mosler's ('MOSLER')June 10th deposition.

The evening of June 9th, MOSLER responded to the RFP with <u>60-pages of objections</u> and zero documents. During the June 10th deposition, MOSLER implicitly confirmed the existence of the documents via answering questions during the first several hours of his depositon that were based upon the requests.  Defendant was highly prejudiced from not having the actual documents in-hand.

*pg 3 of DE-74*

*The JudgeX.org and WarrenMosler.co websites describe illegal insider trading (<u>Exh-A pg 3-5</u>) by Warren Mosler linking insider information obtained at the United States Federal Reserve to trading in Federal Securities by the now $85,069,518,850 hedge fund, III Capital Management (10% owned by MOSLER) and the related broker-dealer, AVM, L.P.   MOSLER sued WAGNER contending the allegations were false.*
**WAGNER is entitled to evidence illustrating that the allegations are true.**

If the court requests, Defendant can provide a filing that illustrates the relevance and appropriateness of all 32 requests.

**WHEREFORE**, Defendant/Counterplaintiff respectfully requests that the court deny Plaintiff's numerous objections (<u>Exhibit-B</u>) to the 32 Requests for Production that were requested May 2, 2025 and order production of all 32 requests by Aug. 11, 2025.

**Key Section of DE-82, Plaintiff's Response to Defendant's Motion to Compel at ECF NO. 74,:**

3.       "[T]he 'proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.'" *Diamond State Ins. Co. v. His House, Inc.*, No. 10-20039-CIV, 2011 WL 146837, at *5 (S.D. Fla. Jan. 18, 2011) (*quoting Peacock v. Merrill*, 2008 WL 176375 *8 (S.D.Ala. Jan.17, 2008)).

**Key Section of DE-59, Plaintiff-Mosler's Motion to Compel [Discovery Responses and to Overrule Objections from Defendant],:**

*pg 2 of DE-59:*

### III.      ALL OBJECTIONS TO THE FIRST RFP SHOULD BE OVERRULED.

Defendant's objections to **First RFP No. 1** are all meritless and should be overruled. First, the request is not vague, Defendant never attempted "to obtain clarification from opposing counsel prior to objecting on the ground of vagueness" for this request or any of the other request below (ECF No. 21 ¶ II.C), and the First RFP includes the definition of "documents" in First RFP Definition B. Second, Defendant's relevance and overbreadth objections are meritless because Plaintiff claims he did not bribe Judge Delgado. Third, Defendant's privilege objection is meritless and waived without a privilege log. ECF No. 21 ¶ II.E (none were provided as of July 11, 2025). Fourth, Defendant's undue burden objection is not supported by any evidence of burden. *See*

*pg 4 of DE-59:*

Defendant's vagueness, overbreadth, legal conclusion, and other objections that are asserted in **Second RFP No. 9, 10, 12, 13, 14, 15, 16, 17, 18, and 19** are meritless because they all concern Defendant's affirmative defenses and use language from Defendant's allegations. The

## Key Section of DE-86, Court Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [DE 58 and 59]:

*Asymmetric Ruling **Against Defendant** – no objections are allowed other than Attorney-Client privilege; to wit:*

Turning to the substance of the objections Defendant made in his June 30 responses, the Court overrules all of the objections other than those based on a privilege or protection. Defendant's general, vagueness, relevance, overbreadth, and burdensomeness objections are overruled as violating the Order Setting Discovery Procedures.[1] *See* DE 21 (Order Setting Discovery Procedures). Defendant's practice of responding subject to and without waiving objections also violates that Order. The Court has on numerous instances talked with the parties to this case about the importance of following the Order and about the sanctions that may result from violating the Order.

**Within 7 days of the date of this Order**, Defendant must amend his responses to Plaintiff's First and Second Requests for Production of Documents and serve on Plaintiff those responses together with the responsive material within his possession, custody, or control that is not subject to a privilege or protection objection. *See* Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of "items in the responding party's possession, custody, or

## Key Section of DE-101, Omnibus Order on Pending Discovery Motions, [most indicative of judicial-bias in discovery rulings] per Appellate Brief text:

*Asymmetric Discovery Ruling **Against Defendant-Wagner**: no objections are allowed other than Attorney-Client privilege; to wit:*

### *pg 2 of DE-101:*

#### I.    Plaintiff's Motion to Compel

Plaintiff's Motion to Compel is briefed at docket entries 68, 77, and 81. He moves for Defendant's objections to the Third Requests for Production of Documents and First Set of Interrogatories to be overruled and for Defendant to be compelled to produce full responses and

### *pg 2 of DE-101:*

Turning to the substance of the objections, the requests and interrogatories seek information concerning Defendant's finances and assets for a period of January 1, 2023, to the present. DE 68-1 and -2. Defendant objected to all of the requests and interrogatories based on relevance and objected to several of them as duplicative and on the basis that they will not lead to admissible evidence. DE 68-3 and -4. He made a burdensomeness objection to a request asking for the documents he used to calculate his current net worth, and he made an overbreadth objection to an interrogatory asking for the names and addresses of persons or entities who had gifted, paid, or transferred money to him. DE 68-3 at 3–4 (Request # 10 and response); DE 68-4 at 2–3 (Interrogatory # 6 and answer).

Punitive damages are an available remedy for certain cases of defamation under Florida law. *E.g., Sirer v. Aksoy*, No. 21-cv-22280, 2023 WL 3166453, at *10 (S.D. Fla. May 1, 2023) (stating that Florida law permits the imposition of punitive damages on a defendant who made defamatory statements with malice); *Carrol v. TheStreet.com, Inc.*, No. 11-CV-81173, 2012 WL 13134547, at *4 (S.D. Fla. May 25, 2012) ("It is well-established that . . . punitive damages in a defamation action are recoverable only if liability is based on proof of actual malice, i.e. knowledge of falsity or reckless disregard for the truth."). In this case, Plaintiff alleges that Defendant acted with actual malice and seeks punitive damages as one form of relief. DE 8 at 19, 21. Because Plaintiff seeks punitive damages, information reflecting on Defendant's net worth is relevant.

## *Pg 3 of DE-101:*

*3 (S.D. Fla. Apr. 25, 2013) ("[I]t is clear that financial worth is relevant to a claim of punitive damages."). Defendant's relevancy objections are overruled.

Defendant's remaining objections are also overruled. The requests and interrogatories are not duplicative, but rather seek different pieces of financial information. Objections that requests or interrogatories will not lead to admissible evidence violate the Order Setting Discovery Procedures. DE 21 at 4–5 ("Any objection that a discovery request is not reasonably calculated to lead to admissible evidence is an objection that is based on an outdated discovery standard. Such an objection is meaningless and will be found meritless by the Court."). Defendant's burdensomeness and overbreadth objections are boilerplate and violate the Order Setting Discovery Procedures. *Id.* at 5 ("Objections stating that a discovery request is vague, overly broad, or unduly burdensome are, standing alone, meaningless and will be found meritless by this Court.

12   Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

*Pg 3 of DE-101:*

Defendant's response to the Motion to Compel is that Plaintiff has not demonstrated a prima facie case of defamation or entitlement to punitive damages. But Plaintiff is not required to demonstrate a prima facie case at this stage. He may obtain relevant and proportional discovery

*Pg 4 of DE-101:*

Plaintiff's Motion to Compel [DE 68] is **GRANTED**. **Within 7 days of the date of this Order**, Defendant must amend his responses to the Third Requests for Production of Documents, amend his answers to the First Set of Interrogatories, and serve those amended responses and answers on Plaintiff together with the responsive material within his possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of

***NOTES FOR REVIEW OF DISCOVERY RULINGS AGAINST DEFENDANT: The court has disallowed all of Defendant's objections except for Attorney-Client Privilege, and claimed that Plaintiff-Mosler is entitled to [effectively unlimited] personal financial information despite being a Public Figure (with a Wikipedia page and hundreds of outside quotations and blog appearances) and despite there being no mention of any damages, no proof of any malice.***

*Asymmetric Discovery Ruling **Benefitting Plaintiff-Mosler** – ALL objections allowed and no obligation to produce any documents (Zero Documents produced); to wit:*

13   Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

*Pg 4 of DE-101:*

## II.      Defendant's Motion to Compel

Defendant's Motion to Compel is briefed at docket entries 74 and 82. While he states that he is moving to compel responses to all of his requests for production, he has briefed only two requests, Request for Production #'s 6 and 17. DE 74 at 2–3. The Court therefore limits its analysis and ruling to those two requests.

*Pg 5 of DE-101:*

Request for Production # 17 asks for "[a]ll documents and ESI related to MOSLER's weekly phone calls with AVM, L.P. and III Capital Management." DE 74-1 at 37. According to the Amended Complaint, "Mosler co-founded AVM, L.P., a broker/dealer providing advanced financial services to large institutional accounts . . . in 1982." DE 8 ¶ 7. Production of all documents related to all weekly telephone calls for a company Plaintiff co-founded, with no limitation as to subject matter and stretching decades into the past, is not proportional to the needs of this case and therefore is not discoverable. *See* Fed. R. Civ. P. 26(b)(1). Defendant's Motion to Compel responses to Request for Production #'s 6 and 17 [DE 74] is **DENIED**.

## *NOTES FOR REVIEW OF DISCOVERY RULINGS BENEFITTING PLAINTIFF:*
*The Order makes substantial mis-representations and omissions; to wit:*

1. *The court has been rigorous about not allowing more than 3 pages for Motions, and the Motion to Compel addressed the objections that referred to all Requests (not just #6 and #17, which were further detailed for context).   Full detailing of*

14    Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

each Request (all of which had on average five boilerplate objections) was simply
impossible, but NOWHERE was it indicated that only those two (#6 and #17
were subject to the Motion to Compel)_.

2. **All of the Requests and Responses were attached as Exhibit-A to the Motion to
Compel, and the Court had access to see that the requests were reasonable, and
the objections nonsensical.**

3. **For the avoidance of doubt, Defendant reiterated his Defense Strategy (truth
defense), that the fourteen Felonies described in the Websites Sued upon were
TRUE, therefore the jury could make a reasonable inference that if Warren B.
Mosler is willing to execute such a laundry list of felonious acts that Bribery of a
Judge was a small additional step.**

4. **Defendant made it clear to the court both in the Motion and in verbal arguments
that ZERO responses and ZERO documents were produced, and that the Motion
Compel was for all of the Requests...yet the court chose to allow the Motion to
only cover #6 and #17 and deny – with the claim that the court will determine
what documents the defense needs for its defense.**

- *Plaintiff's Amended Complaint shows that he is suing over the contents of
the WarrenMosler.co and JudgeX.org and ModernMonetaryTheory-
Scam.com websites; to wit [DE-8 paragraph 11]:*

11.    In connection with James Todd Wagner registering the domains WarrenMosler.co,
JudgeX.org, and ModernMonetaryTheory-Scam.com, James Todd Wagner created webpages
available through those domains and published defamatory statements regarding Warren Mosler
on those webpages. Additionally, James Todd Wagner created YouTube channels through which
James Todd Wagner published defamatory statements regarding Warren Mosler.

15    Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

- *Defendant's Affirmative Defenses include the Truth Defense to defamation – the contents of the websites are true and are therefore not defamatory; to wit:*

## AFFIRMATIVE DEFENSES

1. **Truth**: JAMES's statements, including those on WarrenMosler.co and JudgeX.org about MOSLER's tax avoidance and evasion, are true, based on the State Court Lawsuit record (Exhibits B-E, Q) and MOSLER's admission in Exhibit-K of leveraging USVI tax benefits, defeating

9  Answer to Mosler v Wagner Defamation Pro Se Lawsuit with Counterclaim for Civil Theft

defamation claims (Lipsig v. Ramlawi, 760 So. 2d 170, 183 (Fla. 3d DCA 2000)).

2. **Truth of Statements Illustrated by Extensive Felonious and/or Unfair Acts**: Based on Exhibit-K, that MOSLER relocated to St. Croix, USVI, to exploit tax avoidance benefits under the USVI Economic Development Commission ("EDC:) program, securing a reduced tax rate of approximately 3.7% by employing 10 local residents, a benefit limited to 10 years. As this period neared its end, MOSLER pursued political office (e.g., governor in 2018) to extend these benefits, potentially crossing into tax evasion, as alleged on JudgeX.org and WarrenMosler.co. These efforts reflect a pattern of financial self-interest tied to his actions against JAMES (**Exhibit-K**).

16  Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

3. **Truth of Statements Illustrated by Extensive Felonious and/or Unfair Acts Perpetrated by MOSLER himself and/or with the help of actors financially associated with MOSLER:**  The following is a list of illicit acts that constitute a pattern of illicit behavior that will be proven at trial; this pattern illustrates that Counter-Defendant has a propensity for illegal acts that can constitute bribery.

    a. Blackmail per Florida Statute § 836.05

    b. Extortion per Florida Statute § 836.05

    c. Fraudulent Inducement per Florida Statutes § 817.40 - 817.40 and § 817.061.

    d. Theft of $100,000 per Florida Statute § 812.014.

    e. Theft of Intellectual Property per Florida Statute § 812.014.

    f. Theft via Tax Evasion per Florida Statute § 812.014.

    g. Perjury via verbal sworn testimony per Florida Statutes § 895.02(1)(s),  § 817.29, § 817.02, and § 817.012.

    h. Perjury via written declaration including affidavit per Florida Statutes § 895.02(1)(s) and § 817.021.

    i. Inducing Perjury in paid employees per Florida Statutes § 895.02(1)(s) and § 837.05.

j. Obstruction of Justice via Spoliation of 18,500 pages of Evidence for over 5 years per Florida Statutes § 817.034, § 817.29, and § 918.13.

k. Trade-Libel to take Intellectual Property per Florida Statutes § 817.034.

l. Trade-Libel to take vehicle sale profits per Florida Statutes § 817.034.

m. Changing the Vehicle Identification Number on the 2012 Mosler RaptorGTR to a 2009 Mosler MT900S per Florida Statute § 817.235.

**n.** Constructing 'Supercar' vehicles illegally with excessively-polluting emissions-control equipment per Florida Statute § 403.727(3)(b).

o. Insurance Fraud per Florida Statutes § 817.233 and § 817.234.

p. Use of investment or racketeering income per Florida Statute § 895.03.

q. Intentionally-uncontrolled trading to facilitate money laundering per Florida Statute § 655.50.

r. Bribery of a Circuit Court Judge per Florida Statutes §895.02(1)(a), § 838.015 and § 838.016.

## Key Section of DE-106, AVM, L.P. and III Capital Management's Motion for Protective Order and Incorporated Memorandum of Law:

### ARGUMENT

AVM and its current and former employees have no knowledge of the facts relating to Mosler's defamation claim against Wagner for falsely accusing Mosler of bribing a state court judge.[2] Moreover, Wagner's claim that Mosler bribed a judge and AVM provided the money for him to do so is absurd and lacks any factual basis whatsoever. The Court in the Current State Court Lawsuit has already twice dismissed Wagner's complaint based on those allegations and just heard argument seeking dismissal of that complaint with prejudice. Wagner is improperly using this federal action as an end run around the stay of discovery in the Current State Court Lawsuit and to serve harassing discovery requests on AVM and its employees. The Court should enter a protective order prohibiting Wagner from serving any further subpoenas or other purported discovery requests on non-party AVM and its current or former principals.

## Key Section of DE-113, Defendant-Wagner's Response to AVM/III's Motion for Protective Order:

*Pg 2 of DE-113:*

### INTRODUCTION

The websites sued upon ("Websites") contain extensive claims of unethical and illegal actions by the large financial entities that were founded by Plaintiff-Warren B. Mosler ("MOSLER") in 1982, AVM. Websites contain 20x more data about wrongdoing by AVM and MOSLER than simply bribery of Judge Luis Delgado. Counsel for AVM wishes to enrage the court by attempting to reduce the claims down to bribery-of-a-judge. Despite "Judicial Privilege" and the difficulty in proving wrongdoing, some judges are convicted by law enforcement of accepting bribes and other inducements.

Plaintiff's Amended Complaint (below) illustrates that far more than bribery of a judge is being claimed defamatory and is being sued upon:

19    Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

11.     In connection with James Todd Wagner registering the domains WarrenMosler.co,

JudgeX.org, and ModernMonetaryTheory-Scam.com, James Todd Wagner created webpages

available through those domains and published defamatory statements regarding Warren Mosler

on those webpages. Additionally, James Todd Wagner created YouTube channels through which

James Todd Wagner published defamatory statements regarding Warren Mosler.

*******************************************************************************

*Pg 2 of DE-113:*

It is a TACTIC by both law firms on the Plaintiff's side to induce the court to ignore the

**FOURTEEN FELONIOUS ACTS** that are either directly or indirectly indicated on the

Websites.  AVM was integral in seven of the fourteen felonious acts.  These predatory actions

are indicated on both the Websites and Defendant's Affirmative Defenses (and Exhibits to the

Answer).  Relevant sections of Defendant's third Affirmative defense follows:

*Pg 3 and Exhibit-A (snips) of DE-113:*

Exhibit-A is screenshots of the Websites that relate directly to AVM and control persons of AVM.



Evidence of Insider Trading via **Private** Access to the Federal Reserve Decision-Makers
while Trading in **III Capital Management's** $57,000,000,000 Hedge Fund.

20    Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler



## Warren Mosler crimes Proof File "7 – Warren Mosler Insider Trading via AVM, LLC and III Capital Management"

30June2024  by James Todd Wagner  j.todd.wagner@gmail.com  (203)668-3904

### BACKGROUND

Warren Mosler has spent the past 2 decades constructing destructive financial instruments, that serve as a TOOL to enrich himself via trading within his Hedge Fund, III Capital Management ('III-CM').   III-CM is a $57,000,0000,000 [$57 Billion] Hedge Fund that is under the purview of the Securities and Exchange Commission ('SEC').  Most hedge funds are scarcely investigated by the SEC, thus they have great freedom to harm their trading partners, and the

## TIMELINES WITH DOCUMENTS ILLUSTRATING HOW A PREDATOR OPERATES

Brief Overview     Spoliaton (hiding evidence)     Illegal Vehicles     Cheating to Win     Most Important Docs
Contact

### How Warren Mosler Operates: Insights into Fraud and Deception



$57B Insider US-Bond Trading (leveraging the scam of MMT)

How Mosler steals from every taxpayer

How Mosler pays only 3.5% Federal Tax

Details on Tax Evasion (when 3.5% is too much)

Visit: WarrenMosler.com to understand Mr. Mosler's vision of himself & how Warren Mosler operates within the framework of Modern Monetary Theory

**Bloomberg: Godfather of Modern Monetary Theory**
This site was compiled by James Todd Wagner: Va. Tech BSME / Yale MBA with distinction in Economics and Game Theory




Lean, Mean, Green Machine

Warren Mosler for President
Democrat 2012
Sworn testimony of how the
Liberal Elite dispose of the
Proof of Judicial Bribery





## The Predator Class
**Theft**
**By Deception**
with examples from trial



Mosler Automotive ('MACC') was in the business of building Supercars, which is a luxury item that is intrinsically a legitimate business, but Mosler perverted that legitimacy to build VERY EXPENSIVE TOYS for himself and his family members, while writing off the costs from his taxes as if they were legitimate business expenses. This was going on prior to Mosler's tax-avoiding move to St. Croix (and continued afterwards as well).

A full detailing of Warren Mosler's Tax EVASION (which is the illegal derivative of "Tax Avoidance") is below. As an estimate, Mosler's tax evasion was approximately 25% of the $55million that Warren Mosler put into his hobby Supercar company.

C   ◯   🔒 judgex.org                    67%  ☆        ☑   ↓

In this case, it is easy to see that if we DON'T STOP Judicial Bribery, the United States will become a dictatorship like Venusuala, Russia, and most-recently Brazil. People are considered Peasants with no power to do anything except work until they die. *There are some frightening parallels to girls taken from their parents and put into the Sex Trade.* Those little girls "work" until they die on average 7 years after being kidnapped.

### Top Four ways girls who are Trafficked into the Sex Trade Die:
1. Suicide, when they realize no one can/will come to save them.
2. Drug overdose; captors intentionally hook the girls on drugs.
3. The girls are murdered-for-pleasure by the sick men who are rich enough to pay for that pleasure.
4. Once the girls are "worn out", they are removed from the United States and their organs are harvested. The girls' organs are then shipped back to the United States or other wealthy countries.



I have personal experience with and proof off Warren Mosler committing a wide array of crimes. I mention this to buttress the fact that Insider Trading is not at all a stretch for this man; and it is in-fact why he has the financial capability to be so ruthless.

1. Perjury (both directly and inducing his paid employees to lie under oath)
2. Blackmail
3. Extortion
4. Willfully Violate EPA Clean Air Laws, defrauding supercar buyers
5. Welch on $25,000 Press bet that no factory car could beat his Consulier; and similarly welching on a $100,000 Press bet a few years later.
6. *Cheat-to-Win* Car & Driver's Lightning Lap TWICE — via 630hp cheatermotors.
7. Tax Evasion (and also unethical Tax Avoidance)
8. STEAL FROM ALL OF US, WHILE GIGGLING ABOUT THE RAMIFICATIONS TO ORDINARY PEOPLE (the theme of this Insider-Trading Proof File)

*Pg 4 of DE-113:*

Exhibit-B is an email from Robert Printz, **President of AVM** relating to the $100,000 deposit that Defendant has claimed was stolen by Plaintiff, **Founder of AVM**.

Exhibit-C are the Affirmative Defenses that require evidence from AVM control persons.

Exhibit-D is the *149 pages* of evidence Plaintiff requested regarding his status as a *Public Figure*. Being a public figure, Mr. Mosler must show actual malice and damages. Defendant has a right to protect himself from "Trial By Surprise" via deposing witnesses that could appear at trial.

After being no-shows at their first scheduled depositions on August 13, 2025; the following AVM control persons were personally served on August 15, 2023 with subpoenas to attend make-up depositions on September 2, 2025 [14 days advance notice].

**Scott Wyler**, Chief Executive Officer and Limited Partner
**Robert Printz**, President
**Jason Prest**, Principal and Head of Fixed Income
**Karen Marie Hansen**, Principal and General Counsel
**Siddhartha Saraogi**, Principal and Head of Interest Rate Volatility
**Yelena Anuar**, Principal and Chief Financial Officer
**Thomas Olofsson**, Principal and Investor Relations

Mr. Olofsson and Mr. Printz both obtained exotic Supercars built at the partial expense of taxpayers. This action is central to the Tax Evasion section of the Websites sued upon (see Exhibit-A showing the Website snips relating to **Tax Evasion**).

<u>Key Section of DE-111</u>, Defendant-Wagner's Motion to Compel Depositions of Key Witnesses: Control Persons at III Capital Management and AVM, L.P., [filed after no-shows of the deponents after receiving court-issued subpoenas]:

*Pg 2 of DE-111:*

### INTRODUCTION

The websites sued upon contain extensive claims of unethical and illegal actions by the large financial entities that were founded by Plaintiff-Warren B. Mosler in 1982. Mr. Mosler remained a control person and part-owner of these financial entities, III Capital Management [iiicm.com] and AVM, L.P. [avmlp.com] (collectively "AVM") at all times relevant to this lawsuit and the claims within the three lawsuits that Mr. Mosler has sued upon:*JudgeX.org*, *WarrenMosler.co*,and *ModernMonetaryTheory-Scam.com*.

Notices of Deposition were served to Ian Ross of Sidley-Austin, who had prior appeared on behalf of III Capital Management. This service of Notice was 14 days prior to the depositions. Mr. Ross refused to answer my notice and subsequent communications, thus Defendant had the deponents personally-served 7 days prior to deposition (Exhibit-A).

*Pg 2-3 of DE-111:*

### THESE DEPOSITIONS ARE NECESSARY FOR DEFENDANT'S DEFENSE

Understanding the 3-page limit for Motions, below are some (but not all) of the reasons for these depositions. Each rationale comes from Affirmative Defenses:

1. Truth: JAMES's statements, including those on WarrenMosler.co and JudgeX.org about MOSLER's tax avoidance and evasion, are true, based on the State Court Lawsuit record (Exhibits B-E, Q) and MOSLER's admission in Exhibit-K of leveraging USVI tax benefits, defeating defamation claims (Lipsig v. Ramlawi, 760 So. 2d 170, 183 (Fla. 3d DCA 2000))

- Control persons at AVM, as identified in Exhibits B-E, Q, and K, are the critical source of information to confirm the truth associated with this truth defense. The following 3rd Affirmative Defense also requires these depositions:

3. **Truth of Statements Illustrated by Extensive Felonious and/or Unfair Acts Perpetrated by MOSLER himself and/or with the help of actors financially associated with MOSLER:** The following is a list of illicit acts that constitute a pattern of illicit behavior that will be proven at trial; this pattern illustrates that Counter-Defendant has a propensity for illegal acts that can constitute bribery.

d. Theft of $100,000 per Florida Statute § 812.014.

f. Theft via Tax Evasion per Florida Statute § 812.014.

h. Perjury via written declaration including affidavit per Florida Statutes § 895.02(1)(s) and § 817.021.

n. Constructing 'Supercar' vehicles illegally with excessively-polluting emissions-control equipment per Florida Statute § 403.727(3)(b).

o. Insurance Fraud per Florida Statutes § 817.233 and § 817.234.

p. Use of investment or racketeering income per Florida Statute § 895.03.

q. Intentionally-uncontrolled trading to facilitate money laundering per Florida Statute § 655.50.

**WHEREFORE**, Defendant requests that the Court Compel the deponents in Exhibit-A plus Thomas Olofsson attend their scheduled depositions on September 2, 2025.

Respectfully submitted this 18th day of August 2025.

26 Appendix-1 Proofs of Systemic Asymmetric Orders Benfitting Billioniare Warren B. Mosler

**Key Section of DE-115, AVM and III Capital Management's Response to Defendant's Motion to Compel Depositions:**

**ARGUMENT**

AVM and its current and former principals have no knowledge of the facts relating to Mosler's defamation claim against Wagner for falsely accusing Mosler of bribing a state court judge. Moreover, Wagner's claim that Mosler bribed a judge and AVM provided the money for him to do so is absurd and lacks any factual basis whatsoever, as confirmed by the state court's recent dismissal of those claims with prejudice. Wagner is improperly using this federal action to harass AVM and its principals. The Court should deny Wagner's motion to compel and enter a protective order prohibiting Wagner from serving any further subpoenas or other purported discovery requests on non-party AVM and its current/former principals.

**Key Section of DE-128, Court Order Granting Plaintiff's Motion to Compel Responses and Granting Non-Party's [AVM/III] Motion for Protective Order AND Denying Defendant's Motino to Compel Depositions of Key Witnesses,:**

*NOTE FOR REVIEW: Defendant, James Todd Wagner resides in Texas and became severely ill with a COVID-type illness. Defendant informed the Court about the illness and inability to attend the Sept 27, 2025 hearing both 2-days before hearing and again on the morning of hearing. Defendant stated to the court that he was available by phone, but the court did not contact Defendant during or after the hearing.*

## *Pg 1 of DE-128:*

Motions for a hearing on August 27, 2025. *See* DE 103; DE 105; DE 107. The Court ordered all counsel and *pro se* parties to appear in person for the August 27 hearing. DE 103.

Despite that Order, Defendant telephoned the Court's Chambers before the hearing to state that he would not be appearing, and he did not appear for the hearing. Defendant did not move for

## *Pg 2 of DE-128:*

With the exception of Defendant's attorney-client privilege objection to Second Requests for Production of Documents # 5, all other objections to Plaintiff's First and Second Requests for Production of Documents are overruled either because the Court already overruled them in the Order at docket entry 86 or because Defendant waived them by not raising them previously.

## *Pg 3 of DE-128:*

AVM L.P. and III Capital Management's Motion for Protective Order [DE 106] is **GRANTED**, and Defendant's Motion to Compel Depositions of Key Witnesses [DE 111] is **DENIED**. Defendant did not appear for the August 27 hearing to argue his position with respect to these Motions and to answer questions that the Court had with respect to the Motions. AVM L.P. and III Capital Management are granted a Protective Order insofar as, with respect to this case, they need not respond to any written discovery requests from Defendant or sit for any depositions that Defendant has requested. Any subpoenas for such depositions are quashed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 29th day of August, 2025.

- *Following in this Appendix 8 will be full documents for each of the Docket Entries stated in the summary with the exception of the Answer and Counterclaim, which is included in Appendix 2.*

- *The documents included in this Appendix 8 to support the Table of Asymmetric Discovery Rulings illustrate heavy bias against Defendant and are included in the following order for ease of review.*
  1. *Motion*
  2. *Response*
  3. *Order*

- *The documents included in this Appendix 8 are:*

DE-52, Defendant-Wagner's Motion to Compel the June 22, 2025 Court Ordered Discovery, with Incorporated Motion for Sanctions,:

DE-74, Defendant-Wagner Motion to Compel Responses and Documents [same as DE-52, but reduced down to 3 pages per Court directive],:

DE-59, Plaintiff-Mosler's Motion to Compel [Discovery Responses and to Overrule Objections from Defendant],:

DE-86, Court Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [DE 58]:

DE-101, Omnibus Order on Pending Discovery Motions, [most indicative of judicial-bias in discovery rulings] per Appellate Brief text:

DE-106, AVM, L.P. and III Capital Management's Motion for Protective Order and Incorporated Memorandum of Law:

DE-113, Defendant-Wagner's Response to AVM/III's Motion for Protective Order:

DE-111, Defendant-Wagner's Motion to Compel Depositions of Key Witnesses: Control Persons at III Capital Management and AVM, L.P., [filed after no-shows of the deponents after receiving court-issued subpoenas]:

DE-115, AVM and III Capital Management's Response to Defendant's Motion to Compel Depositions:

DE-128, Court Order Granting Plaintiff's Motion to Compel Responses and Granting Non-Party's [AVM/III] Motion for Protective Order AND Denying Defendant's Motino to Compel Depositions of Key Witnesses,:

 

**PRESS FIRMLY TO SEAL**

**PRIORITY MAIL EXPRESS**
**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

FO 

US POSTAGE
PAID IMI
10/08/2025
From 33304
1 lbs 0 ozs
Zone 1

Pitney Bowes
CommPrice
NO SURCHARGE



028W0002310003

3002326503

**AL USE**
E

## USPS GROUND ADVANTAGE™

James Wagner
James Wagner
325 Hood rd
315
Mineral Wells TX 76067

**0001**

stic

**C040**

 US FEDERAL COURT
US FEDERAL COURT
299 E BROWARD BLVD
FORT LAUDERDALE FL 33301 – 1944

ance

## USPS TRACKING #



9434 6091 0937 5004 0582 36

claims exclusions see the

REQUIRED.

W

= July 2022
2 1/2 x 9 1/2

  

**UNITED STATES**
**POSTAL SERVICE.**