UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH

**WARREN MOSLER**,

    *Plaintiff*,

v.

**JAMES TODD WAGNER**,

    *Defendant*.

_____/

**OMNIBUS ORDER**

    **THIS CAUSE** is before the Court on *pro se* Defendant James Todd Wagner's ("Defendant") Motion for Reconsideration in the Interests of Justice (the "Reconsideration Motion") [ECF No. 196] and Motion to Dismiss Plaintiff-Mosler's Motion for Summary Judgment for Failure to Follow Rule 56(1) (the "Dismissal Motion") [ECF No. 198], both filed on December 5, 2025. After careful review, the Reconsideration Motion [**ECF No. 196**] and the Dismissal Motion [**ECF No. 198**] are **DENIED**.

    **I.**    **LEGAL STANDARD**

    Courts have generally recognized three grounds for reconsidering a court order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Su v. Local 568, Transport Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1337 (S.D. Fla. 2023) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.") (quoting *United States v. Dean*, 838 F. App'x 470, 471–72 (11th Cir. 2020) (internal quotation marks omitted)); *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citations omitted); *Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1265 (M.D. Fla. 2015). These grounds show

that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (applying Rule 59(e) for setting aside a judgment). Simply moving for reconsideration in the hope the court will change its mind, however, is not appropriate. *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.") (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] motion for reconsideration serves that limited purpose of correcting manifest errors of law or fact, or in certain circumstances, calling newly discovered evidence to the Court's attention. Thus, the court is most willing to reconsider a prior ruling on an issue in the face of new Eleventh Circuit or Supreme Court authority." *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga. 1993), *on reconsideration* (Dec. 14, 1993).

## II.   DISCUSSION

The Court will again deny the frivolous motions filed by Defendant. First, Defendant seeks reconsideration of the Court's November 20, 2025, Order, denying Defendant's Motion for Summary Judgment for failure to timely file the motion [ECF No. 193]. [ECF No. 196 at 1]. Defendant argues that good cause allows for missing the summary judgment deadline and that the interests of justice weigh in favor of allowing Defendant to refile the motion. [*Id.* at 2].

2

The Reconsideration Motion is completely devoid of any sound argument as to why the Court should revisit its previous Order. Defendant, without any citation to law, argues that he was unaware of a deadline to file a motion for summary judgment and that the Court's Scheduling Order does not indicate that failure to comply would result in a denial. [*Id.*]. This is not even close to warrant the "extraordinary remedy" of reconsideration.

Rule 16 of the Federal Rules of Civil Procedure informs that a court's scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and *file motions*." Fed. R. Civ. P. 16(b)(3)(A) (emphasis added). Such orders "control the course of the action unless the court modifies it," Fed. R. Civ. P. 16(d), and "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Furthermore, the Local Rules of the Southern District of Florida provide that "parties are required to comply with any pretrial orders by the Court . . . ." S.D. Fla. Loc. R. 16.1(b)(6). A party's or counsel's failure to comply with the requirements set out in a court's scheduling order will subject them "to appropriate penalties[.]" S.D. Fla. Loc. R. 16.1(l).

Defendant, as this Court has already said, is bound by these rules. [*See* ECF No. 193 at 1 (citing cases)]. Defendant's ignorance of the Court's Scheduling Order [ECF No. 20], which has been on the docket since April 2025, is not sufficient good cause.[1] And although the Scheduling Order does not expressly say that failure to comply with deadlines can result in an automatic denial, the Local Rules provide sufficient notice that penalties may be levied for failure to comply. But in any event, this does not give Defendant—even as a *pro se* litigant—free reign to disregard court orders without sanctions. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction [for *pro se* litigants] does not mean liberal deadlines."). The Eleventh Circuit has recognized that a district court may appropriately deny a motion for summary judgment as untimely. *See Dedge v. Kendrick*, 849 F.2d

---

[1] This is especially the case because the Court's Order Providing Instructions to *Pro Se* Litigants required Defendant to "comply with all scheduling orders[.]" [ECF No. 43 at 2 ¶ 8].

1398, 1398 (11th Cir. 1988). That is the case even for those that proceed *pro se*. *See, e.g.*, *Killick v. Harbor Freight Tools USA Inc.*, No. 21-cv-111, 2023 WL 1825094, at *2 (N.D. Fla. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 1819161 (N.D. Fla. Feb. 8, 2023). Accordingly, Defendant has not shown good cause and has not "set forth facts and law of a strongly convincing nature to induce the [C]ourt to reverse its prior decision[]." *Instituto de Prevision Militar*, 485 F. Supp. 2d at 1343.

Second, Defendant's Dismissal Motion is similarly unpersuasive. It is also procedurally improper. Defendant has already responded in opposition to Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction. [*See* ECF No. 182]. Insofar as Defendant argues that Plaintiff similarly violated the Court's Scheduling Order by not timely filing a joint statement of undisputed facts [ECF No. 198 at 2], that argument fails. For starters, this is a *joint* obligation of the parties, so Defendant is not free from fault here. But more importantly, Plaintiff did not file an untimely motion for summary judgment—as Defendant has. And, unlike Defendant, Plaintiff recognized its oversight and moved for an extension to file the joint statement of undisputed facts, which the Court granted. [ECF Nos. 194, 195]. The Court will not deny Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction [ECF No. 166]—which was filed on time—simply because the parties *both* failed to timely file a joint statement of undisputed facts.

### III.    CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Reconsideration Motion [**ECF No. 196**] and the Dismissal Motion [**ECF No. 198**] are **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on December 11, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
     James Todd Wagner, *pro se*
     825 Hood Rd. #315
     Mineral Wells, TX 76067
     Email: j.todd.wagner@gmail.com