UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH

WARREN MOSLER,

　　　*Plaintiff*,

*v.*

JAMES TODD WAGNER,

　　　*Defendant.*

_____/

<u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court on *pro se* Defendant James Todd Wagner's ("Defendant")

Motion for Reconsideration Amended Notice of Severe Car Accident (the "Reconsideration Motion")

[ECF No. 230] and Motion to Vacate Plaintiff's Unilaterally-Filed Proposed Jury Instructions (the

"Motion to Vacate") [ECF No. 232].  After careful review, the Reconsideration Motion [**ECF No.**

**230**] and the Motion to Vacate [**ECF No. 232**] are **DENIED**.

## I.　　RECONSIDERATION MOTION

This motion is due to be denied.  Defendant seeks reconsideration of the Court's February 11,

2026, Order, denying Defendant's request to stay this case and/or extend the deadline to file trial

preparation materials [ECF No. 222].  [*See* ECF No. 230].  Defendant argues that the Court should

revisit that Order because now, in addition to his purported condition, he has no access to PACER

and thus cannot respond to Plaintiff's Motion in Limine.  [*Id.* at 1–2].  But Defendant does not come

close to meeting the rigorous standard for reconsideration.  *Su v. Local 568, Transport Workers Union of*

*Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1337 (S.D. Fla. 2023) ("The only grounds for granting a motion

for reconsideration are newly-discovered evidence or manifest errors of law or fact.") (quoting *United*

*States v. Dean*, 838 F. App'x 470, 471–72 (11th Cir. 2020) (internal quotation marks omitted)). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (applying Rule 59(e) for setting aside a judgment). Simply moving for reconsideration in the hope the court will change its mind is not appropriate. *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). That is exactly what Defendant does here. In any event, Defendant's request is moot; he has filed trial preparation materials, such as his witness list [*see* ECF Nos. 231, 235], after filing the instant Reconsideration Motion.

## II.      MOTION TO VACATE

The Court will also deny this frivolous motion. Defendant argues that the Court should strike Plaintiff's unilaterally filed trial preparation materials as well as defer ruling on the pending Motion in Limine [ECF No. 215]. [ECF No. 232 at 1]. As an initial matter, the form of this motion is procedurally improper as Defendant seeks multiple relief. *Schiller v. Am., Inc. v. Welch Allyn, Inc.*, No. 06-21438-CIV, 2007 WL 2702247, at *1 (S.D. Fla. Sept. 14, 2007) ("A party seeking multiple relief should docket multiple motions, as per the Court's Local ECF rules."). Regardless, the Court rejects Defendant's arguments.

As indicated in Plaintiff's response, Plaintiff attempted several times to have Defendant weigh in and provide edits to the jury instructions, verdict forms, or pretrial stipulation. [*See* ECF No. 236 ¶ 6]. Those efforts proved unsuccessful. [*See id.*]. (To date, Plaintiff represents that Defendant still has not provided any proposed edits.) Defendant instead has routinely disagreed with Plaintiff's submissions. [*See, e.g.*, ECF No. 195 at 1; ECF 224 at 1]. As a result, Plaintiff filed unilateral submissions to comply with the Court's Scheduling Order deadline. [ECF No. 236 at 6]. The Local Rules contemplate this precise measure when the parties simply cannot agree. *See, e.g.*, S.D. FLA. LOC. R. 16.1(f) ("If for any reason the pretrial stipulation is not executed by all counsel, each counsel shall

file and serve separate proposed pretrial stipulations . . . with a statement of reasons no agreement was reached thereon.").

As for the Motion in Limine, the motion itself was filed on January 12, 2026. Nothing suggests that Defendant was unable to access that document at that time (or during the two-week response period). Indeed, from Defendant's attachment to the Motion to Vacate, the earliest time in which Defendant claimed he was locked out of Pacer was on February 14, 2026, *a month* after the Motion in Limine was filed. [*See* ECF No. 232-2 at 2–3]. Defendant utterly fails to persuade this Court otherwise.

## III.    CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Reconsideration Motion [**ECF No. 230**] and the Motion to Vacate [**ECF No. 232**] are **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on February 26, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record
       James Todd Wagner, *pro se*
       620 County Road 413 Unit #2
       Spicewood, TX 78669
       Email: j.todd.wagner@gmail.com