UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH

WARREN MOSLER,

     *Plaintiff,*

*v.*

JAMES TODD WAGNER,

     *Defendant.*

_____/

## <u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Plaintiff's Counsel to Produce Names for Defendant's Witness List (the "Motion to Compel") [ECF No. 234], Plaintiff's Motion to Strike Plaintiff's Amended Witness List (the "Motion to Strike") [ECF No. 237], and Plaintiff's Motion to Seal (the "Motions to Seal") [ECF Nos. 244, 251].  After careful review, the Motion to Compel [**ECF No. 234**] is **DENIED**; the Motion to Strike [**ECF No. 237**] is **GRANTED IN PART AND DENIED IN PART**; the Renewed Motion to Seal [**ECF No. 251**] is **GRANTED**; and the Motion to Seal [**ECF No. 244**] is **DENIED** as moot.[1]

### I.     MOTION TO COMPEL

Defendant moves to compel the production of the names of certain lawyers and subcontractors of Plaintiff's counsel's legal team that testified in a May 2023 trial.  [ECF No. 234 at 1].  He argues that Plaintiff is refusing to release the names of these witnesses and that their testimony

---

[1]     Plaintiff initially filed a motion to seal [ECF No. 244] before filing a renewed motion [ECF No. 251].  The Court will deny the original motion as moot.

is paramount to his defense for the upcoming trial in this matter.  [*Id.*].  Plaintiff contends that Defendant's request is frivolous.  [ECF No. 242 at 1].

The Court agrees with Plaintiff.  Defendant cites no basis or authority supporting why he is entitled to the names of these witnesses.  [*See generally* ECF No. 234].  Moreover, Defendant's initial witness list that disclosed these unnamed witnesses (who were not disclosed in the initial disclosures [ECF No. 16]) was filed on February 18, 2026, five days after the deadline.  [*See* ECF No. 222]. Defendant has also not shown the Court why these late-noticed witnesses are "paramount" to his defense.  As such, this motion is due to be denied.

## II.      MOTION TO STRIKE

In this motion, Plaintiff seeks to strike witnesses from Defendant's amended witness list [ECF No. 235] and preclude Defendant from calling such witnesses at trial.  [ECF No. 237 at 1].  Plaintiff argues all Defendant's witness lists were untimely filed and, in any event, contain witnesses that are irrelevant to this case and will provide merely speculative or privileged testimony.  [*Id.* at 2–9].

As an initial matter, the Court will not strike the entirety of Defendant's amended witness list as that "is too extreme a sanction" for a late disclosure of just a few days.  *See Berenson v. John Hancock Life Ins. Co. (U.S.A.)*, No. 22-81866-CV, 2023 WL 9792653, at *1 (S.D. Fla. Aug. 24, 2023) (Middlebrooks, J.) (denying motion to strike untimely witness list).  Defendant is *pro se* and Plaintiff has not articulated any prejudice caused by the late filing.

However, the Court grants the Motion in part and will strike several witnesses on Defendants' amended list and precludes them from testifying at trial.  Plaintiff requests that the Court strike Witnesses #5–8, 10–13.  [*See* ECF No. 237 at 2–9].  Witness #5 is Plaintiff's counsel, Witness #6 is Plaintiff's counsel's wife, Witness #7 is a former law partner of Plaintiff's counsel, Witness #8 is an unidentified group of attorneys from Plaintiff's counsel's firm (the subject of the Motion to Compel), Witness #10 is an attorney for two defendants in the Defendant's now-dismissed Martin County

proceeding, Witness #11 is an individual who purportedly has knowledge of Plaintiff's business dealings and alleged bribery of Judge Luis Delgado, and Witnesses #12 and #13 are unnamed "Homeland Security Representatives." [*Id.*; *see also* ECF No. 16]. The Court cannot possibly see the relevance of these witnesses and Defendant has failed to respond to this motion to apprise the Court of any relevance. Accordingly, these witnesses will be struck from Defendant's amended witness list.

## III.    MOTIONS TO SEAL

Up next are two Motions to Seal where Plaintiff seeks to seal his financial information filed on the Court's docket by Defendant. [*See* ECF Nos. 244, 251]. Plaintiff argues that Defendant improperly disclosed this financial information, which had already been designated as confidential in the underlying proceeding. [ECF No. 244 ¶ 2]. The Court agrees and finds that Plaintiff has shown good cause to seal this filing. *See, e.g.*, *Hett v. Barron-Lunde*, 290 So. 3d 565, 570–71 (Fla. 2d DCA 2020) ("[P]ersonal financial information is afforded protection under the fundamental right to privacy found in Article I, section 23, of the Florida Constitution."); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.").

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.   The Motion to Compel [**ECF No. 234**] is **DENIED**.

2.   The Motion to Strike [**ECF No. 237**] is **GRANTED IN PART AND DENIED IN PART**. Witnesses #5–8, 10–13 are STRICKEN from Defendant's Amended Witness List [ECF No. 235 at 2–3].

3.   The Renewed Motion to Seal [**ECF No. 251**] is **GRANTED**. The *Clerk* is *directed* to **SEAL** [ECF No. 240] from the public docket.

4.   The Motion to Seal [**ECF No. 244**] is **DENIED** as moot.


   **DONE AND ORDERED** in the Southern District of Florida on March 25, 2026.


   **DAVID S. LEIBOWITZ**
   **UNITED STATES DISTRICT JUDGE**


cc:   counsel of record
      James Todd Wagner, *pro se*
      620 County Road 413 Unit #2
      Spicewood, TX 78669
      Email: j.todd.wagner@gmail.com

      Sealed Clerk