UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH

WARREN MOSLER,

     *Plaintiff*,

v.

JAMES TODD WAGNER,

     *Defendant.*

_____/

ORDER MODIFYING
REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon United States Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation to Deny an Award of Appellate Attorney's Fees (the "R&R") [ECF No. 228], entered on February 17, 2026, recommending the denial of Plaintiff's appellate attorney's fees [ECF No. 201]. The undersigned referred the matter to Magistrate Judge Augustin-Birch pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [*See* ECF No. 205]. Objections were timely filed by Plaintiff [ECF No. 233], which the Court has reviewed *de novo*. Having reviewed and considered the R&R in light of the Objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that Plaintiff may be entitled to appellate attorneys' fees at a later time. Accordingly, the Court hereby **MODIFIES** Magistrate Judge Augustin-Birch's R&R [**ECF No. 228**]. Plaintiff's Objections [ECF No. 233] to the R&R are **SUSTAINED,** for the reasons discussed below.

STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72 adv. comm. note to 1983 amendment, subd. (b).

**RULING ON OBJECTIONS**

Plaintiff objects to Judge Augustin-Birch's finding that Plaintiff failed to file a timely motion for attorneys' fees and therefore should be denied a fee award.  [ECF No. 233 at 4].  In essence, Plaintiff objects because he contends that the time to move for fees is not yet ripe.  The Court agrees that Plaintiff may file a motion for attorneys' fees at a later time, consistent with the Eleventh Circuit's December 10, 2025 Order.  Accordingly, to this extent the objections are SUSTAINED.

On December 10, 2025, after dismissing Defendant's appeal for lack of jurisdiction, the Eleventh Circuit issued an order transferring the consideration of Plaintiff's entitlement to appellate attorneys' fees to this Court, "to be determined upon resolution of the claims below."  [ECF No. 200 at 1–2].  In her R&R, Judge Augustin-Birch recommended that Plaintiff be denied appellate attorneys' fees because he failed to timely move for them under Local Rule 7.3.  That Rule reads that a motion for fees should "be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings."  S.D. FLA. LOC. R. 7.3(a)(1).  Because Plaintiff did not move for appellate fees within sixty days of the Eleventh Circuit's mandate dismissing the appeal or even within sixty days of the

2

order transferring the issue of fees to this Court, Judge Augustin-Birch explained that a request for appellate fees is untimely and should be denied pursuant to Local Rule 7.3. [ECF No. 228 at 1–2].

Plaintiff objects to this finding because the clock for requesting fees starts when the order that forms the basis of the request is a final, appealable one. [*See* ECF No. 233 at 5–8]. In other words, Plaintiff contends that it did not (and indeed, could not) move for fees *now*, as Defendant appealed a non-final Order of this Court that the Eleventh Circuit had no jurisdiction to consider. [*See id.*].

This Court agrees. Several courts in this District have interpreted Local Rule 7.3(a) to mean that a litigant is permitted to move for fees "at the conclusion of the litigation." *Temurian v. Piccolo*, No. 18-CV-62737, 2021 WL 1520588, at *6 (S.D. Fla. Mar. 3, 2021) (Valle, M.J.), *report and recommendation adopted*, 2021 WL 112003 (S.D. Fla. Mar. 24, 2021) (Smith, J.); *accord League of Women Voters of Fla. v. Browning*, No. 06-21265-CIV, 2008 WL 5733166, at *3 (S.D. Fla. Dec. 4, 2008) (O'Sullivan, M.J.), *report and recommendation adopted in relevant part*, 2009 WL 701107 (S.D. Fla. Mar. 16, 2009) (Huck, J.). This can be reconciled with the Eleventh Circuit's order for this Court to determine appellate attorney's fees "upon resolution of the claims below." [ECF No. 200 at 2]. Under the inverse view, however, a request for fees "would effectively become mandatory following the issuance of every appealable order wherein attorney's fees are recoverable." *League of Women Voters*, 2008 WL 5733166, at *3. This piecemeal approach would run afoul of Local Rule 7.3(a) and would unduly burden courts with countless motions for fees every time a party obtained a favorable ruling. *See Mazzota v. Citimortgage, Inc.*, No. 15-80012-CIV, 2015 WL 1189587, at *2 (S.D. Fla. Mar. 12, 2015) (Marra, J.) ("The Court will not award attorney's fees on a piecemeal basis every time Defendants prevail on a motion initiated by Plaintiffs. The Court will consider the question of attorney's fees at the conclusion of the case.").

Having said that, Judge Augustin-Birch correctly denied any request for appellate attorneys' fees *for now*. The Court, however, modifies the R&R to deny the request *without prejudice and with leave*

*to refile at the appropriate time,* consistent with this Order.  *See Vergara v. Davis Bancorp, Inc.*, No. 10-21746-CIV, 2011 WL 666169, at *1 (S.D. Fla. Feb. 14, 2011) (Goodman, M.J.) ("Plaintiffs' motion for fees and costs, which is clearly premature, is denied without prejudice. Plaintiffs may renew their motion once the matter becomes ripe . . . .").

### CONCLUSION

Accordingly, in view of the foregoing and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The R&R [**ECF No. 228**] is **MODIFIED IN PART** as indicated in this Order.

2.  The Motion for Attorney Fees [**ECF No. 201**] is **DENIED** *without prejudice* and with leave to refile.

3.  Plaintiff's Objections [**ECF No. 233**] are **SUSTAINED**.

**DONE AND ORDERED** in the Southern District of Florida on March 26, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record
        James Todd Wagner, *pro se*
        620 County Road 413 Unit #2
        Spicewood, TX 78669
        Email: j.todd.wagner@gmail.com