**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH**

**WARREN MOSLER**,

　　　*Plaintiff*,

*v.*

**JAMES TODD WAGNER**,

　　　*Defendant*.

_____/

<u>**OMNIBUS ORDER**</u>

**THIS CAUSE** is before the Court on Defendant's Motion for Leave to File Amended Response to Motion in Limine to Cure Plaintiff's Complaint (the "Motion to Amend") [ECF No. 258], Defendant's Motion to Reconsider Striking Defendant's Witness List (the "Reconsideration Motion") [ECF No. 261], and Plaintiff's Motion to Seal (the "Motion to Seal") [ECF No. 264].  After careful review, the Motion to Amend [**ECF No. 258**] is **DENIED**; the Reconsideration Motion [**ECF No. 261**] is **DENIED**; and the Motion to Seal [**ECF No. 264**] is **GRANTED**.

　**I.**　　**MOTION TO AMEND**

Defendant moves to amend his response to Plaintiff's Motion in *Limine* [ECF No. 215]. Defendant argues that there is good cause for this request because of his ongoing physical and mental condition and that he did not realize the page-limit for the response.  [ECF No. 258 at 1–2].  But Plaintiff is right that this oversight is not good cause for amendment.  Defendant has been made aware of compliance with the Local Rules by this Court countless times.  And despite Defendant's condition, he has demonstrated to the Court that he is more than able to participate in this litigation.

Defendant has also already improperly filed a second response to Plaintiff's Motion in Limine [ECF No. 215] without seeking prior leave from this Court.  [*See* ECF No. 255].  He had filed his

initial response on February 17, 2026.  [*See* ECF No. 229].  As such, this motion is due to be denied and this second response is due to be stricken.

## II.    RECONSIDERATION MOTION

Defendant has yet again wasted this Court's time with another frivolous motion for reconsideration.  As with his prior motions, the instant Reconsideration Motion [ECF No. 261] is DENIED.

Reconsideration is a drastic remedy.  *Su v. Local 568, Transport Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1337 (S.D. Fla. 2023) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.") (quoting *United States v. Dean*, 838 F. App'x 470, 471–72 (11th Cir. 2020) (internal quotation marks omitted)). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling.  *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (applying Rule 59(e) for setting aside a judgment). Simply moving for reconsideration in the hope the court will change its mind is not appropriate. *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Defendant first argues that additional evidence "has arrived" since the Court struck several of Defendant's proposed witnesses, including Plaintiff's counsel, Mr. Weber. [ECF No. 253 at 2–3]. [ECF No. 261 at 1–2].  That purported new evidence is that Plaintiff recently disclosed Mr. Weber as a witness in the underlying state lawsuit. [*See* ECF No. 261 at 6–7].  But Mr. Weber appeared on this witness list for an evidentiary hearing set by the judge in the state court case to provide testimony as to fees and costs that Plaintiff should be awarded. [*See* ECF No. 263 at 2–3].  Mr. Weber's testimony[1] and Plaintiff's entitlement to fees and costs has no bearing on the issues in this case whatsoever.

---

[1]     Defendant's argument is also moot because, as Plaintiff represents, the state court judge has now ordered the parties to attend non-binding arbitration on the fees and costs issues in lieu of holding the evidentiary hearing.

Second, Defendant seeks reconsideration of this Court's prior Order [ECF No. 253] because the witnesses struck were "paramount" to his defense. [ECF No. 261 at 3]. But this "paramount" argument was made in support of Defendant's prior motion to compel, not for his response in opposition to Plaintiff's motion to strike. [*See* ECF No. 253 at 1–2]. In any event, Defendant cannot relitigate these issues or ask this Court to revisit an unfavorable ruling. *See Jacobs*, 626 F.3d at 1344.

Unsurprisingly, Defendant cannot meet the exacting standard for reconsideration. The Court now cautions Defendant against filing future frivolous motions for reconsideration and will be subject to possible sanctions for not complying.

### III.    MOTION TO SEAL

Plaintiff seeks to seal his financial information improperly filed on the Court's docket by Defendant. [*See* ECF Nos. 255, 256]. Plaintiff argues that Defendant once more improperly disclosed this financial information, which had already been designated as confidential in the underlying proceeding and by this Court in a prior Order. [ECF No. 264 at 1]. The Court agrees and finds that Plaintiff has shown good cause to seal this filing. *See, e.g.*, *Hett v. Barron-Lunde*, 290 So. 3d 565, 570–71 (Fla. 2d DCA 2020) ("[P]ersonal financial information is afforded protection under the fundamental right to privacy found in Article I, section 23, of the Florida Constitution."); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.").

### IV.    CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Amend [**ECF No. 258**] is **DENIED**. The *Clerk* is *directed* to **STRIKE** [ECF No. 255].

2. The Reconsideration Motion [**ECF No. 261**] is **DENIED**.

3

3. The Motion to Seal [**ECF No. 264**] is **GRANTED**.  The *Clerk* is *directed* to **SEAL** [ECF No. 255] and [ECF No. 256] from the public docket.

**DONE AND ORDERED** in the Southern District of Florida on April 15, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record
James Todd Wagner, *pro se*
620 County Road 413 Unit #2
Spicewood, TX 78669
Email: j.todd.wagner@gmail.com

Sealed Clerk