**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH**

**WARREN MOSLER**,

      *Plaintiff*,

*v.*

**JAMES TODD WAGNER**,

      *Defendant.*

_____/

<u>**ORDER GRANTING MOTION FOR**</u>
<u>**PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION**</u>

      **THIS CAUSE** comes before the Court on Plaintiff Warren B. Mosler's ("Plaintiff" or "Mosler") Motion for Partial Summary Judgment and Permanent Injunction ("the Motion") [ECF No. 166], filed on October 3, 2025. *Pro se* Defendant James Todd Wagner ("Defendant" or "Wagner") responded in opposition [ECF No. 182], and Plaintiff replied [ECF No. 185]. The Court has reviewed the briefing, the record, and the relevant legal authorities. For the reasons stated below, the Motion [**ECF No. 166**] is **GRANTED**.

    **I.**      **MATERIAL FACTS AT SUMMARY JUDGMENT**

      Mosler brings this action against Wagner for defamation *per se* and unauthorized publication of name or likeness. [ECF No. 8 ¶¶ 40–57]. The facts at summary judgment[1] are as follows:

---

[1]      The facts in the summary judgment record come from Plaintiff's Statement of Material Facts, Defendant's Statement of Facts, Defendant's Response to Plaintiff's Statement of Material Facts, and Plaintiff's Reply to Defendant's Statement of Material Facts. [*See* ECF Nos. 167, 192, 183, 186]. There is no joint submission of undisputed facts considered because Plaintiff was granted leave to forego this obligation given Defendant's purported failure to cooperate. [*See* ECF No. 204].

      The Court notes that many facts are undisputed by virtue of Defendant's admissions in his Answer [ECF No. 13] and Response to Plaintiff's Statement of Material Facts [ECF No. 183]. *See*

Prior to the instant case, Wagner filed a twenty-count complaint against Mosler in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida (the "State Court Proceeding"). [*See* Plaintiff's Statement of Material Facts ("PSMF"), ECF No. 167-1 ¶ 1; Defendant's Response to Plaintiff's Statement of Material Facts ("DRPSMF"), ECF No. 183 ¶ 1; ECF No. 167-1 ¶ 4]. After the jury returned a verdict for Wagner, the Honorable Luis Delgado set aside the jury's verdict and entered final judgment in Mosler's favor. [*See generally* ECF No. 167-1].

During that time, around September 2024, Wagner registered the website domains, titled "JudgeX.org," "warrenmosler.co.," and "ModernMonetaryTheory-Scam.org," all of which form the basis of the current action. [*See* PSMF, ECF No. 167 ¶ 3; DRPSMF, ECF No. 183 ¶ 3]. Through these publicly available websites, Wagner published various statements claiming that Mosler bribed Judge Delgado when he overturned the jury's verdict. [*See* PSMF, ECF No. 167 ¶ 5]. The websites also represent Mosler's name and likeness without Mosler's consent. [*Id.* ¶¶ 19–34; DRPSMF, ECF No. 183 ¶¶ 19–34]. In addition to the websites, Wagner continued to disparage Mosler through a YouTube channel he created, called "JudgeXO," once again accusing Mosler of bribing Judge Delgado in the State Court Proceeding. [*See* PSMF, ECF No. 167 ¶¶ 7–8].

---

*Coates v. United States*, 599 F. Supp. 3d 1275, 1276 (S.D. Fla. 2022) ("It is well settled that any facts included in the moving party's statement of material facts that are not controverted in the non-moving party's response or sworn pleadings may be deemed admitted."). The Court further notes that many facts are undisputed because Defendant routinely failed to cite to the evidentiary record in its Response to Plaintiff's Statement of Material Facts [ECF No.183]. *See* S.D. FLA. LOC. R. 56.1(b)(1)(B) ("Statements of Material fact shall . . . [c]onsist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to particular parts of record material, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions, and interrogatory answers . . . ."). Last, the Court ignores Defendant's "facts" that are merely legal conclusions. *Inspirations Nevada LLC v. Med Pro Billing, Inc.*, No. 20-CV-60268, 2021 WL 4523616, at *1 (S.D. Fla. Oct. 2, 2021) ("[I]t is inappropriate to raise legal argument in a statement of material fact." (citations omitted)).

Wagner's basis for this allegation?  A statistical analysis (the "Statistical Analysis") based on mathematical probabilities.  [*See id.* ¶ 13; DRPSMF, ECF No. 183 ¶ 13; Deposition of James Todd Wagner ("Wagner Depo."), ECF No. 122 at 59:5–60:10[2]].  This analysis concluded that it was 99.999999999% probable that Judge Delgado accepted a bribe from Mosler.  [*See* ECF No. 13-1 at 25–26; PSMF, ECF No. 167 ¶ 14; DRPSMF, ECF No. 183 ¶ 14].  It further informed that it would have taken "an honest judge" nearly thirty-seven *billion* years to make such a remarkable ruling overturning the jury's verdict in the State Court Proceeding.  [*See* ECF No. 13-1 at 28].

The Statistical Analysis, however, admits of the possibility that Judge Delgado was not bribed.  [ECF No. 13-1 at 26; PSMF, ECF No. 167 ¶ 14; DRPSMF, ECF No. 183 ¶ 14].  Wagner, too, admits that possibility.  [*See* Wagner Depo., ECF No. 122 at 121:21–122:3; PSMF, ECF No. 167 ¶ 12; DRPSMF, ECF No. 183 ¶ 12].  Wagner does not know what Judge Delgado received as part of this alleged bribe nor who made this bribe.  [PSMF, ECF No. 167 ¶¶ 10–11; DRPSMF, ECF No. 183 ¶¶ 10–11].  In fact, Wagner nor his counsel in the State Court Proceeding ever argue that bribery was the cause of Judge Delgado setting aside the jury verdict.  [PSMF, ECF No. 167 ¶¶ 16–17; DRPSMF, ECF No. 183 ¶¶ 16–17].  At Wagner's counsel's deposition, counsel admitted that there was no evidence to support that Judge Delgado was bribed.  [PSMF, ECF No. 167 ¶ 15; DRPSMF, ECF No. 183 ¶ 15].

## II.    LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment "bears the initial burden to show the district court,

---

[2]    The pinpoint citations for this deposition transcript and exhibits cited in this Order correspond to the pages of the CM/ECF system and not the page numbers of the transcripts or documents themselves.

3

by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Those materials may include, "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

If the moving party meets its burden, the non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  If, in response, the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *See Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000).  A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law . . . ." *Anderson*, 477 U.S. at 248.  A dispute of fact is "genuine" if, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Gervin v. Florence*, 139 F.4th 1236, 1245 (11th Cir. 2025).  "In determining whether genuine issues of material fact exist, [the reviewing court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." *Rice-Lamar*, 232 F.3d at 840 (citing *Anderson*, 477 U.S. at 255).  However, when the record "taken as a whole" could not support a reasonable finding for the non-movant, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

4

## III.   DISCUSSION

### A. Plaintiff's Claims

As an initial matter, many elements of Plaintiff's claims are readily established at this juncture simply by virtue of Defendant's failure to address the arguments in response.  *See Grant v. Miami-Dade Cnty.*, No. 13-22008-Civ, 2014 WL 7928394, at \*9 (S.D. Fla. Dec. 11, 2014) ("Where a plaintiff fails to respond to an argument in a motion for summary judgment, he waives the argument." (citing *Mitchell v. ConAgra Foods, Inc.*, 448 F. App'x 911, 914 (11th Cir. 2011))).  The same is true for many facts; they are deemed admitted under Local Rule 56.1 of the Southern District of Florida[3] because Defendant failed to dispute Plaintiff's material facts with evidentiary support.  *See Palmetto 241 LLC v. Scottsdale Ins. Co.*, 462 F. Supp. 3d 1344, 1346 n.1 (S.D. Fla. 2020) ("A party's failure to controvert an opposing statement of material facts deems those facts admitted."); *Narbona v. Gold Coast Beverage Distrib, Inc.*, No. 13-cv-24148, 2014 WL 11906594, at \*2 n.3 (S.D. Fla. July 15, 2014) ("Plaintiff disputes several facts without reference to record evidence. The Court treats these facts as undisputed for purposes of ruling on [the defendant]'s motion for summary judgment.").

The Court now turns to addressing the substantive counts.

---

[3]    Local Rule 56.1 states in pertinent part:

> An opponent's Statement of Material Facts *shall clearly challenge any purportedly material fact asserted by the movant* that the opponent contends is genuinely in dispute. . . . If an opponent's Statement of Material Facts disputes a fact in the movant's Statement of Material Facts, *then the evidentiary citations supporting the opponent's position must be limited to evidence specific to that particular dispute.* . . . All material facts in any party's Statement of Material Facts *may be deemed admitted* unless controverted by the other party's Statement of Material Facts . . . .

S.D. FLA. LOC. R. 56.1(a)(2), (b)(2)(C), (c) (emphasis added).

1. <u>Count I – Defamation *Per Se*</u>

Plaintiff first moves for summary judgment on his defamation *per se* claim under Florida law. The Court GRANTS summary judgment on this count of the Amended Complaint.  [*See* ECF No. 8 ¶¶ 40–48].

"To prove defamation under Florida law, a plaintiff must establish the following elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Johnston v. Borders*, 36 F.4th 1254, 1275 (11th Cir. 2022) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1105–06 (Fla. 2008)).  "However, in a defamation per se action, the plaintiff does not need to show any special damages." *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015) (citing *Johnson v. Fin. Acceptance Co.*, 159 So. 364, 365 (Fla. 1935)).  In these cases, there is "an absolute presumption both of malice and damage." *Id.* (quoting *Wolfson v. Kirk*, 273 So.2d 774, 776 (Fla. 4th DCA 1973)).

The first element, publication, is easily met.[4]  Publication is established where the defamatory statement is published or communicated to a third person. *Wiener v. Boca W. Country Club, Inc.*, No. 25-CV-80039, 2025 WL 1220106, at *2 (S.D. Fla. Apr. 28, 2025) (citing *Am. Airlines, Inc. v. Geddes*, 960 So.2d 830, 833 (Fla. 3d DCA 2007)).  "[S]tatements made to the person alleging the defamation do not qualify." *Id.*  Here, Defendant does not dispute that the purported defamatory statements regarding the alleged bribery of Judge Delgado were published on his publicly accessible websites and YouTube channel.  [*See* ECF No. 8 ¶ 42; ECF No. 13 ¶ 42].[5]

---

[4]     In his response, Defendant failed to address this element of Plaintiff's claim.  [*See generally* ECF No. 182].  As such, Defendant has waived this element.  *See Grant*, 2014 WL 7928394, at *9.

[5]     A party is generally bound by the admissions in his pleadings.  *See Robertson v. Riverstone Cmtys., LLC*, 849 F. App'x 795, 797 (11th Cir. 2021). "Facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them."

Second, falsity.  "A statement (or any implication thereof) cannot be defamatory if the gist or the sting of the statement is true."  *Utterback v. Morris*, No. 24-12947, 2025 WL 1455900, at *6 (11th Cir. May 21, 2025) (cleaned up).  To defeat summary judgment here, Wagner would need to show a dispute of fact that the bribery allegations were, in fact, true.  He has not done so.  It is undisputed that Plaintiff did not bribe Judge Delgado. [PSMF, ECF No. 167 ¶ 9; DRPSMF, ECF No. 183 ¶ 9[6]].  Defendant does not know how the alleged bribery occurred and what Judge Delgado purportedly received as part of the bribe.  All he offers is a speculative statistical analysis based on mere probability. (The Statistical Analysis also admits the possibility that Judge Delgado was *not* bribed.  [PSMF, ECF No. 167 ¶ 12; DRPSMF, ECF No. 183 ¶ 12) That clearly won't carry the day.  *See Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 988 (11th Cir. 2025) ("[I]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." (internal quotation marks and citation omitted)).  Therefore, there is no dispute of material fact that Defendant's defamatory statements were false.

Third, Mosler is entitled to summary judgment on the fault prong of his defamation *per se* claim.  "Public figures, the [Supreme] Court said, cannot recover damages for defamation unless they prove that an untrue statement was made 'with knowledge that it was false or with reckless disregard of whether it was false or not.'"  *Dershowitz v. Cable News Network, Inc.*, 153 F.4th 1189, 1193 (11th Cir. 2025) (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964)).  "That is, 'actual malice.'"  *Id.*

---

*Brown v. Royal Caribbean Cruises, Ltd.*, 549 F. App'x 861, 863 (11th Cir. 2013) (alteration adopted) (quoting *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2008)).  These rules are routinely applied at summary judgment to establish undisputed facts.  *See, e.g.*, *Shiver v. Miami-Dade Cnty., Fla.*, No. 20-cv-23826, 2021 WL 8918986, at *4 (S.D. Fla. Sept. 28, 2021).

[6]     This fact is deemed admitted under Local Rule 56.1 because Defendant did not cite to the evidentiary record; he merely pointed to exhibits attached to his Answer.  [*See* DRPSMF, ECF No. 183 ¶ 9 (citing ECF Nos. 13-1, 13-3, 13-5)]; *Narbona*, 2014 WL 11906594, at *2 n.3; S.D. FLA. LOC. R. 56.1(c).

7

(quoting *Sullivan*, 376 U.S. at 280). "Florida has since implemented that same standard as a matter of state law." *Id.* (citation omitted). "[T]o show reckless disregard that amounts to actual malice, a defamation plaintiff must point to evidence that the defendant had real, subjective suspicions about the veracity of the statement in question." *Lovingood v. Discovery Communications, Inc.*, 800 F. App'x 840, 850 (11th Cir. 2020). "There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication, or that he acted with a high degree of awareness of probable falsity." *Id.* (cleaned up).

It is not clear from this record whether Mosler is considered a public figure such that he must meet the actual malice standard. But assuming he is, there is no dispute that Wagner acted with reckless disregard for the truth, amounting to actual malice. Again, Wagner puts forth no information concerning the bribery apart from the Statistical Analysis; he does not know who bribed Judge Delgado nor what Judge Delgado received in exchange. He also admits the possibility that Judge Delgado was not bribed. [*See* PSMF, ECF No. 167 ¶ 12; DRPSMF, ECF No. 183 ¶ 12]. This evidence is sufficiently undisputed for the Court to find that Wagner acted with "a high degree of awareness of probably falsity" when he made the bribery allegations concerning Plaintiff. *See Lovingood*, 800 F. App'x at 850.

Up next: the damages element of the defamation *per se* claim. Under Florida law, this claim "does not require proof of actual damages." *Deeb v. Saati*, 778 F. App'x 683, 687 n.4 (11th Cir. 2019) (citing *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So.3d 710, 712 (Fla. 4th DCA 2010)). Therefore, the Court grants summary judgment on this element.[7]

---

[7]     In his response, Defendant failed to address this element of Plaintiff's claim. [*See generally* ECF No. 182]. As such, Defendant has waived this element. *See Grant*, 2014 WL 7928394, at *9.

Lastly, Plaintiff must show that the publication was defamatory.  "Words are defamatory under Florida law when they tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession." *Johnston*, 36 F.4th at 1275 (internal quotation marks and citation omitted).  "A written publication constitutes libel per se under Florida law if, when considered alone and without innuendo, it (1) charges that a person has committed an infamous crime . . . ." *Alan*, 604 F. App'x at 865 (citing *Richard v. Gray*, 62 So.2d 597, 598 (Fla. 1953)).  There is no doubt here that bribery is an "infamous crime" that satisfies the defamatory definition for this claim. *See* Fla. Stat. § 838.015(3) ("Any person who commits bribery commits a felony of the second degree[.]"); *Ray v. Hill*, No. 17-14266-CIV, 2017 WL 9988945, at *1 (S.D. Fla. Oct. 3, 2017) ("Florida law presumes that a false accusation of felonious conduct is harmful and malicious." (citing *Lawnwood*, 43 So.3d at 727–78)).  Summary judgment is proper on this element as well.[8]

Viewing the record evidence in the light most favorable to Defendant, Plaintiff has proven his defamation *per se* claim.  Accordingly, the Court GRANTS summary judgment on Count I of the Amended Complaint as to liability.

### 2.  Count II – Unauthorized Publication of Name or Likeness

The Court next addresses Count II of the Amended Complaint.  For the reasons stated below, summary judgment is warranted on this claim as well.

To demonstrate a *prima facie* case for an unauthorized publication of name or likeness pursuant to Section 540.08(2), Florida Statutes, a party must show that "the defendant (1) used [his] name or likeness to directly promote a product or service (2) without [his] consent." *Martin v. E.C. Publ'ns, Inc.*, No. 19-CV-21167, 2022 WL 3154787, at *9 (S.D. Fla. Feb. 16, 2022) (citing *Almeida v. Amazon.com. Inc.*, 456 F.3d 1316, 1325 (11th Cir. 2006)), *report and recommendation adopted*, 2022 WL 4483136 (S.D.

---

[8]      In his response, Defendant failed to address this element of Plaintiff's claim.  [*See generally* ECF No. 182].  As such, Defendant has waived this element. *See Grant*, 2014 WL 7928394, at *9.

Fla. Sept. 27, 2022). It is also required that the plaintiff's name or likeness be used "to directly promote a commercial product or service, separate and apart from the publication." *Id.* (quoting *Fuentes v. Mega Media Holdings, Inc.*, 721 F. Supp. 2d 1255, 1258 (S.D. Fla. 2010)).

Both elements are established on this record. First, Wagner used Mosler's name and likeness to directly promote his various websites, including the one with the domain JudgeX.org. These websites are replete with Mosler's name as well as pictures and descriptions of him cast in a negative light. [*See* PSMF, ECF No. 167 ¶¶ 19–33; DRPSMF, ECF No. 183 ¶¶ 19–33]. This was all seemingly done to promote JudgeX—including the use of the Statistical Analysis which Wagner claims to have invented—for others to track bribes made in the judiciary. [PSMF, ECF No. 167 ¶ 6; DRPSMF, ECF No. 183 ¶ 6; *see also* ECF No. 167-12 at 2 ("JudgeX.org will be a [] tool to allow anyone to perform a statistical analysis on a Judge to discern when he/she has taken a bribe." (emphasis removed))] Second, Mosler never consented to Wagner's conduct. [PSMF, ECF No. 167 ¶ 34; DRPSMF, ECF No. 183 ¶ 34].

Therefore, the Court will enter summary judgment for Plaintiff on his Section 540.08(2) claim.

### B.  Defendant's Affirmative Defenses

Plaintiff moves for summary judgment on Defendant's affirmative defenses as well. *See Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 5098972, at *2 (S.D. Fla. Aug. 14, 2018) ("Partial summary judgment may be granted on affirmative defenses."), *report and recommendation adopted*, 2018 WL 5098870 (S.D. Fla. Aug. 28, 2018). "Plaintiff has the burden of showing that Defendant cannot maintain these defenses by a preponderance of the evidence." *Id.* "The defending party must rely on or submit record evidence in support of the purported affirmative defenses to create a genuine issue of material fact preventing the entry of summary judgment." *Id.* (cleaned up). As explained

below, the Court GRANTS summary judgment in favor of Plaintiff on each of Defendant's affirmative defenses.[9]

      1.   Truth (Affirmative Defenses 1, 2, 3)

The Court grants summary judgment for Plaintiff on the first three affirmative defenses. Defendant has failed to set forth facts suggesting a genuine issue of material fact to avoid judgment as a matter of law as to these defenses.

It is well settled that "true statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment." *Utterback*, 2025 WL 1455900 (alteration adopted and internal quotation marks omitted) (quoting *Turner v. Wells*, 879 F.3d 1254, 1272 (11th Cir. 2018)). Here, Defendant asserted truth as a defense to statements not alleged in the Amended Complaint. [*See* ECF No. 13 at 9 ¶¶ 1–2]. These two defenses are, therefore, irrelevant and the Court grants summary judgment as to them.

As to the third truth affirmative defense, the Court also grants summary judgment for Plaintiff. Defendant has not come close to pointing to record evidence that could conceivably create a genuine issue of material fact regarding the truth of the bribery allegations. *See Lebron*, 2018 WL 5098972, at *2. This is especially the case where the Statistical Analysis admits the possibility that Judge Delgado was not bribed. Moreover, Defendant's affirmative defense claims that the statements about bribery are true because of Plaintiff's "propensity" for other illegal acts. [*See* ECF No. 13 at 10 ¶ 3]. There is not a shred of evidence supporting this assertion.

      2.   Litigation Privilege (Affirmative Defense 4)

---

[9]    In his response, Defendant completely failed to address virtually all of Plaintiff's arguments in favor of granting summary judgment on the affirmative defenses. [*See generally* ECF No. 182]. As such, Defendant has waived these issues. *See Grant*, 2014 WL 7928394, at *9.

Summary judgment is proper on the affirmative defense of litigation privilege, too. "Florida adopted its litigation privilege to protect testifying witnesses against defamation suits premised on statements they made in open court." *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1218 (11th Cir. 2018) (citing *Myers v. Hodges*, 44 So. 357, 361–62 (Fla. 1907)). "[T]his privilege bars tort claims based on counsel's conduct during the course of litigation." *Williams v. Carney*, 157 F. App'x 103, 108 (11th Cir. 2005).

Defendant pled this affirmative defense because of the statements' relation to the State Court Proceeding. [ECF No. 13 at 12 ¶ 4]. But there is no evidence before this Court that any of the relevant statements Mosler sues upon here were made during that prior proceeding. Instead, the record evidence establishes that they were made by Wagner on websites and in YouTube videos after the State Court Proceeding. And it is undisputed that Wagner's counsel during the State Court Proceeding made no arguments or allegations that Judge Delgado was bribed. [*See* PSMF, ECF No. 167 ¶ 16; DRPSMF, ECF No. 183 ¶ 16]. The Court grants summary judgment for Plaintiff on the litigation privilege defense.

### 3.   Opinion (Affirmative Defense 5)

Defendant next pleads an opinion affirmative defense. "Under Florida law, a defendant publishes a 'pure opinion' when the defendant makes a comment or opinion based on facts which are set forth in the publication or which are otherwise known or available to the reader or listener as a member of the public." *Turner*, 879 F.3d at 1262 (citing *From v. Tallahassee Democrat, Inc.*, 400 So.2d 52, 57 (Fla. 1st DCA 1981)). "Whether the statement is one of fact or opinion and whether a statement of fact is susceptible to defamatory interpretation are questions of law for the court." *Id.* at 1262–63 (citations omitted). "When making this assessment, a court should construe statements in their totality, with attention given to any cautionary terms used by the publisher in qualifying the statement." *Id.* at 1263 (citation omitted).

Much like his truth affirmative defense, Wagner pleads this defense based on statements not sued upon and not relevant to this case.  In his Answer, Wagner pleads the opinion defense based on the statements concerning "Men Like Mosler" and "statistical conclusions."  [ECF No. 13 at 12 ¶ 5]. Mosler has only sued on statements impugning Mosler as a briber.  And those statements do not meet the definition of an opinion under Florida law.  *See Turner*, 879 F.3d at 1262.  Summary judgment for Plaintiff is granted on this defense.

4.   Public Figure/No Actual Malice and Failure to State a Claim (Affirmative Defenses 6 and 7)

The Court addresses Wagner's Sixth and Seventh Affirmative Defenses together because they fail for the very same reason.  "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."  *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).  As such, summary judgment for Plaintiff is proper as to these two defenses.

5.   First Amendment (Affirmative Defense 8)

Defendant pleads a First Amendment defense, claiming that his speech is "protected commentary on a public figure and judicial corruption."  [ECF No. 13 at 13 ¶ 8].  But on this record that defense fails because Plaintiff has adequately shown the absence of any genuine issue of material fact regarding actual malice, even assuming he is a public figure.  The First Amendment presents no bar and the Court grants summary judgment for Plaintiff as to this defense.

6.   Non-Commercial Use/Public Interest Exception (Affirmative Defense 9)

For this asserted defense, Defendant alleges that Plaintiff cannot satisfy his Section 540.08 claim because his name and likeness was used for non-commercial purposes.  [ECF No. 13 at 13 ¶ 9]. That is not the case, however, as explained above.  [*See supra* Section III.A.2].  Summary judgment for Plaintiff is granted on this defense as well.

7.   Newsworthiness Defense (Affirmative Defense 10)

The Court next grants summary judgment for Plaintiff on the newsworthiness defense. Defendant alleges that the statements at issue constitute "newsworthy commentary on matters of public concern . . . ." [ECF No. 13 at 13–14 ¶ 10]. But Wagner has not provided any authority that such an exception exists for defamation claims in *Florida*. There is also a dearth of evidence in the summary judgment record to suggest any genuine issue of material fact regarding the newsworthy character of the defamatory statements.[10]

8.   Neutral Reportage Privilege (Affirmative Defense 11)

For the final affirmative defense, Defendant pleads that the defamatory statements "are protected under the neutral reportage privilege." [ECF No. 13 at 14 ¶ 11]. "Under Florida law, it is well settled that disinterested communications of matters of public concern are privileged, even if defamatory." *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1124 (S.D. Fla. 2021) (quotations marks and citations omitted).[11] "However, this privilege, known as the neutral reporting privilege, is only extended to disinterested and neutral reporting by members of the media." *Id.* (citations and quotations marks omitted). "Whether a defendant is protected by the neutral reporting privilege is a question of law for a court to determine." *Id.* (citations and quotations marks omitted). "The privilege has been applied in situations in which a media defendant has republished a defamatory statement made by another person, where the making of the statement itself was a newsworthy event." *Trump Media & Tech. Grp. Corp. v. WP Co. LLC*, 720 F. Supp. 3d 1203, 1211–12 (M.D. Fla. 2024).

---

[10]   To the extent Wagner raises a "fair report" privilege, summary judgment would still be warranted because that doctrine is reserved for news media, *see Woodard v. Sunbeam Television Corp.*, 616 So.2d 501, 502 (Fla. 3d DCA 1993), and Wagner is not a member of the media. [PSMF, ECF No. 167 ¶ 18; DRPSMF, ECF No. 183 ¶ 18]; *see Narbona*, 2014 WL 11906594, at *2 n.3.

[11]   In an unpublished decision handed down by the Eleventh Circuit last year, the court also hinted that "Florida defamation law does not include a neutral reporting privilege[.]" *Rendón v. Bloomberg L.P.*, No. 19-14046, 2025 WL 1482420, at *5 (11th Cir. May 23, 2025). If that is true, summary judgment is warranted on this defense for this reason as well.

14

On this summary judgment record, it is clear beyond peradventure that Wagner is not a member of the media.  [PSMF, ECF No. 167 ¶ 18; DRPSMF, ECF No. 183 ¶ 18]; *see Narbona*, 2014 WL 11906594, at *2 n.3.  And even if he were, Wagner is undoubtedly interested as an adverse party in this action.  *See Corsi*, 519 F. Supp. 3d at 1124.  Summary judgment for Plaintiff is warranted on this final affirmative defense.

### C.  Relief

1.  Permanent Injunction

Mosler requests a permanent injunction against Wagner as one type of relief he seeks in this action.  Specifically, Mosler urges this Court to permanently enjoin Wagner from using his name and likeness as no adequate remedy at law could fix this.  [*See* ECF No. 166 at 17–18; ECF No. 8 ¶¶ 56–57].  The Court agrees.  Mosler has prevailed on his Section 540.08 claim, and the Court will grant summary judgment on the injunction request.[12]

"To obtain a permanent injunction, a plaintiff must show (1) that he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardships weighs in his favor; and (4) that a permanent injunction would not disserve the public interest." *Young Israel of Tampa, Inc. v. Hillsborough Area Regional Transit Auth.*, 89 F.4th 1337, 1351 (11th Cir., 2024) (citation omitted).  For unauthorized publication of name or likeness claims under Section 540.08, Florida Statutes, a plaintiff "may bring an action to enjoin such unauthorized publication, printing, display or other public use, *and* to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages." Fla. Stat. § 540.08(2) (emphasis added).

---

[12]      In his response, Defendant failed to address the permanent injunction elements.  [*See generally* ECF No. 182].  As such, Defendant has waived these issues.  *See Grant*, 2014 WL 7928394, at *9.

All permanent injunction elements are satisfied here.  First, Mosler has suffered, and continues to suffer, an irreparable injury by Wagner's improper use of his name and likeness because the websites that depict Mosler remain publicly available.  Second, other remedies at law, including monetary damages, cannot prevent Wagner from operating the publicly available websites and are inadequate to redress the harms caused by Wagner.  Third, the balance of hardships weigh heavily in favor of granting the permanent injunction given Defendant's improper conduct.  Finally, a permanent injunction here would not disserve the public interest; rather, "enjoining Defendant[']s conduct—the unauthorized use of [Mosler]'s name, image, and likeness—serves the public interest."  *Brecka v. Individuals, Entities, Unincorporated Assocs.*, No. 24-CV-60162, 2024 WL 1178978, at *2 (S.D. Fla. Feb. 20, 2024).

    2.  Damages

The Motion does not acknowledge or address damages, so they will not be considered by the Court at this stage.  [*See generally* ECF No. 166].  However, in the Amended Complaint, Mosler does seek various forms of damages for his two claims, including compensatory, statutory, special, nominal, and punitive damages.  [ECF No. 8 at 19, 21].  The Court will thus order the parties to meet and confer no later than fifteen days from the date of this Order and submit a proposed joint scheduling report.  This report should provide available dates and suggested deadlines to address all remaining issues to be determined in the case, including a possible trial on damages.

## IV.    CONCLUSION

After careful review, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction [**ECF No. 166**] is **GRANTED**.  Summary judgment is GRANTED on Counts I and II of the Amended Complaint.  Summary judgment is GRANTED on Affirmative Defenses One through Eleven of the Answer.  Additionally, Defendant James Todd Wagner, his officers,

directors, employees, agents, servants, attorneys, and all persons in active concert or participation with Defendant are PERMANENTLY RESTRAINED AND ENJOINED from using Plaintiff Warren B. Mosler's name and likeness on any website domain, including those referenced in the Amended Complaint [ECF No. 8 ¶¶ 13–36].

2. The parties shall submit a proposed joint scheduling report as discussed in this Order, **no later than fifteen (15) days from the date of this Order**.

3. Because there may be a forthcoming trial solely on the issue of damages, Plaintiff's Motion in Limine [**ECF No. 215**] is **DENIED** *without prejudice* and with leave to file at the appropriate time.

**DONE AND ORDERED** in the Southern District of Florida on May 20, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        James Todd Wagner, *pro se*
        620 County Road 413 Unit #2
        Spicewood, TX 78669
        Email: j.todd.wagner@gmail.com

17