**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH**

**WARREN MOSLER**,

      *Plaintiff*,

*v.*

**JAMES TODD WAGNER**,

      *Defendant.*

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Clarification on Order DE-268 Awarding Victory to Warren B. Mosler without a Jury Trial (the "Motion for Clarification") [ECF No. 269] and Defendant's Motion for Reconsideration on Order DE-268: Granting Summary Judgment to Plaintiff-Warren B. Mosler on All Issues He Wanted (the "Reconsideration Motion") [ECF No. 270].   After careful review, the Motion for Clarification [**ECF No. 269**] and the Reconsideration Motion [**ECF No. 270**] are both **DENIED**.

## I.      MOTION FOR CLARIFICATION

Defendant moves for clarification of the Court's Order Granting Motion Partial Summary Judgment and Permanent Injunction [ECF No. 268 (the "Summary Judgment Order")].   He puts forth four specific requests for clarification: (1) whether the Summary Judgment Order "intended to quash the 75-year-old Statistical Process Control methodology" for the purpose of discerning how to comply with the Court's directive; (2) whether the Summary Judgment Order viewed the evidence in the light most favorable to the non-movant, Defendant; (3) whether the Court overrode sworn testimony from both parties; and (4) point to the record where Defendant admitted that Plaintiff did not bribe Judge Delgado.   [ECF No. 269 at 11–12].

"The Federal Rules of Civil Procedure contain no specific provision allowing for a 'motion for clarification.'" *Casequin v. Cat 5 Contracting, Inc.*, No. 18-cv-588, 2021 WL 4748727, at *1 (M.D. Fla. Oct. 12, 2021) (citing *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011)). Nevertheless, "these motions are generally recognized and allowed by federal courts." *Id.* (quoting *Barnes v. District of Columbia*, 289 F.R.D. 1, 13 n.6 (D.D.C. 2012)). Although some courts analyze motions for clarification under Rules 59(e) and 60(b), *see United States v. Wagner*, No. 22-11958, 2023 WL 3092909, at *2 (11th Cir. Apr. 26, 2023) ("Similarly, while no federal rules authorize motions for clarification, several courts have interpreted such motions as being brought under Federal Rule of Civil Procedure 60(b)."), "these rules are not always suited to the task because a motion for clarification merely asks a Court 'to explain or clarify something ambiguous or vague,' not to 'alter or amend' a judgment." *Casequin*, 2021 WL 4748727, at *1 (quoting *Philip Morris USA Inc.*, 793 F. Supp. 2d at 168). Thus, courts, via Rule 60(a), have allowed for clarification "for the purpose of reflecting accurately a decision that the court actually made." *Id.* (internal quotation marks omitted) (quoting *Weeks v. Jones*, 100 F.3d 124, 129 (11th Cir. 1996) (per cuiram)).

The Court sees no reason to clarify the Summary Judgment Order. As many courts have done, the undersigned declines to provide clarification of an order that was "self-explanatory" and clear beyond peradventure. *See Zawadzki v. Liberty Mut. Fire Ins. Co.*, No. 12-cv-950, 2013 WL 12123976, at *1 (M.D. Fla. Feb. 26, 2013) (denying motion for clarification of a clear summary judgment order); *see also GEICO Indem. Co. v. Boike*, No. 06-80219-CIV, 2006 WL 8435399, at *1 (S.D. Fla. Nov. 9, 2006) (denying motion for clarification in part because "no further clarification [was] needed" of a clear summary judgment order). But, acknowledging that "courts have construed motions for clarification as moving for reconsideration[,]" *Kiesel v. Delta Air Lines, Inc.*, No. 23-cv-00024, 2023 WL 12096326, at *1 (N.D. Ga. May 25, 2023) (collecting cases), the Court turns to that rubric. For the same reasons

stated below regarding Defendant's simultaneously filed Reconsideration Motion, the Motion for Clarification is due to be DENIED for failing to satisfy any ground which justifies reconsideration.

## II.    RECONSIDERATION MOTION

Reconsideration is a drastic remedy. *Su v. Local 568, Transport Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1337 (S.D. Fla. 2023) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.") (quoting *United States v. Dean*, 838 F. App'x 470, 471–72 (11th Cir. 2020) (internal quotation marks omitted)). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (applying Rule 59(e) for setting aside a judgment). Simply moving for reconsideration in the hope the court will change its mind is not appropriate. *See Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Defendant argues that the Court erred in granting Plaintiff's motion for summary judgment and permanent injunction because there remain disputes of fact regarding falsity, malice, and defamation. [*See* ECF No. 270 at 7–9]. Defendant again ignores the Court's plain and clear ruling why no genuine issues of material fact existed to preclude summary judgment. He does not attempt even the feeblest effort to show newly-discovered evidence, manifest errors of law or fact, or manifest injustice to justify reconsideration. What he does attempt is to regurgitate prior arguments that this Court unequivocally rejected—a practice that is improper on reconsideration. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.") (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). The Court readily DENIES this Motion.

## III.    CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.  The Motion for Clarification [**ECF No. 269**] is **DENIED**.

2.  The Reconsideration Motion [**ECF No. 270**] is **DENIED**.

    **DONE AND ORDERED** in the Southern District of Florida on June 11, 2026.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**


cc:     counsel of record
        James Todd Wagner, *pro se*
        620 County Road 413 Unit #2
        Spicewood, TX 78669
        Email: j.todd.wagner@gmail.com

4