**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH**

**WARREN MOSLER**,

*Plaintiff*,

*v.*

**JAMES TODD WAGNER**,

*Defendant*.
______________________________/

**ORDER**

**THIS CAUSE** is before the Court on *pro se* Defendant James Todd Wagner's ("Defendant") "Notice of Physical and Financial Incapacity to Attend October 15, 2026 Pretrial Conference in Person, In Florida," which, in light of Defendant's *pro se* status, the Court will construe as a motion for leave to appear remotely (the "Motion") [ECF No. 304].

In the Motion, Defendant states, "due to the injuries suffered by the 80,000 pound tractor trailer compounded by the financial hardship of being unable to work since the incident will NOT be attending the October 15, 2026. This is not a response to the grotesque corruption that is evident in the Court, but rather strict inability to travel from Texas to Florida for this brief, perfunctory hearing." [*Id.* at 1]. He requests that the Court "[r]evise the [Scheduling Order] to allow Defendant to appear to the Pretrial Conference via telephone." [*Id.* at 2]. And he concludes with a bang: "In any case, Defendant will <u>not</u> be traveling to Florida for this 2pm EST October 15, 2026 conference." [*Id.* (emphasis in original)].

The Court makes clear in its Scheduling Order that "[m]otions to appear remotely shall be granted only in the most extraordinary circumstances." [ECF No. 278 at 2]. The Court does not find good cause in Defendant's submission to amend its Scheduling Order and allow for a remote pretrial

conference. *See Collazo v. United States*, 2015 WL 1138484, at *2 (M.D. Fla. Mar. 13, 2015) ("This Court requires personal attendance at mediation conferences because this Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically.").

**Defendant is warned that he may be subject to sanctions, including the entry of a default final judgment against him, if he fails to appear in-person at the upcoming pretrial conference or trial, continues to insult the Court, or disregards any order of this Court**. *See* Fed. R. Civ. P. 16(f)(C); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming sanctions against *pro se* litigant who ignored discovery order); *Franklin v. Bd. of Cty, Comm'rs of Osceola Cty.*, 2019 WL 359855, at *3 (M.D. Fla. Jan. 7, 2019), *report and recommendation adopted*, 2019 WL 354863 (M.D. Fla. Jan. 29, 2019) (sanctioning *pro se* litigant under Rule 16 for failing to coordinate and attend pretrial conference ordered by the court); *Walker v. Progressive Select Ins.*, 2022 WL 22946981, at *4 (N.D. Fla. Aug. 3, 2022) (sanctioning *pro se* litigant for failing to appear at mediation and sending threatening emails to opposing counsel).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion **[ECF No. 304]** is **DENIED**. Defendant must attend the October 15, 2026 Pretrial Conference in person.

**DONE AND ORDERED** in the Southern District of Florida on October 1, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record