**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH**

**WARREN MOSLER,**

*Plaintiff*,

*v.*

**JAMES TODD WAGNER,**

*Defendant*.
______________________________/

**SANCTIONS ORDER**

**THIS CAUSE** is before the Court *sua sponte*. Plaintiff Warren Mosler ("Mosler") filed this two-count defamation action on January 6, 2025. [ECF No. 1]. Over the course of this litigation, *pro se* Defendant James Todd Wagner ("Defendant") has disregarded court orders, insulted Plaintiff and his counsel; and claimed or insinuated that this Court and the Honorable United States Magistrate Judge Panayotta Augustin-Birch are corrupt. Yesterday, after being explicitly warned that failure to appear at the pretrial conference would result in sanctions, Defendant did not appear. Accordingly, pursuant to Rule 16(f) of the Federal Rules of Civil Procedure and the Court's inherent authority, the Court will impose sanctions on Defendant.

A brief recounting of Defendant's misconduct is in order. Much of his misconduct has, unfortunately, fallen on Judge Augustin-Birch. Her Honor refereed a protracted discovery period, during which Defendant submitted several motions and objections that clearly violated her discovery procedures [ECF No. 21]. [*E.g.*, ECF Nos. 52, 68-3, 71-1, 71-2, 74, 134, 135]. In overruling one such set of objections, Judge Augustin-Birch noted she had "on numerous instances talked with the parties to this case about the importance of following the Order and about the sanctions that may result from violating the Order." [ECF No. 86 at 2]. On the day of a hearing on one of Defendant's discovery

motions, Defendant called Judge Augustin-Birch's Chambers "to state that he would not be appearing." [ECF No. 128 at 1]. Judge Augustin-Birch held the hearing as planned and ruled against Defendant by default. [*Id.* at 2–3]. Defendant then filed objections to that order (and several others), in which he claimed that her Honor had "demonstrate[d] a pattern of bias" and "tilt[ed] the scales" against him. [ECF No. 161 at 5, 8].

Beyond insulting Judge Augustin-Birch and disobeying her orders, Defendant has consistently and baselessly accused Plaintiff's counsel of "intentionally deceiv[ing] the court," [ECF No. 79 at 2], and "fraud," [ECF No. 291 at 1]. He has also accused Plaintiff, Plaintiff's counsel, and a State Court Judge of heinous crimes and misconduct unrelated to the merits of this case, which the Court will not dignify by repeating here. [*E.g.*, ECF Nos. 91, 161, 182, 191, 261, 269, 291].

On May 20, 2026, the Court granted summary judgment on liability against Defendant. [ECF No. 268]. The case was set for a damages-only trial beginning November 30, 2026, with a pretrial conference on October 15, 2026. [*See* ECF No. 171]. Ahead of the pretrial conference, Defendant filed a "Notice of Physical and Financial Incapacity to Attend October 15, 2026 Pretrial Conference in Person, In Florida," where he stated he would "NOT be attending the October 15, 2026 [hearing]." [ECF No. 304 at 1]. He continued, "[t]his is not a response to the grotesque corruption that is evident in the Court, but rather strict inability to travel from Texas to Florida for this brief, perfunctory hearing. . . . In any case, Defendant will <u>not</u> be traveling to Florida for this 2pm EST October 15, 2026 conference." [*Id.* at 1–2 (emphasis in original)]. The Court construed Defendant's filing as a motion for leave to appear remotely, and denied it. [ECF No. 306 at 2]. The Court then warned Defendant as follows:

> **Defendant is warned that he may be subject to sanctions, including the entry of a default final judgment against him, if he fails to appear in-person at the upcoming pretrial conference or trial, continues to insult the Court, or disregards any order of this Court.**

[*Id.* (emphasis in original)].

The Court held the pretrial conference on October 15, 2026. [*See* ECF No. 307]. Defendant did not appear at the pretrial conference. When the conference began, the Court asked Plaintiff's counsel to call Defendant and ask whether he intended to appear. Plaintiff's counsel did so and told the Court that Defendant answered the phone and said he did not want to be "harassed"; then, when Plaintiff's counsel asked why he was not present in Court, Defendant hung up. The Court made rulings at the conference which are memorialized in this Order. To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

This Court has inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44–45 (1991). In addition, Rule 16(f) of the Federal Rules of Civil Procedure states that a court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Civil sanctions are "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Maus v. Ennish*, 513 F. App'x 872, 878 (11th Cir. 2013) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). And to be sure, a *pro se* litigant "is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming sanctions against *pro se* litigant who ignored discovery order); *see Walker v. Progressive Select Ins.*, 2022 WL 22946981, at *4 (N.D. Fla. Aug. 3, 2022) (sanctioning *pro se* litigant for failing to appear at mediation and sending threatening emails to opposing counsel).

After a colloquy with Plaintiff's counsel and pursuant to the express agreement of Plaintiff and his counsel during the pretrial conference, the Court will sanction Defendant as follows:

1. The jury trial now set for November 30, 2026, is cancelled.

2. On October 27, 2026, at 10:00 a.m., the Court will hold a bench trial on Plaintiff's damages claim. Defendant may not present any affirmative evidence or argument at the hearing. Defendant will be permitted to conduct a limited cross-examination of Plaintiff's witnesses. **Defendant is warned that he may be subject to civil or criminal contempt if he threatens, intimidates, or attempts to threaten or intimidate Plaintiff, Plaintiff's counsel, the Court, or any individual in advance of or during the hearing. Defendant is further warned that continued misconduct during the course of this litigation could result in the imposition of more severe civil sanctions, including but not limited to financial sanctions or an award of attorneys' fees to Plaintiff.**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant is sanctioned as follows:

1. The jury trial in this case set to begin on November 30, 2026, is hereby **CANCELLED**.
2. **THIS CASE** is set for a bench trial on damages on **October 27, 2026**, at **10:00 a.m.**
   a. Plaintiff shall be permitted to present evidence and argument in support of his damages claims.
   b. Defendant shall not be permitted to present any evidence or argument at the hearing. Defendant (if he appears in person) will be permitted to conduct a limited cross-examination of Plaintiff's witness(es) or evidence.
3. **No later than October 22, 2026**, Plaintiff shall submit a renewed witness list, a renewed exhibit list, and a detailed memorandum outlining the legal and factual basis for his damages claim. The memorandum shall identify the specific damages amount Plaintiff claims he is entitled to with citation to relevant case law.

**DONE AND ORDERED** in the Southern District of Florida on October 16, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record