**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60022-LEIBOWITZ/AUGUSTIN-BIRCH**

**WARREN MOSLER,**

*Plaintiff*,

*v.*

**JAMES TODD WAGNER,**

*Defendant*.
______________________________/

**ORDER DENYING MOTION FOR DISQUALIFICATION**

**THIS CAUSE** is before the Court upon *pro se* Defendant James Todd Wagner's "Motion for Disqualification of United States District Judge David S. Leibowitz Pursuant to 28 U.S.C. §§ 455(a), 455(b)(1) and, Alternatively, 144" (the "Motion") [ECF No. 315], filed October 26, 2026. The Court has considered the Motion, the pertinent portions of the record, the relevant authorities, and is otherwise fully advised. Upon due consideration, the Motion **[ECF No. 315]** is **DENIED**.

## I. BACKGROUND

Plaintiff Warren Mosler ("Mosler") filed this two-count defamation action against Defendant on January 6, 2025. [ECF No. 1]. On October 16, 2026, the Court sanctioned Defendant, noting that "[o]ver the course of the litigation, [Defendant] has disregarded court orders, insulted Plaintiff and his counsel[,] and claimed or insinuated that this Court and the Honorable United States Magistrate Judge Panayotta Augustin-Birch are corrupt." [ECF No. 309 at 1; *see id.* at 1–3 (detailing Defendant's conduct)]. Pursuant to its inherent authority and Rule 16(f) of the Federal Rules of Civil Procedure, the Court cancelled the jury trial set for November 30, 2026, and set a bench trial for October 27, 2026, during which Defendant is forbidden from presenting affirmative argument or evidence, but allowed to cross-examine Plaintiff's witnesses. [*Id.* at 3].

In the Motion, Defendant moves to disqualify this Court because "[a]n objective, fully informed lay observer, knowing all the relevant facts, would entertain significant doubt about Judge Leibowitz's impartiality." [ECF No. 315 at 1]. He continues, "Judge Leibowitz and [Plaintiff] are both members of the 'liberal Elite' . . . . This collegial nature between the Judge and Plaintiff makes the extensive string of against-the-law-and-logic rulings benefitting [Plaintiff] appear to be the result of bias. ***This pro se Defendant certainly fears the effects of judicial bias now that the Court has removed the constitutional protections afforded by an impartial jury***." [*Id.* at 2 (emphasis in original)].

## II. DISCUSSION

Two federal statutes govern judicial recusal: 28 U.S.C. § 455 (disqualification) and 28 U.S.C. § 144 (recusal). Allegations of bias under either § 455 or § 144 must be "personal as opposed to judicial in nature." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (citations omitted). Bias is personal if it "stem[s] from an extra-judicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Sims*, 845 F.2d 1564, 1570 (11th Cir. 1988) (quoting *Meester*, 762 F.2d at 884).

Defendant moves for disqualification under § 455 or, in the alternative, recusal under § 144. Both requests are denied.[1]

### A. Disqualification Is Not Required Under 28 U.S.C. § 455

Pursuant to § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned." 28 U.S.C. § 455(a) (emphasis added). Section 455(b) also requires recusal when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning

[1] Defendant's request that the Motion be reviewed by another judge is denied.

the proceeding." 28 U.S.C. § 455(b). Thus, a judge must recuse under § 455 only when "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). "[A]n actual demonstrated prejudice need not exist in order for a judge to recuse himself: disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Alabama*, 828 F.2d 1532, 1541 (11th Cir. 1987).

Although "any doubts must be resolved in favor of recusal . . . a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014). In fact, "unlike in the context of [28 U.S.C.] § 144, it is the facts, not the movant's allegations, that control the propriety of recusal" under Section 455. *Everson v. Liberty Mut. Assur. Co.*, No. 2008 WL 1766956, at *3 (N.D. Ga. Apr. 14, 2008) (citing *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)); *see also United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (similar).

Defendant's qualms with the Court boil down to dissatisfaction with two sets of adverse rulings against him.

First, he accuses Magistrate Judge Augustin-Birch of "extreme asymmetric discovery enforcement," claiming Plaintiff "was permitted unlimited objections and produced zero documents" while "Defendant was compelled to produce over 17,000 pages with virtually no objections allowed." [ECF No. 315 at 3]. Even if this were true, a Magistrate Judge's discovery orders are not a basis upon which a District Judge must disqualify himself. *See* 28 U.S.C. § 455(a)–(b). To be clear, though, Defendant grossly mischaracterizes discovery in this matter. As the Court explained in its sanctions order, Judge Augustin-Birch fielded a barrage of procedurally faulty discovery submissions from Defendant with characteristic patience and equanimity. [*See* ECF No. 309 at 1–2]. In overruling certain of Defendant's discovery objections, for instance, her Honor noted she had "on numerous

instances talked with the parties to this case about the importance of following the Order and about the sanctions that may result from violating the Order." [ECF No. 86 at 2]. As another example, on the day of a hearing on one of Defendant's discovery motions, Defendant called Judge Augustin-Birch's Chambers simply "to state that he would not be appearing." [ECF No. 128 at 1]. Judge Augustin-Birch held the hearing as planned and ruled against Defendant by default. [*Id.* at 2–3].

Second, Defendant complains about the Court's order denying his request to appear virtually at the pretrial conference, [ECF No. 306], and its subsequent sanctions order, [ECF No. 309]. Ahead of the pretrial conference, Defendant filed a "Notice of Physical and Financial Incapacity to Attend October 15, 2026 Pretrial Conference in Person, In Florida," where he stated he would "NOT be attending the October 15, 2026 [hearing]." [ECF No. 304 at 1]. He continued, "[t]his is not a response to the grotesque corruption that is evident in the Court, but rather strict inability to travel from Texas to Florida for this brief, perfunctory hearing. . . . In any case, Defendant will <u>not</u> be traveling to Florida for this 2pm EST October 15, 2026 conference." [*Id.* at 1–2 (emphasis in original)]. The Court construed Defendant's filing as a motion for leave to appear remotely, and denied it. [ECF No. 306 at 2]. The Court then warned Defendant as follows:

> **Defendant is warned that he may be subject to sanctions, including the entry of a default final judgment against him, if he fails to appear in-person at the upcoming pretrial conference or trial, continues to insult the Court, or disregards any order of this Court.**

[*Id.* (emphasis in original)]. Defendant did not appear at the pretrial conference. [ECF No. 309 at 3]. When the conference began, the Court asked Plaintiff's counsel to call Defendant and ask whether he intended to appear. [*Id.*]. Plaintiff's counsel told the Court that Defendant answered the phone, said he did not want to be "harassed," and, when Plaintiff's counsel asked why he was not present, hung up. [*Id.*]. The Court issued the sanctions order shortly thereafter. [*See id.*].

There is no basis on which a reasonable lay observer, "fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about [this Court's]

impartiality." *Patti*, 337 F.3d at 1321. Aside from outlandish allegations of a conspiracy against him—a drum he's been beating since the start of this litigation—Defendant complains only about the fact that rulings have come down against him. But it is well settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Put simply, no objective, reasonable lay observer would entertain a significant doubt about the Court's impartiality under these facts, so disqualification is not warranted under Section 455. *In re Moody*, 755 F.3d at 895; *Cerceda*, 188 F.3d at 1293.

**B. Recusal Is Not Required Under 28 U.S.C. § 144**

The federal recusal statute provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The analysis applicable under 28 U.S.C. § 455 is largely the same as that for § 144.[2] "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo*, 223 F.3d at 1333. All "[p]roperly pleaded facts in a § 144 affidavit must be considered as true." *Id.* If a litigant "submits a sufficient affidavit and certificate,

[2] One notable difference is that 28 U.S.C. § 455 does not require an affidavit or certificate of counsel. *See Youhoing v. Travelers Ins. Co.*, 2009 WL 10669453, at *1 (N.D. Ga. Nov. 10, 2009). However, while "§ 455 liberalized greatly the scope of disqualification in federal courts, and relieves litigants of the strict procedural predicates mandated by § 144, it does not invite recusal whenever it is requested by a party." *Everson*, 2008 WL 1766956, at *3 (internal citations omitted).

recusal is mandatory; the presiding judge may take no further action in the litigant's case." *Guthrie v. Wells Fargo Home Mortg. NA*, 2015 WL 1401660, at *1 (N.D. Ga. Mar. 26, 2015) (citing *Alabama*, 828 F.2d at 1540).

An affidavit filed under Section 144 is sufficient if:

1. The facts are material and stated with particularity;
2. The facts are such that, if true, they would convince a reasonable person that a bias exists[; and]
3. The facts show that the bias is personal, as opposed to judicial, in nature.

*Alabama*, at 1540. The statute's requirements of an affidavit and certificate of good faith are strictly enforced. *See Everson*, 2008 WL 1766956, at *1 (citing *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)) ("Because the statute is heavily weighed in favor of recusal, its requirements are to be strictly construed to prevent abuse.").

At the outset, Defendant's Motion fails under the procedural requirements of Section 144. The Motion lacks a certificate of counsel stating that it is submitted in good faith. *See* 28 U.S.C. § 144 (stating that affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith"). The absence of an affidavit and certificate of counsel is fatal to even a *pro se* litigant's recusal motion under § 144. *See United States v. Roberts*, 2013 WL 12291470, at *1 (N.D. Ga. Oct. 30, 2013) ("Roberts filed this motion for recusal *pro se*. As such, while he filed an affidavit with his motion for recusal alleging the undersigned's bias and prejudice, it was not and could not be accompanied by a certificate of counsel of record stating that it was made in good faith. This is an explicit requirement of Section 144; therefore, Roberts cannot rely on Section 144 for his motion for recusal."); *Klyman v. Delta Family-Care Sav. Plan*, 2005 WL 8155247, at *1 (N.D. Ga. Dec. 21, 2005) ("A disqualification affidavit [from a *pro se* party] unaccompanied by a certificate of good faith signed by counsel of record admitted to practice before the court is a legally insufficient affidavit and will not support a § 144 recusal motion.") (citing *Robinson v. Gregory*, 929 F. Supp. 334, 338 (S.D. Ind. 1996) (holding that *pro se*

defendant may not obtain disqualification of district judge under 28 U.S.C. § 1440); *Stone v. Bank of New York Mellon*, 2011 WL 13119459, at *2 (N.D. Ga. July 29, 2011) ("[T]he absence of such a certificate has proven fatal to even the § 144 motions of *pro se* litigants."); *Everson*, 2008 WL 1766956, at *2 (same). Accordingly, Defendant's failure to comply with Section 144's strict procedural requirements alone compels denial of the Motion. *See Guthrie*, 2015 WL 1401660, at *2 (citing *Sykes*, 7 F.3d at 1340).

Setting aside the procedural problems with the Motion, Defendant's challenge is also substantively insufficient under Section 144 for the same reasons it is insufficient under Section 455. Defendant's conclusory allegations that the Court is biased because it has issued decisions against him are not sufficient to warrant disqualification under § 144. *See Thomas v. Home Depot U.S.A., Inc.*, 792 F. App'x 722, 727 (11th Cir. 2019) (fact that trial judge ruled adversely to employment discrimination plaintiff, without more, was insufficient to demonstrate pervasive bias or prejudice mandating recusal of judge); *Rigaud v. Broward Gen. Med. Ctr.*, 404 F. App'x 372, 274 (11th Cir. 2010) (adverse rulings do not constitute bias); *United States v. Kelley*, 712 F.2d 884, 891 (1st Cir. 1983) (previous order of trial judge authorizing wiretap against defendant's attorney did not create reasonable doubt as to judge's impartiality towards defendant); *Hall v. City of Williamsburg*, 768 F. App'x 366, 373 (6th Cir. 2019) ("judicial rulings alone almost never constituted a valid basis for a bias or partiality motion"). Accordingly, recusal under Section 144 is not required or appropriate in this case.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion **[ECF No. 315]** is **DENIED.**

**DONE AND ORDERED** in the Southern District of Florida on October 27, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record